Thomas A. Egan (TE-0141)
Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York 10006
(212) 412-9500
(212) 964-9200 (Fax)
Attorneys for Defendant
Apollo Enterprise Solutions, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBT RESOLVE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APOLLO ENTERPRISE SOLUTIONS, LLC,<br><br>Defendant. | AFFIDAVIT OF JENNIFER A. TRUSSO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE<br><br>[F.R.C.P. 12(b)(2) and 12(b)(3)]<br><br>Civil Action No. 07-103 |

**AFFIDAVIT OF JENNIFER A. TRUSSO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

I, Jennifer A. Trusso, declare as follows:

I am a member of Stradling Yocca Carlson & Rauth, attorneys of record for Defendant Apollo Enterprise Solutions, LLC ("Apollo") in the above-entitled

-1-

action. I make this declaration in support of Apollo's Motion to Dismiss For Lack of Personal Jurisdiction and Improper Venue. I make this declaration of my personal knowledge and, if called and sworn as a witness, I could and would competently testify thereto.

1. Attached hereto as Exhibit A is a true and correct copy of the complaint filed by Apollo in the United States District Court, Central District of California.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 13, 2007 at Irvine, California.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　Jennifer A. Trusso

# Exhibit A

1  JAN P. WEIR, STATE BAR NO. 106652
2  STEVEN M. HANLE, STATE BAR NO. 168876
   JENNIFER A. TRUSSO, STATE BAR NO. 198579
3  STRADLING YOCCA CARLSON & RAUTH
   A Professional Corporation
4  660 Newport Center Drive, Suite 1600
   Newport Beach, CA 92660-6422
5  Telephone: (949) 725-4000
   Fax: (949) 725-4100
6  jweir@sycr.com
   shanle@sycr.com
7  jtrusso@sycr.com

8  Attorneys For Plaintiff
9  APOLLO ENTERPRISE SOLUTIONS, LLC

FILED
2007 JAN 29 AM 10:05
DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOLLO ENTERPRISE SOLUTIONS, LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEBT RESOLVE, INC., a Delaware corporation,<br><br>Defendant. | Civil Case No.<br><br>SACV07-106 AHS (JTLx)<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY AND NON-INFRINGEMENT** |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

COMPLAINT FOR DECLARATORY JUDGMENT

DOCSOC/1207691v1/019999-0000

For its Complaint, Plaintiff Apollo Enterprise Solutions, LLC ("Apollo") alleges against Defendant Debt Resolve, Inc. ("Debt Resolve") as follows:

## JURISDICTION AND VENUE

1. This civil action is for a declaratory judgment that Apollo does not infringe U.S. Patent Nos. 6,330,551 ('551 patent) and 6,954,741 ('741 patent), assigned to Debt Resolve. A case or controversy exists because, on January 8, 2007, Debt Resolve filed a complaint against Apollo in United States District Court, District of New Jersey, for patent infringement of the '551 patent and the '741 patent. However, Apollo has no contacts of any kind with the District of New Jersey and will be seeking a dismissal or transfer of such action for lack of personal jurisdiction and improper venue.

2. This Court has jurisdiction over the subject matter of this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202; the United States Patent Laws, 35 U.S.C. §§ 1 et seq.; and 28 U.S.C. §§ 1331 and 1338.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and (c) in that, Apollo and, on information and belief, Debt Resolve do business in this district, and a substantial part of the events giving rise to the claims hereunder occurred in this district.

4. On information and belief, Debt Resolve conducts business in the State of California, including in this judicial district, and has alleged patent infringement in this judicial district.

-1-

COMPLAINT FOR DECLARATORY JUDGMENT

## THE PARTIES

5. Plaintiff Apollo is organized under the laws of the State of Delaware, with its principal place of business at 2111 Business Center Drive, Suite 204, Irvine, CA. Apollo is engaged in the development and marketing of automated receivables management and debt collection solutions.

6. On information and belief, Defendant Debt Resolve is a corporation organized under the laws of the State of New York, with its principal place of business at 707 Westchester Avenue, Suite L-7, White Plains, New York.

7. On information and belief, Debt Resolve is engaged in the marketing, advertising, selling, and distribution of on-line collection of consumer debt products.

## FIRST CLAIM FOR RELIEF
(Patent Invalidity and/or Non-Infringement of the '551 Patent)

8. Apollo incorporates by reference, as part of this cause of action, the allegations contained in paragraphs 1 through 7 above.

9. Apollo has not infringed, is not infringing, and has not contributed to or induced others to infringe any valid claim of the '551 patent as properly construed.

10. Upon information and belief, the claims of the '551 patent are invalid for failure to meet one or more of the requirements of patentability of United States Code, Title 35, including, without limitation, those requirements set forth in 35

-2-

COMPLAINT FOR DECLARATORY JUDGMENT

1 U.S.C. §§ 101, 102, 103 and/or 112, and the rules, regulations and laws pertaining
2 thereto.

4   11. Apollo is entitled to an order from the Court that it is not and has
never directly infringed the '551 patent, and is not and has never contributed to or
induced infringement of any valid claim of the '551 patent as properly construed.
Apollo is also entitled to an order from the Court that some or all of the claims of
the '551 patent are invalid or otherwise unenforceable.

## SECOND CLAIM FOR RELIEF
(Patent Invalidity and/or Non-Infringement of the '741 Patent)

12. Apollo incorporates by reference, as part of this cause of action, the allegations contained in paragraphs 1 through 7 above.

13. Apollo has not infringed, is not infringing, and has not contributed to or induced others to infringe any valid claim of the '741 patent as properly construed.

14. Upon information and belief, the claims of the '741 patent are invalid for failure to meet one or more of the requirements of patentability of United States Code, Title 35, including, without limitation, those requirements set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112, and the rules, regulations and laws pertaining thereto.

15. Apollo is entitled to an order from the Court that is not and has never directly infringed the '741 patent, and it is not and has never contributed to or induced infringement of any valid claim of the '741 patent as properly construed.

-3-

COMPLAINT FOR DECLARATORY JUDGMENT

1  Apollo is also entitled to an order from the Court that some or all of the claims of
2  the '741 patent are invalid or otherwise unenforceable.
3
4                                    **PRAYER**
5
6      WHEREFORE, Plaintiff Apollo prays for and requests:
7
8      1.   An order from the Court that Apollo is not and has never directly
9  infringed the '551 patent, and is not and has never contributed to or induced
10 infringement of any valid claim of the '551 patent as properly construed.
11
12     2.   An order from the Court that some or all of the claims of the '551
13 patent are invalid or otherwise unenforceable.
14
15     3.   An order from the Court that Apollo is not and has never directly
16 infringed the '741 patent, and is not and has never contributed to or induced
17 infringement of any valid claim of the '741 patent as properly construed.
18
19     4.   An order from the Court that some or all of the claims of the '741
20 patent are invalid or otherwise unenforceable.
21
22     5.   An award to Apollo of its costs and attorneys' fees in this action.
23
24     6.   All other relief as this Court deems just and proper.
25
26
27
28

| | | |
|---|---|---|
| 1 | Dated: January 26, 2007 | STRADLING YOCCA CARLSON & RAUTH |
| 2 | | A Professional Corporation |

By: _____
Jan P. Weir
Steven M. Hanle
Jennifer A. Trusso
Attorneys for Plaintiff
Apollo Enterprise Solutions, LLC

-5-

COMPLAINT FOR DECLARATORY JUDGMENT