Thomas A. Egan (TE-0141)
Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York 10006
(212) 412-9500
(212) 964-9200 (Fax)
Attorneys for Defendant
Apollo Enterprise Solutions, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBT RESOLVE, INC.<br><br>Plaintiff,<br><br>v.<br><br>APOLLO ENTERPRISE SOLUTIONS, INC.<br><br>Defendant. | DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE<br><br>[F.R.C.P. 12(b)(2) and 12(b)(3)]<br><br>Civil Action No. 07-103 |

MEMORANDUM OF LAW

IN SUPPORT OF MOTION TO DISMISS

I. **INTRODUCTION**

Apollo Enterprise Solutions, Inc. moves the Court to dismiss this action for lack of personal jurisdiction and improper venue. Apollo has no substantial, systematic or continuous contacts with New Jersey to establish personal jurisdiction, and Debt Resolve's patent infringement claims do not arise out of any

-1-

contacts with New Jersey. Further, Apollo has not engaged in purposeful acts that would render its involuntary presence in New Jersey courts foreseeable.

Because Apollo wanted to avoid delay while contesting jurisdiction in New Jersey, Apollo filed a declaratory relief action in the Central District of California shortly after being served with the complaint in this action. (Trusso Decl., Ex. A.) Apollo's declaratory relief action seeks a determination of non-infringement and invalidity of the patents at suit in this matter. Litigation of this matter should proceed in that forum where jurisdiction over Apollo is proper and not disputed. Accordingly, this Court should dismiss this action against Apollo, in its entirety, under Rule 12(b)(2) and (3) of the Federal Rules of Civil Procedure, and allow the parties' dispute to be litigated in California.

## II. STATEMENT OF FACTS

Apollo provides enterprise-class, hosted solutions to primary creditors, collection agencies, debt buyers and legal recovery firms for Debtor Self-Payment and Self-Settlement (often referred to as Apollo's IDS system). Chris Imrey Affidavit, ("Imrey Aff."), ¶ 2. Specifically, Apollo's IDS system lets financial services firms offer borrowers online debt-settlement options that reflect their current credit status. Id. The Apollo IDS system allows its customers to offer debtors an unlimited number of settlement options based on account status, accrued interest, last payment, and other criteria set by the creditor. Id. Apollo's customer is the creditor not the debtor. Id.

Apollo is incorporated under the laws of Delaware, but its principal place of business is in Irvine, California. Imrey Aff. ¶ 3. Apollo does not maintain offices, facilities, local telephone listings, or bank accounts in New Jersey, and does not own or lease any real property or employ any persons in New Jersey. Apollo is not currently, nor has it ever been, qualified, authorized, or otherwise chartered, licensed or registered to conduct or do business in New Jersey. Id. Apollo has

never designated anyone in New Jersey to accept legal service of process on its behalf. Imrey Aff., ¶ 4.

Apollo does not direct any of its advertising at New Jersey residents for any of its products or services, including its IDS system. Apollo has never sold the allegedly infringing IDS system to any New Jersey company or resident. Imrey Aff., ¶ 5.

### III. BACKGROUND

Debt Resolve filed this action against Apollo alleging infringement of U.S. Patent Nos. 6,330,551 ("the '551 patent") and 6,954,741 ("the '741 patent"), both entitled Computerized Dispute Resolution System and Method. (Compl. ¶ 6.)[1] Debt Resolve contends it has exclusive rights under both patents with respect to web-based consumer debt collections. (Id.) Debt Resolve contends that Apollo's online method of dispute resolution, based on rules defined by the creditor, infringes the Debt Resolve patents. (Compl. ¶ 9.) Debt Resolve's complaint seeks a permanent injunction, damages, and attorney's fees and costs. (Compl., p. 4.)

### IV. LEGAL ARGUMENT

Debt Resolve has neither pleaded nor alleged specific facts relating to jurisdiction over Apollo in New Jersey. Instead, Debt Resolve has based its assertion of jurisdiction solely on the basis of the conclusionary statement that Apollo "solicits business nationwide, including in New Jersey, and conducts online transactions with debtors and creditors in various states, including New Jersey." (Compl. ¶ 7.) In fact, Apollo does not maintain the substantial or material contacts

---

[1] For the Court's reference, attached hereto as Exhibit A is a copy of Debt Resolve's complaint.

necessary to constitute doing business in New Jersey and thus jurisdiction over Apollo does not exist in this forum.

### A. The Complaint Should be Dismissed Because This Court Lacks Personal Jurisdiction over Apollo

#### 1. Debt Resolve Has the Jurisdictional Burden of Proof

Federal Circuit law regarding personal jurisdiction applies to this patent infringement action. *3D Sys. v. Aarotech Lab.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998) citing *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564-65 (Fed. Cir. 1994). The Federal Circuit defers to the interpretation of a state's long-arm statute given by that state's highest court. *Id.* citing *Graphic Controls Corp. v. Utah Med. Prods.*, 149 F.3d 1382, 1386 (Fed. Cir. 1998) ("However, in interpreting the meaning of state long-arm statutes, we elect to defer to the interpretations of the relevant state and federal courts.")

The determination of whether personal jurisdiction exists here requires a two step inquiry. First, since there is no provision within the patent laws authorizing nationwide service of process, the Court must look to whether New Jersey's Long Arm Statute, R. 4:4-4, confers jurisdiction. *Pennzoil Products Co. v. Colelli & Assoc.*, 149 F.3d 197, 200 (3d Cir. 1998). Next, the Court must determine whether exercising personal jurisdiction would violate federal due process. *Id.* In New Jersey, this inquiry is combined into a single step because the state's Long Arm Statute permits the exercise of personal jurisdiction to the fullest limits of due process permitted by the Fourteenth Amendment. *See De James v. Magnificence Carriers, Inc.*, 654 F.2d 280, 284 (3d Cir.), *cert. denied*, 454 U.S. 1085 (1981).

To allow personal jurisdiction, a non-resident defendant must have minimum contacts with the forum state, and the nexus between the forum state and the non-resident defendant must be such "that the maintenance of the suit does not

offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also Blakey v. Continental Airlines*, 164 N.J. 38, 48 (2000).

Once a party raises the defense of lack of personal jurisdiction, the burden is on the Plaintiff to show the Defendant has purposely directed its activities toward the residence of the forum state or otherwise "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The Plaintiff must come forward with facts sufficient to establish by a preponderance of the evidence that the District Court has personal jurisdiction over the Defendant. *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001); *see also Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 65 (3d Cir. 1984).

In short, Debt Resolve bears the burden of establishing facts sufficient to maintain the prima facie showing of personal jurisdiction. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001); *see also Provident National Bank v. California Federal Savings & Loan Association*, 819 F.2d 434, 437 (3d Cir. 1987). To satisfy this burden, Debt Resolve must present facts which "establish with reasonable particularity" that this Court may exercise personal jurisdiction over Apollo. *Commissariat a l'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005); *see also Provident National Bank*, 819 F.2d at 437.

2. **The Assertion of Jurisdiction over Apollo is Not Authorized Under New Jersey's Long Arm Statute**

   (a) **General and Specific Jurisdiction**

There are two types of personal jurisdiction - general and specific. General jurisdiction applies when the defendant has such a continuous presence in the forum and has received such substantial benefits and protection from the state that the state may adjudicate claims against it irrespective of whether defendant's connections with the state are related to the subject of this suit. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9 (1984); *see also Waste Management, Inc. v. Admiral Insurance Co.*, 138 N.J. 106, 119 (1994). If the contacts are "isolated, random, and attenuated," general jurisdiction will not lie. *Ibelli v. Maloof*, 257 N.J. Super. 324, 328 (N.J. Super. Ct. 1992).

By contrast, specific jurisdiction is invoked when the defendant is alleged to have done some act in the state that is directly linked to the cause of action in the litigation. *Id.*

   (b) **Specific Jurisdiction does not exist over Apollo**

The Federal Circuit has outlined a three-prong minimum contacts test for determining if specific jurisdiction exists: (1) whether the defendant purposefully directed its activities at residents of the forum, (2) whether the claim arises out of or relates to those activities, and (3) whether assertion of personal jurisdiction is reasonable and fair. See *Inamed Corp.*, 249 F.3d at 1360 *citing Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995); *see also Burger King*, 471 U.S. at 475 (*quoting Hanson v. Denckla*, 357 U.S. 235, 253 (1958)) ("[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."). "The first two factors correspond to the 'minimum

contacts' prong of the *International Shoe* analysis, and the third factor corresponds with the 'fair play and substantial justice' prong." *Id. citing Akro*, 45 F.3d at 1545. Debt Resolve cannot satisfy this three-prong test.

This Court does not have specific jurisdiction over Apollo because the claims against Apollo are not related to any alleged contacts with New Jersey. Apollo is not using, offering for sale, or selling its alleged infringing IDS system in New Jersey. Despite Debt Resolve's contentions to the contrary, Apollo is not soliciting business in New Jersey and has no customers in New Jersey. Imrey Aff., ¶ 5.

Debt Resolve also contends that jurisdiction exists in this forum because Apollo "conducts online transactions with debtors and creditors in various states, including New Jersey." This allegation is misleading in that Apollo does not "conduct" transactions with debtors or creditors at all, but rather hosts a software application, outside of New Jersey, which may be accessed by debtors and creditors to conduct transactions with each other. As set forth above, none of those debtors – Apollo's customers – are located in New Jersey. Moreover, any such access by a New Jersey debtor – Apollo's customer's customer – would not be sufficient to exercise personal jurisdiction over Apollo. The maintenance of a website accessible to anyone does not indicate purposeful direction of activity to the forum state sufficient to confer personal jurisdiction.. See *Aarotech*, 160 F.3d 1373. As established in the Imrey Affidavit, Apollo has never advertised or otherwise invited a New Jersey debtor to use its system. A debtor's viewing or use of Apollo's IDS system at the invitation of one of Apollo's customers does not subject Apollo to the jurisdiction of this Court and is not "purposeful direction of activity" to New Jersey. See *Aarotech*, 160 F.3d at 1380 citing *Cybersell v. Cybersell, Inc.*, 130 F.3d 414, 419-20 (9th Cir. 1997). Although Apollo maintains

a website viewable in New Jersey – or anywhere else, for that matter -- Apollo did not purposefully direct any activities at New Jersey residents.

Debt Resolve also bases its claim of jurisdiction on the theory of induced or contributory infringement. However, a New Jersey debtor's possible use of Apollo's IDS system on a non-forum server also fails to support exercising personal jurisdiction over Apollo. Rather, "cases finding specific jurisdiction for inducement have turned on whether the <u>defendants</u> purposefully directed activities at the forum state or its residents." *Thomas v. Centennial Communs. Corp.*, 2006 U.S. Dist. LEXIS 92555 (W.D.N.C. Dec. 19, 2006) (emphasis added); *Sitrick v. Freehand Sys., No. 02-1568*, 2004 U.S. Dist. LEXIS 19397, 2004 WL 2191491 (N.D. Ill. Sept. 27, 2004) (*citing Beverly Hills Fan*, 21 F.3d at 1566-68). In the instant case, Apollo did not purposefully direct any activities at residents of New Jersey or the New Jersey market. Furthermore, any alleged act of inducement was no more directed to New Jersey than to any other state from which the accused system could be accessed over the internet. See *Sitrick*, 2004 U.S. Dist. LEXIS 19397, at *4.

The contacts of Apollo's customers with New Jersey, if any, cannot be construed as Apollo's purposeful direction of activities at New Jersey. See *Aarotech*, 160 F.3d at 1380. Simply having a contract with a company that has contacts with a state is not an attempt by Apollo to solicit business in New Jersey or benefit from the New Jersey market. *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998) ("Red Wing's flawed theory would subject a defendant to nationwide personal jurisdiction if it decides to do business with a company that does business nationwide...[D]oing business with a company that does business in Minnesota is not the same as doing business in Minnesota."). Nor is Apollo subject to personal jurisdiction based on the mere foreseeability that third-parties may use its products in New Jersey. *World-Wide*

*Volkswagen Corp. v. Woodson*, 444 U.S. 286, 296-98 (1980) ("[A] defendant must purposefully avail itself of the privilege of conducting activities within the forum").

Since Apollo directed no activity toward the residents of New Jersey; personal jurisdiction over Apollo for the claims at issue is not proper in New Jersey.

### (c) General Jurisdiction Does Not Exist Over Apollo and the Assertion of Jurisdiction over Apollo Would Violate the Due Process Clause of the U.S. Constitution

The United States Supreme Court has held that to maintain general jurisdiction over a foreign defendant, the facts must establish "continuous and systematic general business contacts" with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *see also Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 541 (3d Cir. 1985), *aff'd*, 891 F.2d 277 (1989)(to assert general jurisdiction over a non-resident defendant, plaintiff must show more than mere minimum contacts and must establish that the contacts with New Jersey are "continuous and substantial"). A non-resident defendants' conduct and connection with the forum state must be such that the party "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The plaintiff must adduce "extensive and persuasive" facts indicating that the defendant has maintained continuous and substantial forum affiliations. *D'Onofrio v. Mattino*, 430 F. Supp. 2d 431, 440 (E.D. Pa. 2006) *citing Metallic Ceramic Coatings, Inc. v. Precision Prods., Inc.*, 2001 U.S. Dist. LEXIS 1224, 2001 WL 122227, at *2 (E.D. Pa. Feb. 13, 2001).

To find jurisdiction, the Court must be satisfied that "an action of the defendant [is] purposefully directed toward the forum state." *Asahi Metal Indus. v. Superior Court of California*, 480 U.S. 102, 112 (1987). On only one occasion has the United States Supreme Court found that the exercise of general jurisdiction over a non-resident defendant was within the constitutional limits. *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952). In *Perkins*, the defendant corporation maintained an office in the forum state; kept files in the forum state; maintained bank accounts in the forum state containing substantial amounts of company funds; drew checks in the forum state to pay salaries of employees who work there; and used a forum state bank as transfer agent of the corporation stock. *See id.* at 447-48. The Supreme Court found these facts sufficient to warrant the exercise of general jurisdiction consistent with the Due Process Clause, even though the corporation's mining properties were not located in the forum state.

Here, Apollo's has no direct contacts with New Jersey. Apollo (1) does not regularly transact or solicit business in New Jersey; (2) has no office or agents in this state; (3) is not licensed to do business in New Jersey; (4) has never manufactured, sold, specifically marketed, or directly distributed anything in New Jersey; (5) has never leased or owned any real property in New Jersey; and (6) has never had a New Jersey bank account, mailing address or telephone number. Imrey Aff. ¶ 2-5. Apollo's doing business with customers who do business nationally is <u>not</u> systematic or continuous contact <u>by Apollo</u> with New Jersey such that general jurisdiction could be asserted. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984).

Furthermore, the exercise of personal jurisdiction over Apollo would not comport with "fair play and substantial justice." Apollo is a small company with few employees. Litigating this matter in New Jersey would impose substantial burdens upon Apollo and would cause significant disruption of its operations.

Imrey Aff., ¶ 6. Apollo's contacts with New Jersey are insufficient to satisfy the high standard required for an assertion of general or specific jurisdiction.

In sum, this case should proceed in California where Apollo has already filed a declaratory relief action on the same issues before this Court and personal jurisdiction over Apollo is proper.

### B. The Complaint Should be Dismissed Because Venue is Not Proper in this Judicial District

Plaintiff asserts that venue in this district is proper under 28 U.S.C. Sections 1391(b)[2] (c) and 1400(b). Compl. ¶ 6. Sections 1400(b) determines venue in civil actions for patent infringement and provides in pertinent part that the action "may be brought in the judicial district where the defendant resides."[3] The residence of a corporate defendant is determined by 28 U.S.C. § 1391(c), which provides that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Accordingly, in order for venue to be proper in this district, Apollo must be subject to personal jurisdiction in this district at the time the complaint was filed.

As previously discussed, personal jurisdiction does not exist over Apollo in New Jersey. Apollo does not have sufficient contacts with New Jersey for the Long Arm Statute to reach this defendant, and the exercise of jurisdiction over

---

[2] Although Debt Resolve relies on 1391(b), there are absolutely no factual allegations that support venue on this basis (i.e., that (1) Apollo resides in New Jersey, (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in New Jersey, or (3) "a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.")

[3] According to 28 U.S.C. § 1400(b), venue is also appropriate where "the defendant has committed acts of infringement and has a regular and established place of business"; however, this provision is inapplicable in the present case.

Apollo is inconsistent with the Due Process Clause of the Fourteenth Amendment. Therefore, Debt Resolve's complaint should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue.

## V. CONCLUSION

For the foregoing reasons, Apollo respectfully requests that this Court grant its motion in its entirety and dismiss this action against it for lack of personal jurisdiction and/or for improper venue.

Respectfully submitted,

Dated: February 13, 2007        STRADLING YOCCA CARLSON & RAUTH

Jan P. Weir
Steven M. Hanle
Jennifer A. Trusso
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6441
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

*Local Counsel:*
Thomas A. Egan (TE-0141)
Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York 10006
(212) 412-9500
(212) 964-9200 (Fax)
*Attorneys for Defendant*
*Apollo Enterprise Solutions, Inc..*

# Exhibit A

Ian S. Marx, Esq. (IM 1704)
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey
(973) 360-7900
(973) 301-8410 (Fax)

*Attorneys for Plaintiff*
*Debt Resolve, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBT RESOLVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> APOLLO ENTERPRISE SOLUTIONS, LLC, <br><br> Defendant. | Civil Action No. 07-103 |

## COMPLAINT

1. Plaintiff, Debt Resolve, Inc. ("Debt Resolve") for its Complaint herein, alleges, on information and belief, as follows:

## JURISDICTION AND VENUE

2. This Complaint is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 and §§ 281-285. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1338(a). Venue is proper in this judicial district based on 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## THE PARTIES

3. Plaintiff Debt Resolve is a Delaware corporation with its principal place of business at 707 Westchester Avenue, Suite L-7, White Plains, New York 10604.

4. Defendant Apollo Enterprise Solutions, LLC ("Apollo"), is a Delaware corporation with its principal place of business at 2111 Business Center Drive, Suite 204, Irvine, California 92612.

## FACTS GIVING RISE TO THE COMPLAINT

5. Debt Resolve, an AMEX listed company, is the leader in online debt collection, providing lenders, collection agencies, debt buyers and any holder of consumer accounts receivables a patented online bidding platform and a suite of tools for the resolution and settlement of consumer debt. The platform, which can be used at all stages of collection and recovery, gives companies a way to effectively collect more delinquent consumer debt and contact customers who would otherwise avoid other communication channels, while maintaining positive relationships with their customers. Hundreds of thousands of new accounts have been entered into this platform since it was implemented in 2004. Debt Resolve's commercial system allows debtors to make offers that they can pay which are then compared in an automated fashion by Debt Resolve's computer system against a floor number or algorithm that the client places into Debt Resolve's online system. Debt Resolve's patented method both substantially reduces the cost of debt collection and allows users to collect more money than expected on a given portfolio of debt.

6. Debt Resolve has exclusive rights under certain patents with respect to the settlement of consumer debt, including United States Patent No. 6,330,551 (the "'551

2

patent"), entitled Computerized Dispute Resolution System and Method (a copy of which is Exhibit A hereto, including a Certificate of Correction dated November 12, 2002), and United States Patent No. 6,954,741 (the "'741 patent"), entitled Computerized Dispute Resolution System and Method (a copy of which is attached hereto as Exhibit B). The '551 patent has recently been successfully asserted by Cybersettle, Inc., which has exclusive rights thereunder relating to insurance disputes, in *Cybersettle, Inc. v. National Arbitration Forum, Inc.*, D.N.J., Case No. 3:04-C.V.-04744 (MLC).

7. Apollo is a competitor of Debt Resolve with respect to the online collection of consumer debt. Apollo describes itself as providing a web-hosted solution for industries involved in receivables management and debt collections. Apollo solicits business nationwide, including in New Jersey, and conducts online transactions with debtors and creditors in various states, including New Jersey.

8. Apollo calls its system Intelligent Debt Solutions for Debtor Self-Settlement ("IDS"). According to Apollo's website, www.apolloenterprise.com, the IDS is a "web-based collections and recovery platform" that presents "the debtor with multiple payment or settlement offers with flexible payment terms in a non-threatening, online environment." More specifically, Apollo's IDS allows a debtor either to accept an online offer made based on rules set up by the creditor or "to negotiate a settlement in real-time that may be decisioned using the system" based on creditor-defined rules.

9. Apollo's IDS directly or contributorily infringes one or more claims of the '551 patent, including but not limited to claims 1, 2, 3, 6 and 27, and/or the '741 patent, including but not limited to claims 42 and 51, and/or induces infringement of one or more claims of the '551 patent and/or the '741 patent.

10. The infringement of the '551 patent and the '741 patent by Apollo has deprived and will deprive Debt Resolve of sales, profits and royalties which Debt Resolve would have made or will enjoy in the future and has in other respects irreparably injured or, if not enjoined, will irreparably harm Debt Resolve and will cause Debt Resolve added injury and damage, including loss of profits and royalties in the future unless Apollo is enjoined from infringing the '551 patent and the '741 patent.

### PRAYER FOR RELIEF

WHEREFORE, Debt Resolve prays that this Court enter a judgment and order that:

(A) Apollo's IDS infringes the asserted claims of the '551 patent and/or the '741 patent;

(B) Apollo's infringement is willful;

(C) Apollo and its officers, agents, servants, representatives, employees and all others in concert or participation with them, directly or indirectly, be permanently enjoined from infringing, inducing others to infringe, or contributing to the infringement of the '551 patent and/or the '741 patent pursuant to 35 U.S.C. § 283.

(D) Debt Resolve be awarded damages adequate to compensate it for Apollo's infringement of the '551 patent and/or the '741 patent together with pre-judgment and post-judgment interest;

(E) These damages be trebled pursuant to 35 U.S.C. § 284;

(F) Debt Resolve be awarded its costs and reasonable attorneys' fees and expenses in accordance with 35 U.S.C. § 285; and

4

(G) Debt Resolve be awarded such other and further relief as the circumstances of this case may require and as this Court may deem just and proper.

Dated: January 8, 2007

Respectfully submitted,

/s/
Ian S. Marx, Esq. (IM 1704)
GREENBERG TRAURIG LLP
200 Park Avenue
Florham Park, New Jersey
*Attorneys for Plaintiff*
*Debt Resolve, Inc.*

Of Counsel:

Albert L. Jacobs, Jr.
Daniel A. Ladow
GREENBERG TRAURIG LLP
Met Life Building
200 Park Avenue
New York, New York 10166
(212) 801-9200