UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| DEBT RESOLVE, INC., | : | CIVIL ACTION NO. 07-103 (MLC) |
| | : | |
| Plaintiff, | : | **ORDER & ORDER TO SHOW CAUSE** |
| | : | |
| v. | : | |
| | : | |
| APOLLO ENTERPRISE SOLUTIONS, LLC, | : | |
| | : | |
| Defendant. | : | |

**THE PLAINTIFF**, Debt Resolve, Inc. ("DRI"), bringing this action against the defendant, Apollo Enterprise Solutions, LLC ("AES"), inter alia, to recover damages for infringement of United States Patent No. 6,330,551 ("'551 patent") (Compl.); and it appearing that DRI is a Delaware corporation with its principal place of business in White Plains, New York (id. at 2); and it appearing that AES is a Delaware limited liability company based in Irvine, California (id.);[1] and DRI asserting that venue is

---

[1] DRI alleges that AES is a corporation. (Compl., at 2.) According to Westlaw's Corporate Records library, AES is a limited liability company. Limited liability companies are (1) unincorporated associations, and (2) deemed citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business. Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); Kalian at Poconos v. Saw Creek Ests. Cmty. Ass'n, 275 F.Supp.2d 578, 586 (M.D. Pa. 2003). Also, each membership layer of a limited liability company must be analyzed to determine its citizenship. Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003) (concerning member that was itself a limited liability company); Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003) (stating citizenship of unincorporated association to be traced through each layer).

proper here because (1) AES solicits and conducts business in New Jersey, and (2) the "'551 patent has recently been successfully asserted by Cybersettle, Inc., which has exclusive rights thereunder relating to insurance disputes, in <u>Cybersettle, Inc. v. National Arbitration Forum, Inc.</u>, D.N.J., Case No. [04-4774] (MLC)" (<u>id.</u> at 3); and

**AES NOW MOVING** to dismiss the complaint for either (1) lack of personal jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(2), or (2) improper venue under Rule 12(b)(3) (dkt. entry nos. 5 & 6); and AES thus objecting to venue, thereby authorizing the Court to address the issue of venue <u>sua sponte</u>, see <u>White v. ABCO Eng'g Corp.</u>, 199 F.3d 140, 144 (3d Cir. 1999), <u>Sinwell v. Shapp</u>, 536 F.2d 15, 19 (3d Cir. 1976); and

**IT APPEARING** that the Court has broad discretion under 28 U.S.C. § ("Section") 1404 to consider a transfer of venue to a district where an action might have been more properly brought, see <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 875, 877, 883 (3d Cir. 1995); and it appearing that this action could have been more properly brought in the United States District Court for the District of Delaware, the Southern District of New York, or the Central District of California, as (1) both parties are organized under the laws of Delaware, (2) DRI has its principal place of business in White Plains, which is encompassed by the Southern District of New York, and thus experienced the alleged injuries

there, and (3) AES has its office in Irvine, which is encompassed by the Central District of California, and thus engaged in the alleged conduct at issue there; and AES having already asserted that it (1) commenced its own action against DRI in the Central District of California within three weeks of being served in this action, (2) neither conducts nor solicits business in New Jersey, and (3) has only four officers, all of whom work in California (see dkt. entry no. 6, Trusso Aff., Ex. A; Imrey Aff., at 2; AES Mem. of Law, at 2-3, 10-11);[2] and

**THE COURT** thus intending to (1) hold AES's pending motion in abeyance, and (2) order the parties to show cause now why this action should not be transferred under Section 1404 to the District of Delaware, the Southern District of New York, or the Central District of California; and the Court advising the parties that AES is not conceding that this Court has jurisdiction by responding to this order to show cause; and for good cause appearing;

---

[2] The convenience of counsel is not a consideration for venue. Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973).

**IT IS THEREFORE** on this 16th day of February, 2007 **ORDERED** that the defendant's motion (dkt. entry nos. 5 & 6) is **HELD IN ABEYANCE;** and

**IT IS FURTHER ORDERED** that the parties shall **SHOW CAUSE** now why the action should not be transferred to the United States District Court for the District of Delaware, the Southern District of New York, or the Central District of California; and

**IT IS FURTHER ORDERED** that the parties must file responses with the Court electronically by 5 P.M. on the following dates:

> February 28, 2007    Defendant's response
>
> March 8, 2007       Plaintiff's response
>
> March 16, 2007      Defendant's reply
>
> March 23, 2007      Plaintiff's reply;[3] and

**IT IS FURTHER ORDERED** that this order to show cause will be decided on **MONDAY, MARCH 26, 2007,** or soon thereafter, without oral argument pursuant to Federal Rule of Civil Procedure 78, unless the parties are notified otherwise by the Court.

>                s/ Mary L. Cooper
> **MARY L. COOPER**
> United States District Judge

---

[3] The Court will disregard responses that are not filed electronically. See http://pacer.njd.uscourts.gov (under "Electronic Filing Info.").

4