Thomas A. Egan (TE-0141)
Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York 10006
(212) 412-9500
(212) 964-9200 (Fax)
Attorneys for Defendant
Apollo Enterprise Solutions, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBT RESOLVE, INC. <br><br> Plaintiff, <br><br> v. <br><br> APOLLO ENTERPRISE SOLUTIONS, LLC, <br><br> Defendant. | RESPONSE TO ORDER TO SHOW CAUSE RE: TRANSFER <br><br> Civil Action No. 07-103 |

Apollo Enterprise Solutions, LLC ("Apollo") responds as follows to the Court's Order to Show Cause filed February 16, 2007.

As set forth in the accompanying affidavit of Christopher Imrey, Apollo lacks substantial contacts with New York and Delaware, just as it does with New Jersey. Apollo's principal place of business is in Irvine, California. Apollo does not maintain offices, facilities, local telephone listings, or bank accounts in New York or Delaware, and similarly, does not own or lease any real property or employ any persons in New York or Delaware. Apollo is not currently, nor has it ever been, qualified, authorized, or otherwise chartered, licensed or registered to

conduct or do business in New York. Apollo has never designated anyone in New York to accept legal service of process on its behalf. Apollo has no such contacts with Delaware other than being incorporated as an LLC under Delaware law.

Apollo does not direct any of its advertising at New York or Delaware residents for any of its products, including its IDS system. Apollo has never installed or delivered the alleged infringing IDS system that is the subject of this dispute to any company or individual located in New York or Delaware. The vast majority of Apollo's members are residents of California, including individuals, California corporations and California private trusts. A single member owning a 1/10th of 1 percent interest in Apollo is a resident of New York. (Imrey Aff. Ex. A.) No members are residents of New Jersey or Delaware.

Accordingly, personal jurisdiction and/or venue would <u>not</u> be proper in New York or Delaware, and this action may <u>not</u> be transferred to either jurisdiction. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (district court lacking personal jurisdiction and venue can transfer action only to a district where both defects are avoided); <u>see also</u> *LaRose v. Sponco Mfg., Inc.*, 712 F. Supp. 455, 460-61 (D.N.J. 1989) (finding no personal jurisdiction, but transferring action pursuant to sections 1404 and 1406 to district where both venue and personal jurisdiction were proper). This action may, however, be transferred to the Central District of California, where Apollo is subject to personal jurisdiction and where venue would be proper.

Moreover, convenience and the interests of justice would be served by transfer to the Central District of California. See 28 U.S.C. §1404(a). Apollo is a small company with a limited number of employees. It has only 4 executive officers, all of whom work in California. If the presence of Apollo officers or senior technical employees in New York or Delaware were required for discovery,

hearings or trial, litigation of this matter in New York or Delaware, it would impose a substantial burden upon Apollo and in all likelihood cause significant disruption of its operations. (Imrey Aff. ¶ 5.)

Further, this patent infringement will turn on two issues, claim construction and the design and implementation of Apollo's allegedly infringing software application. As the Court is aware, claim construction is a legal issue based on written evidence – the language of the patent claims, the specification and the prosecution history. Extrinsic evidence is rarely significant. See *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005). Thus, the key witnesses in the case will be Apollo's technical employees who can testify about the design and implementation of its system. As established above, these employees all reside and work in California.

For the foregoing reasons, if the Court is inclined to transfer this action rather than dismissing it for lack of personal jurisdiction and improper venue, any transfer should be to the Central District of California, where a case is already pending on the same patents at issue in this case.

Dated: February 28, 2007

    Respectfully submitted,

    FLEMMING ZULACK WILLIAMSON ZAUDERER LLP
    Attorneys for Defendant Apollo Enterprise Solutions, Inc.

    By: /s/ Thomas A. Egan
        Thomas A. Egan (TE-0141)
    One Liberty Plaza
    New York, New York 10006
    (212) 412-9500