Ian S. Marx, Esq. (IM 1704)
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
(973) 360-7900
(973) 301-8410 (Fax)

Of Counsel:
Albert L. Jacobs, Jr., Esq.
Daniel A. Ladow, Esq.
GREENBERG TRAURIG, LLP
Met Life Building
200 Park Avenue
New York, New York 10166
(212) 801-9200
(212) 801-6400 (Fax)

*Attorneys for Plaintiff*
*Debt Resolve, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBT RESOLVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> APOLLO ENTERPRISE SOLUTIONS, LLC, <br><br> Defendant. | Civil Action No. 07-103 (MLC) <br><br> PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE ON JURISDICTION |

## PLAINTIFF DEBT RESOLVE, INC.'S RESPONSE TO
## ORDER TO SHOW CAUSE ON JURISDICTION

# Table of Contents

$$\underline{\textbf{Page}}$$

I.  PRELIMINARY STATEMENT .................................................................1

II. FACTS MATERIAL TO THE JURISDICTIONAL ISSUES RAISED BY THE
    ORDER TO SHOW CAUSE ...............................................................5

III. ARGUMENT..................................................................................8

    A.   The Governing Legal Standards Relating To Jurisdiction ......................8

        1.  Federal Circuit Law Applies...........................................................8

        2.  Because New Jersey's Long-Arm Statute is Coextensive with the Limits of Due
    Process, The Only Inquiry is Whether Jurisdiction Comports with Due Process 9

        3.  Due Process And The Federal Circuit Jurisdiction Test.........................9

        4.  The Plaintiff's Burden Is To Present A Prima Facie Case For Jurisdiction;
    Plaintiff's Allegations Must Be Accepted As True And Disputed Facts Must Be
    Construed In Favor Of The Plaintiff................................................11

    B.   By Providing Its Web-Based Accused Software System For Use By Debtors And
    Creditors Nationally, Including Debtors In New Jersey, Apollo Has Purposefully
    Directed Its Activities To New Jersey And This Action Arises Out Of Those
    Infringing Activities ..................................................................11

    C.   Apollo Has Also Purposefully Directed Its Activities To New Jersey By Soliciting
    The Business Of New Jersey Companies ...........................................13

    D.   The Assertion of Personal Jurisdiction Over Apollo In This Forum Is "Reasonable
    and Fair" ................................................................................14

    E.   Should The Court Conclude That Debt Resolve Has Not Presented A Prima Facie
    Case For Jurisdiction, Discovery Should Be Allowed On This Issue ..................15

    F.   If The Court Should Decline To Retain This Case, It Should Be Transferred To
    Delaware or New York, But Not California...........................................16

IV. CONCLUSION ...............................................................................19

# Table of Authorities

**Page**

**Federal Cases**

*Akro Corp. v. Luker,*
   45 F.3d 1541 (Fed.Cir 1995) .......................................................................11

*Carteret Sav. Bank v. Shusan,*
   954 F.2d 141 (3d Cir. 1992) ........................................................................10

*Coolsavings.com, Inc. v. IQ Commerce Corp.,*
   53 F.Supp.2d 1000 (N.D.Ill. 1999) .........................................................13, 14

*Critikon, Inc. v. Becton Dickinson Vascular Access,*
   821 F.Supp. 962 (D.Del. 1993) ....................................................................18

*Denver & Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainmen,*
   387 U.S. 556 (1967) ....................................................................................15

*Electronics for Imaging, Inc. v. Coyle,*
   340 F.3d 1344 (Fed.Cir. 2003) ....................................................................14

*Genetic Implant Sys., Inc. v. Core-Vent Corp.,*
   123 F.3d 1455 (Fed.Cir.1997) .....................................................................10

*Graphic Controls Corp. v. Utah Med. Prods., Inc.,*
   149 F.3d 1382 (Fed.Cir. 1998) ....................................................................12

*Inamed Corp. v. Kuzmak,*
   249 F.3d 1356 (Fed.Cir. 2001) ..........................................................10, 11, 12

*International Shoe Co. v. Washington,*
   326 U.S. 310 (1945) ....................................................................................10

*Keeton v. Hustler Magazine, Inc.,*
   465 U.S. 770 (1984) ....................................................................................15

*Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino,*
   960 F.2d 1217 (3d Cir. 1992) ......................................................................17

*Osteotech, Inc. v. GenSci Regeneration Sciences, Inc.,*
   6 F.Supp.2d 349 (D.N.J. 1998) ....................................................................11

*Provident Nat. Bank v. California Fed. Sav. & Loan Assoc.,*
   819 F.2d 434 (3d Cir. 1987) ........................................................................12

*Reach & Associates, P.C. v. Dencer,*
    269 F.Supp.2d 497 (D.Del. 2003) ................................................................18

*3D Systems, Inc. v. Aarotech Laboratories, Inc.,*
    160 F.3d 1373 (Fed.Cir.1998) ...........................................................9, 11, 14

*Us, Inc. v. Step Two S.A.,*
    318 F.3d 446 (3d Cir. 2003) ................................................................12, 17

*VE Holding Co. v. Johnson Gas Appliance Co.,*
    917 F.2d 1574 (Fed. Cir.1990) ..................................................................15

Federal Statutes

28 U.S.C. § 1331 ...............................................................................................18

28 U.S.C. § 1332(a) ..........................................................................................18

35 U.S.C. § 271(a) ............................................................................................11

State Statutes

Del. Code Ann. tit. 6 § 18-104(a) .....................................................................18

iii

Ian S. Marx, Esq. (IM 1704)
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
(973) 360-7900
(973) 301-8410 (Fax)

Of Counsel:
Albert L. Jacobs, Jr., Esq.
Daniel A. Ladow, Esq.
GREENBERG TRAURIG, LLP
Met Life Building
200 Park Avenue
New York, New York 10166
(212) 801-9200
(212) 801-6400 (Fax)

*Attorneys for Plaintiff*
*Debt Resolve, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBT RESOLVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> APOLLO ENTERPRISE SOLUTIONS, LLC, <br><br> Defendant. | Civil Action No. 07-103 (MLC) <br><br> PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE ON JURISDICTION |

## PLAINTIFF DEBT RESOLVE, INC.'S RESPONSE TO
## ORDER TO SHOW CAUSE ON JURISDICTION

### I.   PRELIMINARY STATEMENT

Debt Resolve, Inc. ("Debt Resolve") submits this memorandum pursuant to the

Court's February 16, 2007 Order & Order to Show Cause (the "Show Cause Order"),

which directs the parties to show cause why this action should not be transferred to the

District of Delaware, the Southern District of New York or the Central District of California.

This is a patent infringement case in which plaintiff Debt Resolve alleges that the online debt collection system (the "accused system" or "IDS") provided by defendant Apollo Enterprise Solutions, LLC ("Apollo") infringes one or more claims of the patents-in-suit. As set forth in the Complaint (at ¶ 8): "Apollo's IDS allows a debtor either to accept an online offer made based on rules set up by the creditor or 'to negotiate a settlement in real-time that may be decisioned using the system' based on creditor defined rules."

Apollo's opening brief on this issue asserts that Apollo has no contacts with New Jersey. But there are at least two significant, dispositive areas on which Apollo's submission is silent: direct solicitations of and communications with specific prospective customers in New Jersey; and that the accused system, which is maintained and administered by Apollo, is offered to and used by debtors nationwide, including debtors located in New Jersey. As related in the accompanying Declaration of James D. Burchetta, Debt Resolve's CEO, the parties are competitors in the business of online debt collection. Each of the parties provides its software platform or system to creditors for use with debtors. The creditors typically have a national portfolio of debtors to whom such an online debt collection system is made available. Because New Jersey is one of the most populous states in the country, such a portfolio must, as a statistical matter, or must almost certainly, include debtors located in New Jersey. By way of illustration, Debt Resolve has thousands of New Jersey debtors within its debtor portfolios of which close to 1000 are registered to use its system. It is to be reasonably expected that Apollo

has a similar number of New Jersey debtors to whom the accused system has been offered or who have used the accused system. Apollo's nationwide business model necessarily intends that creditors and debtors nationwide, including in New Jersey, use Apollo's accused infringing system.

Furthermore, Debt Resolve believes that, in addition to soliciting the business of New Jersey firms at tradeshows held outside New Jersey, that Apollo has directly solicited the business of one or more specific New Jersey companies. Indeed, Apollo has at least one representative who, working out of Rhode Island, has acknowledged that he solicits potential customers in the Northeast, including New Jersey.

For these reasons and those set forth below, Debt Resolve believes it has made the required prima facie showing necessary for this Court to retain jurisdiction of this action. Additionally, Debt Resolve believes that it advances judicial economy for the action to remain in this Court since this Court is familiar with the patents-in-suit, having recently made claim construction and infringement rulings in another case involving one of the patents-in-suit.[1] If the Court should disagree, Debt Resolve has, at a minimum, made a sufficient showing to support its request (made in a separate motion) for targeted discovery relating to jurisdiction.

Alternatively, if this action does not remain in this Court, it should be transferred to Delaware (under whose laws both parties are organized) or New York. As explained below, there is no question that there is jurisdiction over Apollo in the District of Delaware. While Apollo is a limited liability company, for purposes of determining jurisdiction (as opposed to determining citizenship for diversity purposes since this case involves federal question jurisdiction), its having been organized under the laws of

---

[1] See *Cybersettle, Inc. v. National Arbitration Forum, Inc.*, D.N.J., Case No. 3:04-cv-04744 (MLC).....

Delaware is dispositive for jurisdiction. There is no greater inconvenience to Apollo to litigate this action in Delaware (or New York, for that matter) than there would be for Debt Resolve, which is also a relatively small company, to litigate these issues in the Central District of California. Additionally, Debt Resolve, as the first-filer, and true plaintiff in this action, should be allowed its choice of forum. Finally, given mandated electronic document discovery and Debt Resolve's ability to depose Apollo's small number of potential witnesses in California, the burden to Apollo of having to litigate in Delaware (or New Jersey or New York) is minimal at most.

The action should not be transferred to California, where, subsequent to the filing of this action, defendant filed a mirror, declaratory judgment action. The plaintiff, Debt Resolve, which is asserting patent rights against Apollo and is the first-filer, should be allowed to chose its forum, and it is no more inconvenient for Apollo to defend a suit on the East Coast than it would be for Debt Resolve to litigate in California.

In short, by providing a nationally available online software platform, the accused system, to be used by debtors in various states around the country, particularly those which are most populous, Apollo has purposefully availed itself of the forum states where those debtors are located and it is entirely is foreseeable that Apollo should be hauled into court in those forums in which debtors are offered and use Apollo's accused infringing system. This holds true with respect to New Jersey and the reasonableness of Apollo having to defend its system in this Court is further supported by Apollo's affirmative efforts to garner the business of New Jersey companies.

## II.  FACTS MATERIAL TO THE JURISDICTIONAL ISSUES RAISED BY THE ORDER TO SHOW CAUSE

The following facts and allegations are set forth in the Complaint (Dkt. no. 1) and the accompanying Declaration of James D. Burchetta, Debt Resolve's CEO (the "Burchetta Dec.").

Debt Resolve provides lenders, collection agencies, debt buyers and any holder of consumer accounts receivables a patented online bidding platform for the resolution and settlement of consumer debt. Debt Resolve has exclusive rights under certain patents with respect to the settlement of consumer debt, including United States Patent No. 6,330,551 (the "'551 patent"), entitled Computerized Dispute Resolution System and Method, and United States Patent No. 6,954,741 (the "'741 patent"), entitled Computerized Dispute Resolution System and Method. Complaint ¶6.

The '551 patent was recently adjudicated by this Court in *Cybersettle, Inc. v. National Arbitration Forum, Inc.*, D.N.J., Case No. 3:04-C.V.-04744 (MLC). (Cybersettle, Inc. has exclusive rights under the patent relating to insurance disputes.) Complaint ¶6. Thus, this Court has previously, and recently, construed the claims of the '551 and performed an infringement analysis. The other patent asserted in this action, the '741 patent, is a continuation-in-part application from the '551 patent[2], and therefore shares in part the same disclosure as the '551 patent

Debt Resolve is a small company with four executive officers, all of whom work in New York. Debt Resolve has no offices, facilities, local telephone listings or bank accounts in California, nor does it own or lease any real property or employ any persons

---

[2] The '741 patent is Ex. B to the Complaint; its status as a continuation-in-part application of the '551 is noted on its cover page under the "Related U.S. Application Data" heading in the left-hand column.

in California. Debt Resolve has not filed a Certificate of Qualification in California. Debt Resolve perceives no reason why it would be any more of a burden to Apollo to litigate these issues in New Jersey, or in another forum on the East Coast, than it would be for Debt Resolve to litigate these issues in the Central District of California. Burchetta ¶14.

Apollo is a competitor of Debt Resolve with respect to the nationwide online collection of consumer debt. Apollo describes itself as providing a web-hosted solution for industries involved in receivables management and debt collections. Apollo calls its system Intelligent Debt Solutions for Debtor Self-Settlement ("IDS"). Apollo's IDS allows a debtor either to accept an online offer made based on rules set up by the creditor or "to negotiate a settlement in real-time that may be decisioned using the system" based on creditor-defined rules. Complaint ¶¶ 7-8.

Each of the parties offers and provides its software platform or system to creditors throughout the U.S. for nationwide use with debtors. Debt Resolves understands, for example, that Apollo provides it system to the Bank of America and its debtors. When a debtor interacts with Debt Resolve's system, the debtor is interacting directly with a computer software system maintained and administered by Debt Resolve. Debt Resolve understands that Apollo's accused system, in that respect, works exactly the same way. Thus, when a debtor interacts with Apollo's system, he or she is interacting, directly accessing, an online computer software system that is maintained and administered by Apollo. Apollo's contract may be with the creditor, who licenses the accused system, but Apollo operates the accused system and the debtor interacts directly with Apollo's accused infringing system. Burchetta ¶4.

The creditors with whom Debt Resolve and Apollo contract typically have a national portfolio of debtors to whom such an online debt collection system is made available. Because New Jersey is one of the most populous states in the country, such a portfolio must, as a statistical matter, or must almost certainly, include debtors located in New Jersey. Debt Resolve's own experience bears this out. Debt Resolve has thousands of New Jersey debtors within its debtor portfolios, of which close to 1000 are registered to use its system. Given its knowledge and experience in this industry, Debt Resolve has every reason to expect that Apollo also has a substantial number of New Jersey debtors within its debt portfolios and has a similar number of New Jersey debtors to whom the accused system has been specifically offered for use and/or who have actually used the accused system. Burchetta ¶¶ 5-6.

In addition to the foregoing showing that the accused system is, or is almost certainly, being offered to and used by New Jersey debtors, Apollo also specifically seeks business from companies located in New Jersey (and others throughout the U.S.). Thus:

- Apollo, like Debt Resolve, solicits major U.S. banks, collection agencies and debt buyers, in part, by attending trade shows and conventions. These shows and conventions are attended by prospective customers who have offices within the State of New Jersey and have customers in and derive substantial revenue from New Jersey residents. Attached as Ex. A to the Burchetta Declaration is a list of New Jersey customers who attended a recent Debt Buyer's convention in Las Vegas, Nevada on February 7-9, 2007. Apollo was present at this show through its sales representative, Edward Fontaine, who, Mr. Burchetta believes, had discussions with these New Jersey customers. Apollo has also attended numerous

other trade conferences and conventions where it is believed they have solicited New Jersey customers, including those listed in Ex. B to the Burchetta Declaration. Burchetta Dec., ¶¶ 7-8.

- Apollo's sales representative for the Northeast of the United States, Edward Fontaine, was formerly employed by Debt Resolve. In a conversation with Mr. Burchetta at the Collection Technology trade show in Las Vegas, on January 24, 2007, Mr. Fontaine, who lives in Rhode Island, acknowledged that, on Apollo's behalf, he was soliciting clients in New Jersey, as well as New York. Burchetta Dec., ¶¶9-10.

- Based on reports from Debt Resolve's sales staff, Mr. Burchetta believes that, at least as of last year, Apollo was affirmatively seeking business from MRS Associates in Cherry Hill, New Jersey, as was Debt Resolve. Burchetta Dec., ¶11.

- In view of the foregoing, Mr. Burchetta believes that Apollo has mailed marketing materials and/or conducted numerous communications via email and telephone with prospective customers in the state of New Jersey. Burchetta Dec., ¶12.

## III.  ARGUMENT

### A.  The Governing Legal Standards Relating To Jurisdiction

#### 1.  Federal Circuit Law Applies

This is a patent infringement case which can only be appealed to the Court of Appeals for the Federal Circuit. The Federal Circuit applies its own law in analyzing personal jurisdiction for purposes of compliance with federal due process (*3D Systems, Inc. v. Aarotech Laboratories, Inc.*, 160 F.3d 1373, 1378 (Fed.Cir.1998) (citing *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564-65 (Fed.Cir.1994)), but

defers to the interpretation of a state's long-arm statute by that state's highest court, particularly in determining whether or not the statute is intended to reach the limit of federal due process. *3D Systems, Inc.*, 160 F.3d at 1378.

The Federal Circuit determines whether personal jurisdiction exists over an out-of-state defendant based on two inquiries: (i) whether a forum state's long-arm statute permits service of process; and (ii) and whether the assertion of personal jurisdiction would violate due process. *See Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed.Cir.1997) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-76 (1985)). Where a state's long-arm statute is coextensive with the limits of due process, the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed.Cir. 2001).

> **2.  Because New Jersey's Long-Arm Statute is Coextensive with the Limits of Due Process, The Only Inquiry is Whether Jurisdiction Comports with Due Process**

Jurisdiction under the New Jersey long-arm statute, N.J. Ct. R. 4:4-4, is co-extensive with the due process requirements of the United States Constitution. *See Carteret Sav. Bank v. Shusan*, 954 F.2d 141, 145 (3d Cir. 1992). Thus, under Federal Circuit law, the relevant inquiry is thus whether jurisdiction comports with due process. *See Inamed*, 249 F.3d at 1360.

> **3.  Due Process And The Federal Circuit Jurisdiction Test**

"[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain *minimum contacts* with it such that the maintenance of the suit does not offend 'traditional notions of *fair play and* substantial *justice.*'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (emphasis added). The "minimum contacts" prong of the due process

inquiry focuses on whether the defendant "has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King,* 471 U.S. at 471-76. The "fair play and substantial justice" prong of the due process analysis gives the defendant an opportunity to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* at 476-77; *Inamed*, 249 F.3d at 1360 (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1546 (Fed.Cir. 1995) (noting that the burden of proof is on the defendant to demonstrate the presence of other considerations that render the exercise of jurisdiction unreasonable)).

The Federal Circuit has articulated a three-part test to determine whether asserting jurisdiction over an out-of-state defendant comports with the requirements of due process: (i) whether the defendant "purposefully directed" its activities at residents of the forum; (ii) whether the claim "arises out of or relates to" the defendant's activities with the forum[3]; and (iii) whether assertion of personal jurisdiction is "reasonable and fair." *Akro,* 45 F.3d at 1545. The first two factors correspond with the "minimum contacts" prong of the *International Shoe* analysis, and the third factor corresponds with the "fair play and substantial justice" prong of the analysis. *Id.*

---

[3] As this is a claim for patent infringement, and 35 U.S.C. § 271(a) provides that an "offer to sell" constitutes an infringing act, this claim "relates to" Apollo's activities in the forum. *See Beverly Hills Fan Co.*, 21 F.3d at 1565 (finding that where a defendant is shown to have sold the allegedly infringing product in the forum state, the forum may exercise specific personal jurisdiction over the defendant); *Osteotech, Inc. v. GenSci Regeneration Sciences, Inc.*, 6 F.Supp.2d 349, 354 (D.N.J. 1998)(finding a single sale to a New Jersey customer sufficient to exercise personal jurisdiction over defendant). An "offer to sell" consists of nothing more than "generating interest in a potential infringing product to the commercial detriment of the rightful patentee." *3D Systems*, 160 F.3d at 1379 (finding that price quote letters, although they stated on their face that they were not offers, were rightly "offers for sale" because they contained a description of the allegedly infringing merchandise and the price at which it could be purchased).

4. **The Plaintiff's Burden Is To Present A Prima Facie Case For Jurisdiction; Plaintiff's Allegations Must Be Accepted As True And Disputed Facts Must Be Construed In Favor Of The Plaintiff**

The plaintiff bears the burden of demonstrating facts that support personal jurisdiction. *Inamed*, 249 F.3d at 1360; *Toys "R" Us, Inc. v. Step Two S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)(citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)). That burden is satisfied by presenting a prima facie case for the exercise of personal jurisdiction by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Provident Nat. Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987); *Graphic Controls* Corp. *v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1383 (Fed.Cir. 1998).

"In reviewing a motion to dismiss under Rule 12(b)(2), [the court] must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker*, 292 F.3d at 368.

B. **By Providing Its Web-Based Accused Software System For Use By Debtors And Creditors Nationally, Including Debtors In New Jersey, Apollo Has Purposefully Directed Its Activities To New Jersey And This Action Arises Out Of Those Infringing Activities**

This is <u>not</u> a case where a supplier sells a discrete infringing product, such as a particular machine, to a customer in one state who may or may not use the product in, or transport the product to, another state. This is not a case where, as Apollo would have the Court believe, Debt Resolve is advancing some sort of flawed "stream of commerce" jurisdictional argument.

Instead, this is a case where Debt Resolve contends that Apollo's accused software system is alleged to infringe one or more claims of the patents-in-suit, and that there is jurisdiction in fora, including New Jersey, where the infringing system, which is

operated, maintained and administered ("hosted") by Apollo, is offered for use to residents of the forum and/or is used by residents of the forum. Apollo knowingly provides its accused system to creditors and debtors nationwide. For example, it is Debt Resolve's understanding that Apollo provides services for the Bank of America to invite its customers nationwide to make payments using the accused web-system hosted by Apollo.

It is entirely foreseeable by Apollo, indeed pursuant to its business model, it is unmistakably intended by Apollo, that its accused system be used by debtors nationwide, particularly in the most populous states, such as New Jersey, where, statistically, more debtors will be present. These facts were not addressed in any way by Apollo's opening brief and affidavits.

Based on Debt Resolve's own experience in the industry, it is virtually certain that Apollo's accused infringing system is being offered for use to numerous debtors in New Jersey (whether or not the party directly inviting the debtor to use it is Apollo or the creditor) and has been, is being, and will continue to be used by New Jersey debtors. Therefore, Debt Resolve respectfully submits that Apollo has purposefully directed its infringing system to New Jersey residents and that this action clearly arises out of and relates to the offering of the accused system to, and the use of the accused system by, New Jersey residents. Accordingly, for these reasons alone, Debt Resolve believes it has at least a strong prima facie case for jurisdiction of this Court over this action. *See e.g., Coolsavings.com, Inc. v. IQ Commerce Corp.*, 53 F.Supp.2d 1000, 1002-3 (N.D.Ill. 1999) (minimum contacts with Illinois found based in part by defendant's having set up an interactive web-site directed to the entire country).

**C.      Apollo Has Also Purposefully Directed Its Activities To New Jersey By Soliciting The Business Of New Jersey Companies**

Apollo has asserted that it does not "direct any of its advertising" to residents of New Jersey and has not "sold" the accused system to any New Jersey residents or companies.[4]  (It is not clear whether Apollo is making some distinction here between licensing and "selling" the accused system.)  But Apollo has not denied that it has been making on-going efforts to solicit business from New Jersey companies.  As set forth above and in the accompanying Burchetta Declaration, Apollo:  (i)  maintains a Northeast sales representative who actively solicits business in the New Jersey, New York and New York metropolitan area (where there is high concentration of companies in the collection and debt buying business); (ii) regularly attends industry trade conferences and conventions and solicits customers based in New Jersey; and (iii) has solicited business from one or more specific New Jersey companies whose business Debt Resolve itself has also sought.  Burchetta Dec. ¶11.

These facts further demonstrate that Apollo, whose business is nationwide and directed in part to companies in the financial services sector of the Northeast, including New Jersey, is purposefully directing its activities to this forum and that those activities are directly related to the subject matter of this lawsuit.  Accordingly, the jurisdiction of this Court with respect to Apollo should also be found for these additional reasons.  *See generally, Electronics for Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1351 (Fed.Cir. 2003); *3D Systems, Inc. v. Aarotech Laboratories, Inc.,* 160 F.3d 1373, 1378 (Fed.Cir. 1998); *Coolsavings.com, Inc. v. IQ Commerce Corp.,* 53 F.Supp.2d 1000, 1002-3 (N.D. Ill. 1999).

---

[4] See the Febuary 12, 2007 Affidavit of Apollo CEO Christopher Imrey submitted in support of Apollo's motion to dismiss at ¶ 5.

D.      **The Assertion of Personal Jurisdiction Over Apollo In This Forum Is "Reasonable and Fair"**

In *Beverly Hills Fan,* the Federal Circuit cautioned that cases where the assertion of personal jurisdiction could be viewed as unreasonable are "limited to the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." 21 F.3d at 1565. *See also Burger King*, 471 U.S. at 477 (there must be a "compelling case" of unreasonableness); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774-75 (1984) (purposeful minimum contacts are "ordinarily" enough).

Here, Apollo has not made, because it cannot, a compelling case that this Court's assertion of jurisdiction would be unreasonable or unfair.  New Jersey has an interest in adjudicating patent litigation disputes involving an accused infringing system which Apollo actively attempts to license to New Jersey companies and which is offered to and used by New Jersey debtors.[5]  Apollo's business is, by definition, nationwide; it seeks to license the use of its accused system to major bank and other debt holding companies for use by creditors and debtors nationwide; and it is particularly foreseeable, indeed intended by Apollo that its system will be offered to and used by residents of the most populous states, such as New Jersey.  Apollo is not a local California company making a

---

[5] With respect to venue, Apollo is a limited liability company organized under the laws of the State of Delaware.  As the Supreme Court has held, for purposes of determining proper venue, an unincorporated association is treated as a corporation.  *See Denver & Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainmen*, 387 U.S. 556, 559-62 (1967).  In a patent infringement case involving a corporate defendant, venue includes any district where there would be personal jurisdiction at the time the action is commenced.  *See VE Holding Co. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir.1990) (finding that the term 'resides' in 28 U.S.C. § 1400(b) is modified by the language of 28 U.S.C. § 1391(c) as it applies to corporate defendants).

local product for local consumption, nor is it a company which sells a discrete product that goes to a random destination via a random stream of commerce. Rather, Apollo provides its web-based, "hosted solutions", i.e., the accused system, nationwide, and it is that accused system, operated, maintained and administered by Apollo that is actually used by participating creditors and debtors.

Moreover, insofar as Apollo has attempted to "lump in" venue considerations with the question of jurisdiction, the fact that Apollo's headquarters and executives are located in California and that it is a relatively small company in terms of the number of its employees does not mean that any particular burden, let alone one that would be unusual or onerous would be placed upon it by litigating this action in this forum; certainly no showing has been made that it would.[6]

### E. Should The Court Conclude That Debt Resolve Has Not Presented A Prima Facie Case For Jurisdiction, Discovery Should Be Allowed On This Issue

For the reasons set forth above, Debt Resolves believes that it has set forth, at the very least, a prima facie, and therefore sufficient, case for this Court to assert jurisdiction over Apollo. However, if the Court should conclude that a prima facie case has not been presented, Debt Resolve respectfully submits that it should be allowed to take targeted discovery to further support the facts set forth above, including with respect to: (i) New Jersey debtors being within the debt portfolios administered by Apollo; (ii) the accused infringing system being offered to and/or used by New Jersey debtors; and (iii) Apollo

---

[6] Depositions of Apollo witnesses could potentially be conducted in California, trial should be a one-time event and, particularly in the age of electronic communication there is no reason to believe that the work of Apollo's trial witnesses will be significantly more disrupted if the trial is held in New Jersey than it were held in California.

actively soliciting New Jersey companies for business.[7]  In order that the record properly reflects this request, Debt Resolve is filing a separate motion seeking such relief (while making reference to the showing made in this memorandum and in the accompanying Burchetta Declaration so as to minimize duplication).

In brief, the governing standard, which Debt Resolve believes it certainly has met if the Court finds that a prima facie case of jurisdiction has not been made, is that: "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'"  *Toys "R" Us*, 318 F.3d at 456 (quoting *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997)). Where, as here, a plaintiff presents factual allegations that suggest with "reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state," the plaintiff's right to conduct jurisdictional discovery should be sustained. *Id.* (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).

### F.    If The Court Should Decline To Retain This Case, It Should Be Transferred To Delaware or New York, But Not California

In the event that this Court should decline to assert jurisdiction, this case should be transferred to the District of Delaware or to the Southern District of New York.

Apollo is a limited liability company organized under the laws of the State of Delaware.  That Apollo's members are not residents of Delaware (or New York) is

---

[7] Apollo also maintains a website (www.apolloenterprise.com) through which residents of New Jersey can request demonstrations or contact from Apollo representatives, as well as ask questions regarding Apollo or its products and view online product demonstrations.  A website operated by a defendant may provide contacts sufficient to support jurisdiction. *Toys "R" Us*, 318 F.3d at 452.  Debt Resolve would also seek discovery on the types of communications made and received through Apollo's website since the commercial nature of those interactions may well be sufficient for jurisdiction.

relevant to the question of citizenship for purposes of determining diversity under 28 U.S.C. § 1332(a), but not to the question of personal jurisdiction over the company. This is a patent infringement case and thus subject matter jurisdiction is based on there being a federal question, 28 U.S.C. § 1331.

The District of Delaware asserts personal jurisdiction over limited liability companies organized under the laws of the State of Delaware. *Reach & Associates, P.C. v. Dencer*, 269 F.Supp.2d 497, 502 (D.Del. 2003). Thus, there is no question that there is jurisdiction over Apollo in the District of Delaware.[8] *Critikon, Inc. v. Becton Dickinson Vascular Access*, 821 F.Supp. 962, 965 (D.Del. 1993)(a corporation organized under the laws of Delaware should not complain when another company chooses to file suit against it in Delaware).

Accordingly, if this Court determines to transfer this case, it can be transferred to Delaware. Apollo's forum non conveniens-type arguments against transfer to Delaware are makeweights and are more than counterbalanced by the fact that Debt Resolve, as the plaintiff should have the right to choose the forum and that it is no more inconvenient for Apollo to litigate on the East Coast than it would be for Debt Resolve to litigate this matter in California.

Alternatively, the case could also be transferred to the Southern District of New York for much the same reasons as shown above that the case should remain in New Jersey: Apollo's solicitation of customers in New York and providing the accused system to New York debtors. Burchetta Dec. ¶¶ 9-10.

---

[8] In compliance with Del. Code Ann. tit. 6 § 18-104(a), Apollo maintains a registered agent in Delaware to accept service of process on its behalf, on which, on January 9, 2007, a summons in this action was personally served.

There is no reason to transfer this case to California, as Apollo requests. For all the reasons set forth above, there is jurisdiction in New Jersey (as well as in Delaware and New York). The second, later filed action commenced by Apollo in California is the mirror image of this litigation, except that Apollo is listed as the declaratory judgment plaintiff in the caption. Debt Resolve has filed a motion to dismiss, transfer, or, in the alternative, stay the California action since, as the first filer, Debt Resolve should have its preference of forum, and because this Court is addressing the jurisdictional issues raised in this action by Apollo.[9]  Furthermore, Debt Resolve itself employs less than 20 employees, including four executive officers, who all work in New York, does not maintain an office in California and has not filed a Certificate of Qualification in California. Therefore, as noted above, there is absolutely no reason to believe that Apollo's having to litigate this action on the East Coast would be any more burdensome than it would be for Debt Resolve, the first filer, to litigate this matter in California.

---

[9] Counsel would be glad to provide the Court with a copy of Debt Resolve's motion to dismiss, etc. in the California action if so desired; it has not been submitted with these papers simply in an effort to reduce the volume of the filing.

## IV.   CONCLUSION

For all of the foregoing reasons, Debt Resolve respectfully submits that this Court should find that it has personal jurisdiction over Apollo with respect to this action; or, alternatively, if the Court should find that a prima facie case for jurisdiction has not been presented, that the Court should permit discovery be taken of Apollo with respect to these jurisdictional issues.   If it is found that the District of New Jersey does not have jurisdiction over Apollo, the case should be transferred to Delaware or New York, but not California.

Respectfully submitted,

_/s/_____
Ian S. Marc, Esq. (IM 1704)
GREENBERG TRAURIG LLP
200 Park Avenue
Florham Park, New Jersey

*Attorneys for Plaintiff*
*Debt Resolve, Inc.*

Of Counsel:

Albert L. Jacobs, Jr.
Daniel A. Ladow
GREENBERG TRAURIG LLP
Met Life Building
200 Park Avenue
New York, New York  10166
(212) 801-9200