Thomas A. Egan (TE-0141)
Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York 10006
(212) 412-9500
(212) 964-9200 (Fax)
Attorneys for Defendant
Apollo Enterprise Solutions, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBT RESOLVE, INC. <br><br> Plaintiff, <br><br> v. <br><br> APOLLO ENTERPRISE SOLUTIONS, INC. <br><br> Defendant. | DEFENDANT'S REPLY TO ORDER TO SHOW CAUSE RE: TRANSFER <br><br> Civil Action No. 07-103 |

## I. REPLY

Debt Resolve has not met its burden of "establish[ing] with reasonable particularity" that Apollo "purposefully avails itself of the privilege of conducting activities within [New Jersey]" such that this court can exercise personal jurisdiction over Apollo. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Commissariat al'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005).

Debt Resolve does not contend that the court has general jurisdiction over Apollo. *Ibelli v. Maloof*, 257 N.J. Super. 324, 328 (N.J. Super. Ct. 1992) ("isolated, random, and attenuated," contacts do not give rise to general

-1-

jurisdiction.")  Rather, at pages 2 and 6-7 of its responsive brief, Debt Resolve contends that personal jurisdiction exists because Apollo sells its debt collection system to third party creditors who are themselves located outside New Jersey but who may offer the debt collection system to debtors presumably located in New Jersey.  None of these creditors – Apollo's customers – are located in New Jersey. Debt Resolve's logic has been specifically rejected by the Federal Circuit.  *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998) ("Red Wing's flawed theory would subject a defendant to nationwide personal jurisdiction if it decides to do business with a company that does business nationwide... [D]oing business with a company that does business in Minnesota is not the same as doing business in Minnesota.").

At page 16 footnote 7, Debt Resolve argues that personal jurisdiction over Apollo in New Jersey is proper because Apollo maintains a website that can be accessed by New Jersey residents over the internet.  The courts have uniformly recognized that the maintenance of a website accessible to anyone does not indicate purposeful direction of activity to the forum state sufficient to confer personal jurisdiction..  See *3D Sys. v. Aarotech Lab.*, 160 F.3d 1373, 1380 (Fed. Cir. 1998) citing, *Cybersell v. Cybersell, Inc.*, 130 F.3d 414, 419-20 (9th Cir. 1997). *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3rd Cir. 2002), relied on by Debt Resolve, is consistent with this holding that something more than just a website that can be accessed by residents of the forum state is needed to invoke personal jurisdiction.

At pages 3 and 7-8, Debt Resolve argues that personal jurisdiction over Apollo is proper in New Jersey because representatives of Apollo attended a trade show in <u>Las Vegas, Nevada</u> which was purportedly attended by representatives of companies located in New Jersey.  This argument is completely without merit for obvious reasons.  While Debt Resolve has not cited any supporting authority and

-2-

we have not found any case where a plaintiff even attempted such an argument, courts have found that mere attendance at a convention or tradeshow <u>in the forum state</u> is insufficient to establish personal jurisdiction. *E.J. McGowan & Assoc., Inc. v. Biotechnologies, Inc.*, 736 F. Supp. 808, n.6 (N. D. Ill. 1990); see, e.g., *Kaye-Martin v. Brooks*, 267 F.2d 394, 397 (7th Cir. 1959); *Transcontinental Fertilizer Co. v. Saudi Arabian Fertilizer Marketing Co.*, 1995 U.S. Dist. LEXIS 564, *6 (E.D. Pa January 23, 1995); *Villaci v. Scottsdale Conference Center*, 1986 U.S. Dist. LEXIS 21999, *2, *6 (N. D. Ill. August 1, 1986). Thus, it would logically follow that attendance at a convention or tradeshow in an entirely different forum cannot subject someone to personal jurisdiction.

At pages 3 and 7, Debt Resolve argues that personal jurisdiction is proper over Apollo in New Jersey because Apollo has an "east coast" sales representative located in Rhode Island. This argument is similarly without merit. Having a sales representative located in another state, Rhode Island, does not amount to "purposeful direction of activities" in New Jersey. *Snider v. Howard S. Slatkin, Inc.*, 105 F. Supp. 2d 428, 432 (E.D. Pa. 2000) (Plaintiff unsuccessfully argued that "given the amount of commerce which takes place between the states of New York, New Jersey, and the Commonwealth of Pennsylvania, and the proximity and commonplace dealings among merchants of the three states,...Defendant must have reasonably anticipated being haled into court in Pennsylvania.")[1]

See also *Imo Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 260 (3d Cir. 1998) ("phone calls and letters are not necessarily sufficent in themselves to establish

---

[1]    Debt Resolve's Mr. Buschetta declares that Mr. Fontaine stated "...It's easy for me to meet clients in New York, New Jersey..." In his affidavit submitted herewith, Mr. Fontaine denies ever making any such statement to Mr. Burchetta and further testifies that as a representative of Apollo he has not solicited business in New Jersey, traveled to New Jersey to make sales calls, or to his knowledge spoken to anyone in New Jersey by phone regarding Apollo's product.

-3-

minimum contacts when the focus of the dispute is outside the forum."); *Hudson Marine Mgmt. Servs., Inc. v. Thomas Miller Inc.*, 2006 U.S. Dist. LEXIS 21623, *8-9 (D.N.J. April 20, 2006) ("informal communications in furtherance of a contract between a resident and a nonresident do not establish purposeful activity necessary for valid assertion of personal jurisdiction over a nonresident defendant").

At page 8, Debt Resolve argues that Apollo solicited business from MRS Associates in Cherry Hill, New Jersey. Debt Resolve is mistaken. MRS contacted Apollo in California. (Imrey Supp. Affd. ¶ 2.) The mere fact that a New Jersey resident contacted a California company by phone or the internet does not amount to "purposeful direction" sufficient to give rise to personal jurisdiction.[2]

At pages 16-18, Debt Resolve argues that if the Court finds an absence of personal jurisdiction in New Jersey, the Court should transfer the case to New York or Delaware. Regarding New York, Debt Resolve merely argues at page 17 that the same facts that support its argument that there is personal jurisdiction in New Jersey support a finding of personal jurisdiction in New York. Thus, there is no personal jurisdiction over Apollo for the same reasons stated above.[3]

---

[2]     Apparently, from this one instance, Debt Resolve argues further at p. 8, that its CEO "believes" that Apollo has mailed marketing materials and/or conducted numerous communications via email and telephone with prospective customers in the state of New Jersey. Such speculation is not sufficient to give rise to personal jurisdiction.

[3]     Apollo has made a sale to a New York company, but has not delivered any product. Further Apollo has been approached by two other New York companies and though it has had some preliminary discussions, not sales proposal has been made and no sale was made. (Imrey Supp. Decl. ¶ 3) Such preliminary discussions are not sufficient to establish personal jurisdiction. *cf. Intermedics, Inc. v. Ventritex, Inc.*, 775 F. Supp. 1269, 1286 (N.D. Cal. 1991) (holding that the "mere demonstration or display of an accused product, even in an obviously commercial atmosphere, does not constitute an infringing use under § 271(a)"), aff'd 991 F.2d 808 (Fed. Cir. 1993)

-4-

Regarding Delaware, as the Court correctly pointed out in its Order To Show Cause, Apollo is a limited liability company and as it has no members in Delaware, it is not a citizen of the state of Delaware. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-97 (1990). Further, other than Apollo being organized under the laws of the state of Delaware, Apollo has no members in Delaware, no offices, facilities, local telephone listing, or bank accounts in Delaware. (Imrey 2/28/07 Affd. ¶¶ 3-4.)[4][5]

Debt Resolve argues at page 17 of its brief that Delaware asserts personal jurisdiction over limited liability companies based upon the sole fact that the company is organized under its laws. On the contrary, Delaware exercises jurisdiction over a limited liability company whose only "contact" is organization under its laws only when the cause of action arose from the formation. *Shamrock Holdings of Cal., Inc. v. Abraham Arenson, Selk*, LLC, 421 F. Supp. 2d 800 (D. Del. 2006). *Reach & Associates, P.C. v. Dencer*, 269 F.Supp.2d 497 (D.Del. 2003) and *Critikon, Inc. v. Becton Dickinson Vascular Access*, 821 F.Supp. 962, 965 (D.Del. 1993) cited by Debt Resolve are inapplicable because they related to corporations, not limited liability companies.[6]

---

[4] At page 4, Debt Resolve argues that it was the first to file. The first to file doctrine does not guarantee a plaintiff the right to a suit anywhere in the country if the plaintiff's initial choice of forum was improper, nor does it apply to a forum where jurisdiction does not exist.

[5] Apollo has had one meeting with a New York based company in Delaware. The company initially approached Apollo. However, no sale was made. (Imrey Supp. Decl. ¶ 3.)

[6] We note that the court in *Reach* found personal jurisdiction over defendants IRI and IRD because they were Delaware corporations. The court then found personal jurisdiction over defendant Does 1 and 2 because they were either corporations or limited liability companies and therefore "citizens of Delaware" *id*. at 502, which is not an accurate statement of the law. Thus, the only statement regarding "limited liability" related to the Doe defendant and it was unclear whether they were even limited liability companies. Further, *Reach* court's

DOCSOC/1215119v1/100604-0001

Of the various forums that the Court is considering, only the Central District of California meets all the requirements for personal jurisdiction over the parties and a logical connection to the underlying patent infringement action. Debt Resolve does not deny that it is subject to personal jurisdiction in California. Apollo's offices, witnesses and documents are all located in the Central District of California. There is already an action pending in the Central District of California between the same parties, involving the same product, and same patent which could proceed forward on the merits without the delay accompanying the transfer of a case from one jurisdiction to another.

## II.    **CONCLUSION**

It is undisputed that Apollo does not maintain offices, facilities, local telephone listing, or bank accounts in New Jersey, New York or Delaware. Apollo does not own or lease any real property or employ any person in any of these states. Apollo is not, nor has it ever been qualified, authorized or otherwise chartered, licensed or registered to do business in New Jersey or New York. Apollo does not direct any of its advertising at New Jersey, New York or Delaware and has never installed or delivered the alleged infringing system to anyone in any of these states. Debt Resolve has failed to present facts with reasonable particularity that would support subjecting Apollo to the jurisdiction of the New Jersey, New York or Delaware courts.

At the same time, Debt Resolve does not deny it is subject to personal jurisdiction in California. Accordingly, for the reasons stated above, this Court

decision, to the extent it held the limited liability company is a citizen of Delaware, conflicts with *Carden*.

should dismiss this action pursuant to Rule 12(b)(2) and (3) of the Federal Rules of Civil Procedure, or transfer this action to the Central District of California.

Respectfully submitted,

Dated: March 16, 2007

STRADLING YOCCA CARLSON & RAUTH

Jan P. Weir
Steven M. Hanle
Jennifer A. Trusso
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6441
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

*Local Counsel:*
Thomas A. Egan (TE-0141)
Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York 10006
(212) 412-9500
(212) 964-9200 (Fax)
*Attorneys for Defendant*
*Apollo Enterprise Solutions, Inc..*

-7-