Thomas A. Egan (TE-0141)
Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York 10006
(212) 412-9500
(212) 964-9200 (Fax)
Attorneys for Defendant
Apollo Enterprise Solutions, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBT RESOLVE, INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APOLLO ENTERPRISE SOLUTIONS,<br>INC.<br><br>　　　　Defendant. | DEFENDANT'S OPPOSITION<br>TO PLAINTIFF'S MOTION FOR<br>JURISDICTIONAL DISCOVERY<br><br>Civil Action No. 07-103 |

## I.　**INTRODUCTION**

In addition to not meeting its burden of "establish[ing] with reasonable particularity" that defendant Apollo Enterprise Solutions, Inc. ("Apollo") "purposefully avails itself of the privilege of conducting activities within [New Jersey]."

Debt Resolve, Inc. ("Debt Resolve") has also failed to make the requisite showing that jurisdictional discovery is warranted in this case. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Commissariat al'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005). Specifically, Debt Resolve has not presented "factual allegations that suggest 'with reasonable

particularity' the possible existence of the requisite contacts between [Apollo] and [New Jersey]." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3rd Cir. 2002) quoting *Mellon Bank (East) PSFA, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

Debt Resolve's motion seeks discovery directed to Apollo's alleged contacts with New Jersey. The discovery Debt Resolve seeks, however, would not lead to a finding of personal jurisdiction. Debt Resolve's motion is based upon the following erroneous contentions: (1) Apollo's website, which is not the allegedly infringing product, subjects Apollo to jurisdiction in New Jersey if accessed by New Jersey residents; (2) the possibility that Apollo's customers have customers located in New Jersey subjects Apollo to personal jurisdiction in New Jersey; (3) the presence of one national sales person in Rhode Island subjects Apollo to jurisdiction in New Jersey; and (4) one instance where a New Jersey company contacted Apollo subjects Apollo to personal jurisdiction in New Jersey. None of these contentions are sufficient to make a prima facie case of personal jurisdiction in New Jersey as a matter of law and therefore jurisdictional discovery to support these contentions is unwarranted.

## II.   STATEMENT OF FACTS:

Apollo has filed a motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3) and a response and reply to the Court's February 16, 2007 Order to Show Cause. All three filings provide a detailed description of the facts in this case. Apollo will only address the factual allegations made in Debt Resolve's Motion for Jurisdictional Discovery ("Motion"). Admittedly Debt Resolve's Motion is a rehash of the same arguments presented in its March 8, 2007 response. (Mot. p. 2.) As such, the substance of Apollo's opposition is primarily

-2-

the same as Apollo's March 16, 2007 Reply to Debt Resolve's March 8, 2007 response.

## III.   **ARGUMENT:**

### A. **Debt Resolve Has Failed to Meet its Burden of Demonstrating Jurisdictional Discovery is Warranted in this Case**

While the scope of discovery permitted under the Fed.R.Civ.P. is quite broad, trial courts are vested with the discretion to permit or deny discovery in aid of jurisdiction. *See, e.g., Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 788 (D.C.Cir.1983) ("[A] district court has broad discretion in its resolution of discovery problems that arise in cases pending before it") (citation omitted), *cert. denied*, 467 U.S. 1210 (1984). As a general rule, courts are wary of allowing discovery absent some showing of personal jurisdictional facts if a defendant has challenged plaintiff's assertion of personal jurisdiction over him, because basic fact-finding should precede discovery. *See, e.g., Poe v. Babcock Int'l, plc*, 662 F.Supp. 4, 7 (M.D.Pa.1985) ("Since plaintiff has met defendants' affidavit evidence with mere speculation, plaintiff's request for an opportunity to conduct discovery on the matter should be denied."); *Rose v. Granite City Police Dep't*, 813 F.Supp. 319, 321 (E.D.Pa.1993) ("The Court chooses to exercise its discretion here and deny Plaintiff's motion requesting discovery because Plaintiff has failed to make even a threshold prima facie showing that the Court has jurisdiction over the persons of Defendants."); *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982) ("When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted.")

A Court should permit discovery as a matter of course simply because a plaintiff has named a particular party as a defendant. Instead, the Court must be satisfied that there is some indication that the defendant is amenable to suit in that

forum before ordering jurisdictional discovery. *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 475 (D.Del. Oct.5, 1995). Despite Debt Resolve's contention to the contrary, "a plaintiff may not rely on the bare allegations in his complaint to warrant further discovery." *Id.* at 476. Likewise, "a mere unsupported allegation that [a] defendant 'transacts business' in an area is 'clearly frivolous.'" *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir.1997); *see also B.L. Poe v. Babcock Int'l*, 662 F.Supp. 4, 7 (M.D.Pa. Mar.14, 1985) ("Since plaintiff has met defendants' affidavit evidence with mere speculation, plaintiff's request for an opportunity to conduct discovery on the matter must be denied. It would be inappropriate for this court to allow plaintiff to conduct a fishing expedition in order to construct a basis for jurisdiction."). Rather, "there must be some competent evidence to demonstrate that personal jurisdiction over [a] defendant might exist before allowing discovery to proceed." *Hansen*, 163 F.R.D. at 475. Debt Resolve has not and cannot meet this threshold requirement. As a matter of fact, the discovery sought by Debt Resolve would have no bearing on the issue of jurisdiction over Apollo.

First, Debt Resolve contends that personal jurisdiction and jurisdictional discovery are warranted because Apollo sells its debt collection system to third party creditors who are themselves located outside New Jersey but who may offer the debt collection system to debtors presumably located in New Jersey. None of these creditors – Apollo's customers – are located in New Jersey. Debt Resolve's logic has been specifically rejected by the Federal Circuit. *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998) ("Red Wing's flawed theory would subject a defendant to nationwide personal jurisdiction if it decides to do business with a company that does business nationwide... [D]oing business with a company that does business in Minnesota is not the same as doing business in Minnesota."). Similarly, Debt Resolve makes the fallacious argument

-4-

that because it has certain activities within the state of New Jersey the Court must speculate that Apollo has the same or similar activities. (Mot. pp. 3, 5.) This is a far cry from the competent evidence required of Debt Resolve to support jurisdictional discovery.

Debt Resolve also argues that Apollo maintains a website that can be accessed by New Jersey residents over the internet. The courts have uniformly recognized that the maintenance of a website accessible to anyone does not indicate purposeful direction of activity to the forum state sufficient to confer personal jurisdiction and, as such, cannot be a credible argument for jurisdictional discovery. *See 3D Sys. v. Aarotech Lab.*, 160 F.3d 1373, 1380 (Fed. Cir. 1998) citing, *Cybersell v. Cybersell, Inc.*, 130 F.3d 414, 419-20 (9th Cir. 1997). *Toys "R" Us, Inc.*, 318 F.3d 446 (3d Cir. 2002), relied on by Debt Resolve, is consistent with this holding that something more than just a website that can be accessed by residents of the forum state is needed to invoke personal jurisdiction or even jurisdictional discovery.

Debt Resolve argues that personal jurisdiction over Apollo is proper in New Jersey because representatives of Apollo attended a trade show in <u>Las Vegas, Nevada</u> which was purportedly attended by representatives of companies located in New Jersey. This argument is completely without merit for obvious reasons. While Debt Resolve has not cited any supporting authority and Apollo has not found any case where a plaintiff even attempted such an argument, courts have found that mere attendance at a convention or tradeshow <u>in the forum state</u> is insufficient to establish personal jurisdiction. *E.J. McGowan & Assoc., Inc. v. Biotechnologies, Inc.*, 736 F. Supp. 808, n.6 (N. D. Ill. 1990); *see, e.g., Kaye-Martin v. Brooks*, 267 F.2d 394, 397 (7th Cir. 1959); *Transcontinental Fertilizer Co. v. Saudi Arabian Fertilizer Marketing Co.*, 1995 U.S. Dist. LEXIS 564, *6 (E.D. Pa Jan. 23, 1995); *Villaci v. Scottsdale Conference Center*, 1986 U.S. Dist.

LEXIS 21999, *2, *6 (N. D. Ill. Aug. 1, 1986). Thus, it would logically follow that attendance at a convention or tradeshow in an entirely different forum cannot subject someone to personal jurisdiction or be the type of credible, competent evidence necessary to support jurisdictional discovery.

Debt Resolve argues that personal jurisdiction is proper over Apollo in New Jersey because Apollo has an "east coast" sales representative located in Rhode Island. This argument is similarly without merit. Having a sales representative located in another state, Rhode Island, does not amount to "purposeful direction of activities" in New Jersey. *Snider v. Howard S. Slatkin, Inc.*, 105 F. Supp. 2d 428, 432 (E.D. Pa. 2000) (Plaintiff unsuccessfully argued that "given the amount of commerce which takes place between the states of New York, New Jersey, and the Commonwealth of Pennsylvania, and the proximity and commonplace dealings among merchants of the three states,…Defendant must have reasonably anticipated being haled into court in Pennsylvania.")[1]; *see also Imo Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 260 (3d Cir. 1998) ("phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts when the focus of the dispute is outside the forum."); *Hudson Marine Mgmt. Servs., Inc. v. Thomas Miller Inc.*, 2006 U.S. Dist. LEXIS 21623, at *8-9 (D.N.J. Apr. 20, 2006) ("informal communications in furtherance of a contract between a resident and a nonresident do not establish purposeful activity necessary for valid assertion of personal jurisdiction over a nonresident defendant"). Hence, a sales representative located outside the forum is not indicia of activity within the forum and any such

---

[1]     Debt Resolve's Mr. Buschetta declares that Mr. Fontaine stated "…It's easy for me to meet clients in New York, New Jersey…" In his affidavit submitted herewith, Mr. Fontaine denies ever making any such statement to Mr. Burchetta and further testifies that as a representative of Apollo he has not solicited business in New Jersey, traveled to New Jersey to make sales calls, or to his knowledge spoken to anyone in New Jersey by phone regarding Apollo's product.

suggestion is nothing more than a bare bone allegation that is insufficient to find jurisdiction or permit discovery. *B.L. Poe*, 662 F.Supp. 4, 7.

Lastly, Debt Resolve argues that Apollo "was affirmatively seeking business from MRS Associates in Cherry Hill, New Jersey." Debt Resolve fails to inform the Court that it was MRS that contacted Apollo in California not the reverse. (Imrey Supp. Affd. ¶ 2.) The mere fact that a New Jersey resident contacted a California company by phone or the internet does not amount to "purposeful direction" sufficient to give rise to personal jurisdiction. Indeed, it is black letter law that an unsolicited contact will not be sufficient to establish specific jurisdiction. *In re Cendant Corp. Derivative Action Litig*, 189 F.R.D. 117, 136 (D.N.J.1999). Specific jurisdiction also cannot be established in circumstances involving solitary contact that results in a response from the defendant within the forum state. *See Covenant Bank for Savings v. Cohen*, 806 F.Supp. 52, 55 (D.N.J.1992). Apparently, from this one instance, Debt Resolve argues further that its CEO "believes" that Apollo has mailed marketing materials and/or conducted numerous communications via email and telephone with prospective customers in the state of New Jersey. Such speculation is not sufficient to give rise to personal jurisdiction or jurisdictional discovery.

## IV. CONCLUSION

Debt Resolve's jurisdictional claims are clearly frivolous. A mere unsupported allegation that the defendant "transacts business" in an area is "clearly frivolous." *See Garshman v. Universal Resources Holding, Inc.*,[2] 641 F.Supp. 1359, 1366 (D.N.J.1986), aff'd on other grounds, 824 F.2d 223 (3d Cir.1987); *see also American Centennial Ins. Co. v. Handal*, 901 F.Supp. 892, 899 (D.N.J.1995).

---

[2]     *Garshman* was decided on venue grounds, but the analysis is the same as for personal jurisdiction. *Garshman*, 641 F.Supp. at 1366.

-7-

Debt Resolve legitimately cannot allege nationwide sales and marketing and then say, without more evidence, that such sales and marketing must have effects in New Jersey. *Id.*

Respectfully submitted,

Dated: March 19, 2007          STRADLING YOCCA CARLSON & RAUTH

Jan P. Weir /tae
_____
Jan P. Weir
Steven M. Hanle
Jennifer A. Trusso
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA  92660-6441
Telephone: (949) 725-4000
Facsimile:  (949) 725-4100

Thomas A. Egan
_____
*Local Counsel:*
Thomas A. Egan (TE-0141)
Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York  10006
(212) 412-9500
(212) 964-9200 (Fax)
*Attorneys for Defendant*
*Apollo Enterprise Solutions, Inc.*

-8-