Ian S. Marx, Esq. (IM 1704)
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
(973) 360-7900
(973) 301-8410 (Fax)

Of Counsel:
Albert L. Jacobs, Jr., Esq.
Daniel A. Ladow, Esq.
GREENBERG TRAURIG, LLP
Met Life Building
200 Park Avenue
New York, New York 10166
(212) 801-9200
(212) 801-6400 (Fax)

*Attorneys for Plaintiff*
*Debt Resolve, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBT RESOLVE, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>APOLLO ENTERPRISE SOLUTIONS, LLC,<br><br>        Defendant. | Civil Action No. 07-103 (MLC) |

**PLAINTIFF DEBT RESOLVE, INC.'S REPLY TO
ORDER TO SHOW CAUSE ON JURISDICTION**

**Table of Contents**

                                  **Page**

I. PRELIMINARY STATEMENT ................................................................................. 1

II. ARGUMENT ............................................................................................................... 3

  A. Apollo's Failure To Rebut Debt Resolve's Showing Of The Use Of Apollo's Accused System By New Jersey (And New York) Debtors Establishes Personal Jurisdiction ............................................................................................. 3

  B. This Court Has Personal Jurisdiction Over Apollo In New Jersey Based On Apollo's Admitted Contacts With The Forum To Sell The Accused System ..... 5

    1. Apollo Has Purposefully Directed Its Activities To New Jersey By Personally Soliciting The Business Of New Jersey Companies ..................... 5

    2. Apollo Has Also Purposefully Directed Its Activities To New Jersey Through The Use Of Its Website In New Jersey ............................................ 6

  C. New York Has Personal Jurisdiction Over Apollo Based On Apollo's Admission That It Sold The Accused System In New York And Is Soliciting New York Companies ............................................................................................ 8

  D. If The Court Should Decline To Retain This Case, And The Case Is Not Transferred To New York, It Should Be Transferred To Delaware, But Not California ............................................................................................................. 9

III. CONCLUSION ......................................................................................................... 12

## Table of Authorities

<u>Page</u>

**Federal Cases**

*3D Systems, Inc. v. Aarotech Laboratories, Inc.*,
  160 F.3d 1373 (Fed.Cir. 1998) ........................................................................ 4

*Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*,
  98 F.3d 25 (2d Cir. 1996) ................................................................................ 8

*Bank Brussels Lambert v. Fiddler Gonzales & Rodriguez*,
  171 F.3d 779 (2d Cir. 1999) ............................................................................ 8

*Carden v. Arkoma Associates*,
  494 U.S. 185 (1990) ........................................................................................ 9

*Carteret Sav. Bank v. Shusan*,
  954 F.2d 141 (3d Cir. 1992) ............................................................................ 5

*Coolsavings.com, Inc. v. IQ Commerce Corp.*,
  53 F.Supp.2d 1000 (N.D.Ill. 1999) .................................................................. 4

*Cutco Indus., Inc. v. Naughton*,
  806 F.2d 361 (2d Cir. 1986) ............................................................................ 8

*Electronics for Imaging, Inc. v. Coyle*,
  340 F.3d 1344 (Fed.Cir. 2003) ........................................................................ 4

*Fort Knox Music, Inc. v. Baptiste*,
  203 F.3d 193 (2d Cir. 2000) ............................................................................ 8

*Genetic Implant Sys., Inc. v. Core-Vent Corp.*,
  123 F.3d 1455 (Fed.Cir. 1997) ........................................................................ 8

*Graphic Controls Corp. v. Utah Med. Prods., Inc.*,
  149 F.3d 1382 (Fed.Cir. 1998) ........................................................................ 8

*Hudson Marine Mgmt. Servs. Inc., v. Thomas Miller, Inc.*,
  2006 U.S. Dist. LEXIS 21623, *8-9 (D.N.J. 2006) ........................................ 6

*Imo Industries, Inc. v. Kiekert AG*,
  155 F.3d 254 (3d Cir. 1998) ............................................................................ 6

*One World Botanicals Ltd. v. Gulf Coast Nutritionals, Inc.*,
  987 F.Supp. 317 (D.N.J. 1997 ........................................................................ 5

# Table of Authorities
## (Con't)

**Page**

*Osteotech, Inc. v. GenSci Regeneration Sciences, Inc.*,
   6 F.Supp.2d 349 (D.N.J. 1998) ............................................................................. 2, 5

*Pieczenik v. Dyax Corp.*,
   265 F.3d 1329 (Fed.Cir. 2001) .............................................................................. 2, 8

*Reach & Associates, P.C. v. Dencer*,
   269 F.Supp.2d 497 (D.Del. 2003) .............................................................................. 9

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
   148 F.3d 1355 (Fed.Cir. 1998) ................................................................................... 3

*Rutherford v. Sherburne Corp.*,
   616 F.Supp. 1456 (D.N.J. 1985) ................................................................................. 5

*Shamrock Holdings of California, Inc. v. Arenson et al.*,
   421 F.Supp.2d 800 (D.Del. 2006) ....................................................................... 10, 11

*Transcontinental Fertilizer Co. v. Saudi Arabian Fertilizer Marketing, Co.*,
   1995 U.S. Dist. LEXIS 564, *6 (E.D.Pa. 1995)7 ........................................................ 6

*United States Golf Association v. U.S. Amateur Golf Association*,
   690 F.Supp. 317 (D.N.J. 1988) ................................................................................... 5

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*,
   952 F.Supp. 1119 (W.D.Pa. 1997) .............................................................................. 7

Federal Statutes

28 U.S.C. § 1332(a) ......................................................................................................... 10

28 U.S.C. § 1338 .............................................................................................................. 10

35 U.S.C. § 271(a) .............................................................................................................. 1

I.  **PRELIMINARY STATEMENT**

Debt Resolve submits this memorandum pursuant to the Court's Show Cause Order[1] and in response to Defendant's Reply to Order to Show Cause Re: Transfer, dated 3/16/2007 ("Apollo's Reply Brief").

Debt Resolve's opening Response to the Court's Show Cause Order, together with the supporting Burchetta Declaration, showed that: (i) Apollo intends, and is attempting to have, its accused system used by debtors and creditors around the country, including in New Jersey and New York; and (ii) it is virtually statistically certain that debtors in New Jersey and New York have used, are using and/or have been offered the use of Apollo's accused system, which is operated and administered by Apollo. None of these facts have been denied by Apollo and hence have been effectively admitted. On these facts alone there is clearly jurisdiction in New Jersey and New York. Apollo's straw man contention that this would assert jurisdiction based on the customer of its customers completely misses the point: the accused system is not a discrete product in interstate commerce, it is a web-based software system that, when used by debtors in New Jersey and New York, is being operated and administered nationally by Apollo. It is not only foreseeable, but plainly intended and effectively admitted by Apollo that debtors in those populous states use its accused system.

Furthermore, Apollo's Reply Brief expressly admits solicitation and/or sale of its accused system to creditors in both New Jersey and New York.[2] Apollo admits that its President and CEO has visited MRS Associates at its Cherry Hill, New Jersey office in

---

[1] All terms defined in Debt Resolve's March 8, 2007 Response to Order & Order to Show Cause on Jurisdiction are used herein as so defined.
[2] 35 U.S.C. § 271(a) provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention … infringes the patent."

order to sell Apollo's accused system. Apollo also admits that it has sold the accused system to a New York company and has had contacts with at least two other New York companies regarding the accused system. These facts, taken alone, also establish jurisdiction in those states. It is well established, especially in the context of patent infringement, that a single act of infringement is sufficient to provide a court with jurisdiction. *See Osteotech, Inc. v. GenSci Regeneration Sciences, Inc.*, 6 F.Supp.2d 349, 354 (D.N.J. 1998)(a single sale to a New Jersey customer held sufficient to exercise personal jurisdiction over patent infringement defendant); *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1333 (Fed.Cir. 2001)(personal jurisdiction can be based on a single transaction of business if the cause of action arises from the transaction).

There is also jurisdiction over Apollo in the District of Delaware. Apollo is a limited liability company organized under the laws of Delaware; that fact alone is dispositive for jurisdiction and Apollo's arguments to the contrary are unavailing. The fact that Apollo has no members who reside in Delaware, and thus is not a citizen of Delaware, would be important if this case was based on diversity jurisdiction. But jurisdiction in this case is based not on diversity but on there being federal question jurisdiction because this is a patent infringement case arising under federal patent law. Apollo's reliance on the *Shamrock* case is inapposite. That case involved a complicated fact pattern concerning two Delaware LLC defendants and other defendants who were non-resident individuals or entities. As shown below, in *Shamrock* the two Delaware LLC defendants (as opposed to the non-resident defendants who were not incorporated in Delaware) expressly acknowledged that the Delaware court had personal jurisdiction over

them under 6 Del. C. § 18-105.[3] In addition, Apollo has admitted having a meeting with a New York company in Delaware regarding the sale of its accused system; an additional contact with Delaware related to the accused device and the patent-in-suit.

Debt Resolve respectfully submits, particularly now in light of Apollo's admissions, that it has firmly established this Court's personal jurisdiction over Apollo with respect to this action (as well as the jurisdiction of the Southern District of New York and the District of Delaware).

## II. ARGUMENT

### A. Apollo's Failure To Rebut Debt Resolve's Showing Of The Use Of Apollo's Accused System By New Jersey (And New York) Debtors Establishes Personal Jurisdiction

By failing to deny or rebut in any way Debt Resolve's showing that Apollo's accused system is used by New Jersey and New York debtors, Apollo has effectively admitted that its accused system has been and is being used by, and/or is being offered for use to debtors in New Jersey and New York; and that regardless of whether it was Apollo or a creditor who invited those debtors to use the accused system, the system actually used by and offered to those debtors is operated, maintained and administered by Apollo.

Apollo cites *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed.Cir. 1998) for the proposition that company A's doing business with a company B that does business in a state C is not the same as company A doing business in state C. But the fact pattern and rationale of that case is completely inapposite here. This is not a case where a supplier sells a discrete infringing product, such as a particular

---

[3] 6 Del. C. § 18-105(a) describes how to properly serve legal process on a Delaware LLC. 6 Del. C. § 18-105(b) provides for service of process on the Delaware Secretary of State when service of process cannot be made in the manner described by (a).

machine, to a customer in one state who may or may not use the product in, or transport the product to, another state. Apollo is hosting its web-based accused system for use by creditors and debtors in any state, including New Jersey and New York (as well as Delaware). Apollo has not denied, and has therefore effectively admitted, that when a debtor interacts with Apollo's system, he or she is interacting, directly accessing, an online computer software system that is operated and administered by Apollo. Thus, Apollo is necessarily involved in every contact between a creditor and a debtor involving use of the accused system because it is operated by Apollo. Apollo's contract may be with the creditor, who licenses the accused system, but Apollo operates the accused system and the debtor interacts directly with Apollo's accused infringing system, regardless of where the debtor or the creditor is located. (See Burchetta Dec., ¶ 4.)

Having purposefully directed the accused web-based system to creditors and debtors nationally, in circumstances where it is virtually certain, and now admitted by Apollo, that its system is used and/or offered to New Jersey and New York debtors, Apollo is in no position to legitimately contend that it has not purposefully directed its activities to those fora and that those fora lack jurisdiction. *See, e.g., Coolsavings.com, Inc. v. IQ Commerce Corp.*, 53 F.Supp.2d 1000, 1002-3 (N.D.Ill. 1999)(defendant purposefully established minimum contacts with the forum in part by "setting up an interactive web site directed at the entire country, knowing and hoping that residents of all states would use it"); *see also, Electronics for Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1351 (Fed.Cir. 2003)(jurisdiction found where defendant purposefully directed activities relating to the subject of the action to the forum state); *3D Systems, Inc. v. Aarotech Laboratories, Inc.,* 160 F.3d 1373, 1378 (Fed.Cir. 1998)(same).

B.  **This Court Has Personal Jurisdiction Over Apollo In New Jersey Based On Apollo's Admitted Contacts With The Forum To Sell The Accused System**

1.  **Apollo Has Purposefully Directed Its Activities To New Jersey By Personally Soliciting The Business Of New Jersey Companies**

Apollo now expressly admits that it has been in contact with MRS Associates[4], located in Cherry Hill, New Jersey, to sell its accused system, and that Christopher Imrey, Apollo's President and CEO, has visited MRS Associates at its New Jersey office for that purpose.[5]

A single contact in New Jersey can serve as the basis for a court's exercise of personal jurisdiction over a non-resident defendant. *See United States Golf Association v. U.S. Amateur Golf Association*, 690 F.Supp. 317, 320 (D.N.J. 1988)(a single deliberate contact with New Jersey can confer jurisdiction); *Osteotech*, 6 F.Supp.2d at 354 (a single sale to a New Jersey customer held sufficient to exercise personal jurisdiction over defendant in a patent infringement case). *See also Carteret Sav. Bank v. Shusan*, 954 F.2d 141, 150 (3d Cir. 1992)(finding visits important to questions of personal jurisdiction); *Rutherford v. Sherburne Corp.*, 616 F.Supp. 1456, 1461 (D.N.J. 1985)(holding defendant's solicitation of New Jersey residents through advertisements and the use of a sales representative sufficient to establish that defendant had purposefully availed itself of the forum). The visit by Apollo's President and CEO to New Jersey to discuss the sale of the accused system with a New Jersey company is a

---

[4] Apollo claims that personal jurisdiction is not proper in New Jersey because it was MRS Associates who initiated contact with Apollo. That assertion is legally incorrect. *See One World Botanicals Ltd. v. Gulf Coast Nutritionals, Inc.*, 987 F.Supp. 317, 324 (D.N.J. 1997)(finding jurisdiction when defendant directed an action specifically toward New Jersey in response to a solicitation by a third party).

[5] See the March 15, 2007 Affidavit of Apollo President and CEO Christopher Imrey submitted in support of Apollo's Reply Brief. at ¶ 2.

clear demonstration that Apollo has purposefully directed its activities to the forum and that those activities are directly related to the subject matter of the lawsuit. These contacts in and of themselves are enough for this Court to assert jurisdiction over Apollo in New Jersey.

Apollo cites *Imo Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 260 (3d Cir. 1998) and *Hudson Marine Mgmt. Servs., Inc., v. Thomas Miller Inc.*, 2006 U.S. Dist. LEXIS 21623, *8-9 (D.N.J. 2006) in an effort to minimize those contacts, but both are off-point. In *Imo Industries,* unlike here, the communications in question were never even sent into New Jersey where jurisdiction was alleged (letters sent to Italy and New York; meetings in Germany and Canada). In *Hudson Marine*, no personal jurisdiction was found because the visit into the forum was not related to the claim at issue in the litigation. Apollo's reliance on *Transcontinental Fertilizer Co. v. Saudi Arabian Fertilizer Marketing Co.*, 1995 U.S. Dist. LEXIS 564, *6 (E.D.Pa. 1995) is also inapposite. That case held that attending two trade shows in the relevant forum do not constitute "continuous and systematic" contacts sufficient to give rise to <u>general</u> personal jurisdiction. Debt Resolve has alleged specific, not general, jurisdiction over Apollo in New Jersey.

### 2. Apollo Has Also Purposefully Directed Its Activities To New Jersey Through The Use Of Its Website In New Jersey

Apollo claims that jurisdiction is not appropriate in New Jersey based on Apollo's website. However, Apollo's website is doing much more than providing information about Apollo and its products in a non-interactive way. Apollo has now admitted that its first contact with New Jersey-based MRS Associates was via it website when MRS

Associates requested a demonstration.[6] Clearly, Apollo was aware that it was being contacted by a New Jersey resident with regard to the demonstration request made by MRS Associates because Apollo's website requires that information prior to the submission of any request. (Burchetta Dec., ¶ 13.) Apollo then made a deliberate decision to provide the requested demonstration, purposefully directing activity to New Jersey that is directly related to the subject matter of this lawsuit. *See Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D.Pa. 1997)(rejecting arguments that defendant was "just operating a website" or "advertising").

• • •

Taken together, the use by New Jersey debtors of the accused system operated by Apollo, the admitted direct solicitation of a New Jersey company to license the accused system, and Apollo's interactive website, all combine to make an overwhelmingly case for jurisdiction. It simply cannot be seriously argued that Apollo is not purposefully directing its accused activities to this forum.[7]

---

[6] See the March 15, 2007 Affidavit of Apollo President and CEO Christopher Imrey submitted in support of Apollo's Reply Brief at ¶ 2.

[7] However, if for some reason, the Court does not find that a prima facie case for jurisdiction has been presented, jurisdictional discovery should be granted as requested in Debt Resolve's pending motion (Dkt No. 10).

### C. New York Has Personal Jurisdiction Over Apollo Based On Apollo's Admission That It Sold The Accused System In New York And Is Soliciting New York Companies

Should this Court find that it does not have jurisdiction over Apollo in New Jersey, the case could be transferred to the Southern District of New York. Because New York's long arm statute s not co-extensive with the limits of due process, Federal Circuit law requires a court, in determining if jurisdiction is proper, to (i) determine whether a forum state's long-arm statute permits service of process, and (ii) determine whether the assertion of personal jurisdiction would violate due process. *See Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed.Cir. 1997).

New York Civil Practice Laws and Rules (CPLR) § 302(a)(1) confers jurisdiction over a non-domiciliary that "transacts business within the state" if there is a "direct relationship between the cause of action and the in state conduct." *Fort Knox Music, Inc. v. Baptiste*, 203 F.3d 193, 196 (2d Cir. 2000). "Transacting business requires only a minimal quantity of activity, provided that it is of the right nature and quantity." *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996). Where there is a showing that business was transacted, there must be an "articulable nexus" between the business and the cause of action. *Cutco Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986); *Graphic Controls* Corp. v. *Utah Med. Prods., Inc.*, 149 F.3d 1382, 1386 (Fed.Cir. 1998). A single business transaction may be sufficient to satisfy the nexus test and physical presence by the defendant in the forum state during the activity is not necessary. *Bank Brussels Lambert v. Fiddler Gonzales & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999); *Pieczenik*, 265 F.3d at 1333.

Apollo has admitted that it has sold the accused system to a New York company.[8] Apollo has also admitted to contacts with at least two other New York companies regarding the accused system.[9] Those contacts, which directly concern the accused system, are clearly business transactions that are related to the patent infringement action. Therefore, jurisdiction is appropriate in New York because Apollo is transacting business within New York and there is an "articulable nexus" between the business and this patent infringement action. Moreover, this sale of (licensing) of the accused system to a New York company and the other contacts with New York companies, taken together with the use by New York debtors of the accused system operated by Apollo, also clearly establishes that the Southern District of New York would have personal jurisdiction over Apollo with respect to this action.

> D. **If The Court Should Decline To Retain This Case, And The Case Is Not Transferred To New York, It Should Be Transferred To Delaware, But Not California**

In the event that this Court should decline to assert jurisdiction and the case is not transferred to New York, it should be transferred to the District of Delaware.

Debt Resolve's opening Response showed that Delaware has personal jurisdiction over limited liability companies ("LLCs") organized under the laws of the State of Delaware, citing *Reach & Associates, P.C. v. Dencer*, 269 F.Supp.2d 497, 502 (D.Del. 2003). In reply, Apollo argues that jurisdiction is not appropriate in Delaware because (i) Apollo has no members, offices, facilities, etc., in Delaware, citing *Carden v. Arkoma Associates*, 494 U.S. 185 (1990), and (ii) Delaware only exercises jurisdiction over LLCs whose sole contact is organization under its laws when the cause of action arises from the

---

[8] See the March 15, 2007 Affidavit of Apollo President and CEO Christopher Imrey submitted in support of Apollo's Reply Brief. at ¶ 3.
[9] *Id.*

formation. Apollo's reliance on *Carden* is misplaced because *Carden* concerns diversity, not federal question, jurisdiction. *Carden* holds that for artificial entities "diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members." 494 U.S. at 195. This is a patent infringement case; the Court's subject matter jurisdiction arises from 28 U.S.C. § 1338, federal question jurisdiction, and not 28 U.S.C. §1332(a), diversity jurisdiction.

Apollo also wrongly contends that *Shamrock Holdings of California, Inc. v. Arenson et al.*, 421 F.Supp.2d 800 (D.Del. 2006) supports its position that Delaware does not exercise jurisdiction over a limited liability company whose only contact with the state is organization under its laws. *Shamrock*, however, stands for a completely different proposition than that put forth by Apollo. The question addressed by the court in *Shamrock* was whether it was appropriate for a Delaware court to exercise personal jurisdiction over a number of non-resident defendant[10] investors whose sole contact with the state was related to their involvement in the organization of a Delaware LLC (not a defendant) that was unsuccessful and ultimately the subject of the lawsuit. The court found that there was jurisdiction over the non-resident defendants, recognizing that "a single act of incorporation in Delaware will suffice to confer personal jurisdiction over a nonresident defendant if such purposeful activity in Delaware is an integral part of the transaction to which the plaintiff's cause of action relates." *Shamrock*, 421 F.Supp.2d at 804. The opinion did not address, however, whether a Delaware LLC was subject to personal jurisdiction Delaware simply because it was a Delaware LLC. In fact, the court

---

[10] The defendants in the case were a mix of non-resident individuals, non-resident corporations, non-resident LLCs, and Delaware LLCs. Only the non-resident, non-Delaware LLCs contested jurisdiction.

could not have possibly addressed that question because the issue was never raised; the Delaware LLC defendants in *Shamrock* never contested personal jurisdiction. In fact, the two defendant Delaware LLC defendants in *Shamrock* expressly acknowledged that both were subject to personal jurisdiction in Delaware pursuant to 6 Del. C. § 18-105.[11]

With respect to Apollo's forum non conveniens-type arguments against transfer to Delaware, as noted in DR's Response, Debt Resolve, as the plaintiff and first-filer should have the right to choose the forum and it is no more inconvenient for Apollo to litigate on the East Coast than it would be for Debt Resolve to litigate this matter in California.

---

[11] See the accompanying attorney Declaration of Daniel A. Ladow, Exhibit A (the defendants' motion to dismiss in *Shamrock*) at p. 9, fn. 2.

III. CONCLUSION

For all of the foregoing reasons, Debt Resolve respectfully submits that the admissions made in Apollo's Reply Brief have now firmly established that this Court has personal jurisdiction over Apollo with respect to this action. Alternatively, if the Court should find that a prima facie case for jurisdiction has not been presented, the Court should permit discovery be taken of Apollo with respect to these jurisdictional issues. If it is found that the District of New Jersey does not have jurisdiction over Apollo, the case should be transferred to New York, or in the alternative, to Delaware, but not to California.

Dated: March 23, 2007

                                                Respectfully submitted,

                                                /s/_____
                                                Ian S. Marx, Esq. (IM 1704)
                                                GREENBERG TRAURIG, LLP
                                                200 Park Avenue
                                                Florham Park, New Jersey 07932
                                                *Attorneys for Plaintiff*
                                                *Debt Resolve, Inc.*

Of Counsel:

Albert L. Jacobs, Jr.
Daniel A. Ladow
GREENBERG TRAURIG, LLP
Met Life Building
200 Park Avenue
New York, New York 10166