Ian S. Marx, Esq. (IM 1704)
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
(973) 360-7900
(973) 301-8410 (Fax)

Of Counsel:
Albert L. Jacobs, Jr., Esq.
Daniel A. Ladow, Esq.
GREENBERG TRAURIG, LLP
Met Life Building
200 Park Avenue
New York, New York 10166
(212) 801-9200
(212) 801-6400 (Fax)

*Attorneys for Plaintiff*
*Debt Resolve, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEBT RESOLVE, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>APOLLO ENTERPRISE SOLUTIONS, LLC,<br><br>        Defendant. | Civil Action No. 07-103 (MLC)<br><br>***Returnable: Monday, April 2, 2007***<br>***Oral Argument Requested*** |

**PLAINTIFF DEBT RESOLVE, INC.'S REPLY TO**
**DEFENDANT'S OPPOSITION TO MOTION**
**FOR JURISDICTIONAL DISCOVERY**

I.   PRELIMINARY STATEMENT

Debt Resolve submits this memorandum in reply to Apollo's Opposition to Plaintiff's Motion for Jurisdictional Discovery, dated 3/19/2007 ("Apollo's Opposition").[1]

Debt Resolve moved for jurisdictional discovery in the event the Court finds that a *prima facie* case for personal jurisdiction has not been presented. Subsequent to the filing of this motion, Apollo's Opposition (which is substantially identical to its reply brief on the Order to Show Cause) both expressly and impliedly admitted a number of facts which Debt Resolve believes confirm that this court has jurisdiction over Apollo.

On a motion to conduct jurisdictional discovery the plaintiff must show with "reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state." *Toys "R" Us . v. Step Two S.A.,* 318 F.3d 446, 456 (3d Cir. 2003). In light of Debt Resolve's prior showing and Apollo's subsequent admissions, it cannot be seriously disputed that Debt Resolve has more than met that standard.

II.   ARGUMENT

　　A.   **Debt Resolve Should Be Allowed To Take Discovery From Apollo On Personal Jurisdiction If The Court Declines To Find That Debt Resolve Has Shown A *Prima Facie* Case For Jurisdiction**

By failing to deny or rebut in any way Debt Resolve's showing that Apollo's accused system is used by New Jersey debtors, Apollo has effectively admitted that its accused system has been and is being used by, and/or is being offered for use to debtors in New Jersey, and that regardless of whether it was Apollo or a creditor who invited

---

[1] Terms defined in Debt Resolve's March 8, 2007 Response to Order & Order to Show Cause on Jurisdiction are used herein as so defined.

those debtors to use the accused system, the system actually used by and offered to those debtors is operated, maintained and administered by Apollo. Apollo has also expressly admitted that that it has been in contact with MRS Associates, located in Cherry Hill, New Jersey, to sell its accused system, both through Apollo's website and at least one personal visit by Christopher Imrey, Apollo's President and CEO[2].

If the Court should conclude, however, that a *prima facie* case for jurisdiction has not been made, the governing legal standard with respect to taking discovery on this issue is that "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us,* 318 F.3d at 456, (allegations that are "specific, non-frivolous, and a logical follow-up based on the information known" entitle a plaintiff to jurisdictional discovery). Where a plaintiff presents factual allegations that suggest with "reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state," the plaintiff's right to conduct jurisdictional discovery should be sustained. *Id.* (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

In its opening brief and through the Burchetta Declaration, Debt Resolve presented specific factual allegations that suggest with "reasonable particularly" the existence of the requisite contacts between Apollo and the forum. In response to those specific factual allegations, Apollo has now effectively admitted that its accused system is used by and offered to New Jersey debtors, and has expressly admitted that it has had contacts with, including a visit to, a New Jersey company to sell (license) its accused

---

[2] See the March 15, 2007 Affidavit of Apollo President and CEO Christopher Imrey submitted in support of Apollo's Opposition at ¶ 2.

system -- thus admitting the requisite contacts with the forum sufficient to not only support jurisdictional discovery but to establish personal jurisdiction.

### B. Apollo's Arguments That Debt Resolve Has Failed To Meet Its Burden Of Demonstrating That Jurisdictional Discovery Is Warranted In This Case Are Without Merit

It is idle for Apollo to pretend that Debt Resolve has relied on "the bare allegations of its complaint to warrant further discovery." The Burchetta Declaration submitted by Debt Resolve made multiple specific factual allegations sufficient for this Court not only to allow jurisdictional discovery but to assert specific personal jurisdiction over Apollo in this matter. Apollo's reliance on *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 475 (D.Del. 1995), *Poe v. Babcock Int'l, plc*, 662 F.Supp. 4, 7 (M.D.Pa. 1985), *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997), and *Rose v. Granite City Police Dep't*, 813 F.Supp. 319, 321 (E.D.Pa. 1993) is inapposite. In each of these cases, the plaintiff, in response to affidavits filed by the defendant alleging facts indicating a lack of jurisdiction, chose to rely on the allegations made in his or its pleadings rather than file responsive affidavits with specific factual allegations as to why jurisdiction was proper. Debt Resolve has not met Apollo's affidavits with mere speculation; Debt Resolve has countered Apollo's affidavits with specific factual allegations, many of which Apollo has now admitted in its Opposition.

Apollo has admitted to having direct contacts with a New Jersey company, MRS Associates in Cherry Hill, New Jersey, regarding the sale of its accused system. Those contacts include interaction through the Apollo website and personal visits to the New Jersey offices of MRS Associates by Apollo's President and CEO. In an effort to minimize the importance of those contacts, Apollo cites to *In re Cendant Corp. Derivative Action Litig.*, 189 F.R.D. 117, 136 (D.N.J. 1999) and *Covenant Bank for*

*Savings v. Cohen*, 806 F.Supp. 52, 55 (D.N.J. 1992), but both cases are factually inapposite. Contrary to Apollo, *Cendant* does not stand for the proposition that an unsolicited contact will not by sufficient to establish specific jurisdiction. The issue in *Cendant* was whether the court had jurisdiction over a non-resident officer of a New Jersey-based company solely because she was an officer of the New Jersey-based company. The court found no jurisdiction because the non-resident officer herself did not have the necessary contacts with the forum. *Cendant*, 189 F.R.D. at 136.

In *Covenant*, the issue was whether jurisdiction existed over a non-resident defendant where the defendant's only contacts with the forum were through contacts directed to the defendant by the plaintiff. The court found that "the case law clearly establishes that a resident plaintiff's unilateral acts, directed to a nonresident defendant, do not create sufficient minimum contacts between the nonresident defendant and the forum, even where the plaintiff's claim arises out of these acts." *Covenant*, 806 F.Supp. at 55. Debt Resolve, however, has not taken any action directed toward Apollo in an effort to establish personal jurisdiction over Apollo in New Jersey. It is <u>Apollo's</u> (now admitted) contacts with New Jersey, including providing its accused system for use by New Jersey debtors and soliciting a New Jersey company at its offices in New Jersey, that are the basis Debt Resolve's allegations of personal jurisdiction.

### III.   CONCLUSION

For all of the foregoing reasons, Debt Resolve respectfully requests that if the Court should find that a prima facie case for jurisdiction has not been presented, Debt Resolve's motion for jurisdictional discovery should be granted.

Dated: March 26, 2007

                                                  Respectfully submitted,

                                                  /s/_____
                                                Ian S. Marx, Esq. (IM 1704)
                                                GREENBERG TRAURIG, LLP
                                                200 Park Avenue
                                                Florham Park, New Jersey 07932
                                                *Attorneys for Plaintiff*
                                                *Debt Resolve, Inc.*

Of Counsel:

Albert L. Jacobs, Jr.
Daniel A. Ladow
GREENBERG TRAURIG, LLP
Met Life Building
200 Park Avenue
New York, New York 1016