```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DEBT RESOLVE, INC., | : CIVIL ACTION NO. 07-103 (MLC) |
| Plaintiff, | : **MEMORANDUM OPINION** |
| v. | : |
| APOLLO ENTERPRISE SOLUTIONS, LLC, | : |
| Defendant. | : |

**THE COURT** ordering the parties to show cause why the action should not be transferred under 28 U.S.C. § ("Section") 1404 to the United States District Court for (1) the District of Delaware, as both parties are organized under Delaware law, (2) the Southern District of New York ("SDNY"), as the plaintiff — Debt Resolve, Inc. ("DRI") — has its principal place of business therein in White Plains, or (3) the Central District of California, as the defendant — Apollo Enterprise Solutions, LLC ("AES") — has its office therein in Irvine (dkt. entry no. 7, Order to Show Cause); and DRI bringing this action against AES, inter alia, to recover damages for infringement of United States Patent No. 6,330,551 ("'551 patent") (Compl.); and

**IT APPEARING** that DRI, as a Delaware corporation with its principal place of business in New York (id. at 2), is a citizen — in addition to Delaware — of New York; and it appearing that AES — contrary to DRI's allegation that AES is a corporation (id.) — is a limited liability company; and it appearing that limited liability companies are (1) unincorporated associations, and (2)

deemed citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business, see Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); and it appearing that, as at least one individual member is a New York citizen, AES is a citizen — among other states — of New York (dkt. entry no. 8, Imrey Aff., Ex. A); and

**DRI ASSERTING** initially that venue is proper here because (1) AES solicits business in New Jersey, and (2) the "'551 patent has recently been successfully asserted by Cybersettle, Inc., which has exclusive rights thereunder relating to insurance disputes, in Cybersettle, Inc. v. National Arbitration Forum, Inc., D.N.J., Case No. [04-4774] (MLC)" (Compl., at 3); and AES objecting to the New Jersey venue in support of a motion, inter alia, to dismiss the complaint (dkt. entry nos. 5 & 6); and thus the Court being authorized to address the issue of whether a transfer of venue under Section 1404 is appropriate, see White v. ABCO Eng'g Corp., 199 F.3d 140, 144 (3d Cir. 1999), Schwilm v. Holbrook, 661 F.2d 12, 16 (3d Cir. 1981), Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976); and

**THE COURT** having broad discretion under Section 1404 to consider a transfer of venue to a district where an action might have been more properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877, 883 (3d Cir. 1995); and the Court, upon carefully reviewing the parties' responses to the order to

show cause and papers related thereto, intending to transfer the action to the SDNY, as there is jurisdiction in the SDNY because the parties are New York citizens, see Shutte v. Armco Steel Corp., 431 F.2d 22, 23 (3d Cir. 1970) (stating transferee court must have jurisdiction over parties);[1] and it appearing further that DRI, as plaintiff, would prefer the SDNY over California (see dkt. entry nos. 9 & 13, DRI Resp., at 4, 17, & Reply, at 12), see Lawrence v. Xerox Corp., 56 F.Supp.2d 442, 452 (D.N.J. 1999) (stating plaintiff's venue choice is paramount, and entitled to greater deference if opting for home forum);[2] and it appearing that the SDNY is where (1) DRI's witnesses probably live, work, and can be compelled to testify, (2) evidence will be found, and (3) citizens will have an interest in the outcome, as both parties are New York citizens; and it appearing that this dispute's connection to New Jersey is "tenuous", because DRI merely alleges that, as a statistical matter, AES must have customers in New Jersey based on AES's operation of a nationwide business (see DRI Resp., at 2-3, 7, 12), see Del Raso v. Stanley H. Kaplan Educ. Ctr., No. 94-2629, 1995 WL 66713, at *4 (E.D. Pa. Feb. 15, 1995) (granting motion to transfer); and

---

[1] AES disputes personal jurisdiction in New Jersey.  (See dkt. entry nos. 5 & 6.)  No such dispute would arise in New York.

[2] DRI could have avoided AES's jurisdiction objection by bringing this action in New York.  Also, DRI may have been able to bring a new action in New York and then withdraw this action while the order to show cause was pending.  See Fed.R.Civ.P. 41(a).

**THE COURT** noting that AES's assertion that the action should be transferred to California — as it commenced its own action there concerning the '551 patent against DRI three weeks after being served in this action (dkt. entry no. 8, AES Resp., at 3) — must fail (1) in light of the deference to be shown to DRI's preference for the SDNY, and (2) because the California court stayed the California action almost immediately in light of the earlier-filed action pending here, see <u>AES v. DRI</u>, C.D. Cal. No. 07-106, dkt. entry no. 16, 4-10-07 Order; and it appearing that AES's argument that "personal jurisdiction and/or venue would not be proper in New York . . . and this action may not be transferred to [that] jurisdiction" (AES Resp., at 2) is without merit, as AES is a citizen, among other states, of New York; and

**THE COURT** thus intending to transfer the action to the SDNY; and for good cause appearing, the Court will issue an appropriate order.

                                                  s/ Mary L. Cooper
                                                  **MARY L. COOPER**
                                                  United States District Judge