Thomas A. Egan (TE-0141)
**FLEMMING ZULACK WILLIAMSON ZAUDERER LLP**
Attorneys for Defendant Apollo Enterprise Solutions, LLC
One Liberty Plaza
New York, New York 10006
(212) 412-9500

Jan P. Weir, Esq.
Steven M. Hanle, Esq.
Jennifer A. Trusso, Esq.
**STRADLING YOCCA CARLSON & RAUTH**
Attorneys for Defendant Apollo Enterprise Solutions, LLC
660 Newport Center Dr., Suite 1600
Newport Center, CA 92660
(949) 725-4000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBT RESOLVE, INC., <br><br> Plaintiff, <br><br> -v- <br><br> APOLLO ENTERPRISE SOLUTIONS, LLC, <br><br> Defendant. | 07-cv-4531(JSR) <br><br> **ECF Designated Case** <br><br> **ANSWER AND COUNTERCLAIM** |

Defendant APOLLO ENTERPRISE SOLUTIONS, LLC, ("Apollo") by its attorneys submit this answer in response to Plaintiff's DEBT RESOLVE, INC., Complaint dated January 8, 2007 (the "Complaint"). For its answer to the Complaint, APOLLO ENTERPRISE SOLUTIONS, LLC, alleges as follows:

1. Apollo admits that the Complaint alleges causes of action for patent infringement arising under the patent laws of the United States as alleged in paragraph 2 of the Complaint. Apollo also admits that this Court has subject matter jurisdiction

pursuant to 28 U.S.C. § 1338(a) alleged in paragraph 2 of the Complaint. Apollo denies that venue was proper in the United States District Court for the District of New Jersey at the time the Complaint was filed as alleged in paragraph 2 of the Complaint.

2. Apollo denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint.

3. Apollo denies that it was a Delaware corporation at the time of the filing of the Complaint as alleged in paragraph 4 of the Complaint. Apollo admits that its principal place of business is at 2111 Business Center Drive, Suite 204, Irvine, California 92612.

4. Apollo denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

5. Apollo admits that a copy of United States Patent No. 6,330,551 ("'551"), and United States Patent No. 6,954,741 ("'741") are attached to the Complaint as Exhibits A and B respectively. Apollo denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6.

6. Apollo admits that it provides web-hosted solutions for industries involved in receivables management and debt collections as alleged in paragraph 7 of the Complaint. Apollo denies the remaining allegations of paragraph 7 of the Complaint.

7. Apollo admits that it calls its system Intelligent Debt Solutions for Debtor Self Settlement as alleged in paragraph 8 of the Complaint. Apollo further admits that its web site has described its product as providing a "web-based collections and recovery platform" and that it presents "the debtor with multiple payment or settlement offers with flexible payment terms in a non-threatening, online environment" as alleged in paragraph 8 of the Complaint. Apollo denies the remaining allegations of paragraph 8 of the Complaint.

8. Apollo denies all the allegations of paragraph 9 of the Complaint.

9. Apollo denies all the allegations of paragraph 10 of the Complaint.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, Apollo asserts the following:

## FIRST AFFIRMATIVE DEFENSE

10. The claims of the '551 and '741 patents are invalid for failing to meet all applicable statutory requirements in Part II of Title 35 of the United States Code including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112, as conditions for patentability.

## COUNTERCLAIM

11. Apollo incorporates paragraphs 1-10 of its Answer as if fully set forth herein.

12. This is a counterclaim for a declaratory judgment of patent invalidity and noninfringement. Jurisdiction in this Court is based on 28 U.S.C. §§ 1338(a), 2201 and 2202.

13. Venue properly lies within this judicial district under the provisions of 28 U.S.C. §§ 1391 and 1400(b).

14. An actual controversy exists between Debt Resolve and Apollo with respect to the alleged validity and infringement of the '551 and '741 patents.

15. The claims of '551 and '741 patents are invalid for failing to meet the applicable statutory requirements in Part II of Title 35 of the United States Code including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112, as conditions for patentability.

16.     Apollo's manufacture, use, sale or offer for sale of its Intelligent Debt Solutions for Debtor Self-Settlement does not infringe any valid and enforceable claim of the '551 and '741 patents.

17.     Unless Apollo's Intelligent Debt Solutions for Debtor Self-Settlement system is found not to infringe the claims of the '551 and '741 patents, or unless said patent claims are adjudged invalid, Apollo will be irreparably injured in its business to the detriment of Apollo, its customers and the public.

## PRAYER FOR RELIEF

WHEREFORE, Apollo respectfully requests this Court grant it the following relief:

A.      A judgment and order dismissing the Complaint with prejudice;

B.      A judgment and order declaring that Apollo's Intelligent Debt Solutions for Debtor Self-Settlement system does not infringe any claim of the '551 and '741 patents;

C.      A judgment and order declaring that the claims of the '551 and '741 patents invalid;

D.      A finding that this case is exceptional and an award of Apollo's cost and attorney's fees; and

E.   Such further relief as this Court may deem just and equitable.

Dated: June 28, 2007

                              **FLEMMING ZULACK WILLIAMSON ZAUDERER LLP**
Attorneys for Defendant Apollo Enterprise Solutions, LLC

By: _Thomas A. Egan_ _____
      Thomas A. Egan (TE-0141)
One Liberty Plaza
New York, New York 10006
(212) 412-9500

Jan P. Weir, Esq.
Steven M. Hanle, Esq.
Jennifer A. Trusso, Esq.
**STRADLING YOCCA CARLSON & RAUTH**
Attorneys for Defendant Apollo Enterprise Solutions, LLC
660 Newport Center Dr., Suite 1600
Newport Center, CA 92660
(949) 725-4000