Thomas A. Egan (TE 0141)
Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York 10006
(212) 412-9507

and

Jan P. Weir (admitted *pro hac vice*)
Steven M. Hanle (admitted *pro hac vice*)
Jennifer A. Trusso (admitted *pro hac vice*)
Douglas Q. Hahn (DH 3032)
Stradling Yocca Carlson & Rauth
660 Newport Center Dr., Suite 1600
Newport Center, CA 92660
(949) 725-4000

Attorneys for Defendant
Apollo Enterprise Solutions, LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEBT RESOLVE, INC.,<br><br>     Plaintiff,<br><br>  -v-<br><br>APOLLO ENTERPRISE SOLUTIONS, LLC,<br><br>     Defendant. | 07-cv-4531(JSR)<br><br>**ECF Designated Case** |

**DEFENDANTS LOCAL RULE 56.1 STATEMENT OF**
**UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT OF PATENT NON-INFRINGEMENT**

  1. The '551 Patent is directed to an internet based, automated method and system for use in dispute resolution. Exh. 1 (the '551 Patent) Col. 1:40-49.

2. The '551 Patent system is designed for automated resolution of a dispute "made by or on behalf of a person involved in a dispute, such as a plaintiff in a lawsuit or other claimant, with at least one other person, such as a defendant, his or her insurer, or other sponsor." Exh. 1 (the '551 Patent) Col. 1:44-47.

3. The '551 Patent system permits the adverse parties to reach a settlement through an automated dispute resolution system that receives the parties' settlement offers, prevents disclosure of the offers to the other party, and calculates whether, based on a preestablished condition or formula, the offers are close enough to result in a settlement. Exh. 1 (the '551 Patent) Col. 1:55 – Col. 2:40.

4. If a settlement is reached, the parties are notified. Exh. 1 (the '551 Patent) Col. 9:16-19. If no settlement is reached, the parties are notified and may be presented a further opportunity or round to submit offers. Exh. 1 (the '551 Patent) Col. 9:48-52.

5. The '551 Patent provides an example of the system performing a comparison based on preestablished conditions as follows:

> If the offer in any round is less than the demand and within a preestablished percentage, for example thirty percent, of the demand in the same round, i.e. the offer is greater than or equal to seventy percent of the demand, the claim is settled for an amount in accordance with a first preestablished formula, for example, the median amount between the demand and the offer.

Exh. 1 (the '551 Patent) Col. 2:21-27.

6. Debt Resolve's Complaint asserts that the Apollo IDS system infringes the '551 Patent "including but not limited to claims 1, 2, 3, 6 and 27." Exh. 2 (the Complaint) ¶9.

7. Claim 1 of the '551 Patent is as follows:

NON-CONFIDENTIAL REDACTED VERSION
DOCSOC/1240172v2/100604-0001

> 1. A computer executable method for dispute resolution, operative to control a computer and stored on at least one computer readable medium, the method when executed comprising:
>
> a) receiving a plurality of demands from a first party for a claim;
>
> b) receiving a plurality of settlement offers from a second party for the claim;
>
> c) preventing disclosure of the demands to the second party, and preventing disclosure of the settlement offers to the first party;
>
> d) calculating differences between the demands and the settlement offers in rounds, each of the differences being calculated in a round using one demand and one settlement offer, the one demand and the one settlement offer being unequal in value;
>
> e) determining whether any of the differences fall within at least one predetermined criterion;
>
> f) if any of the differences fall within the at least one predetermined criterion, transmitting a message to the first party and the second party that the claim is resolved; and
>
> g) if the differences do not fall within the at least one predetermined criterion, transmitting a message that the claim has not been resolved.

Exh. 1 (the '551 Patent).

8.   Each claim in the '551 Patent requires that the system perform a comparison by "calculating differences between the demands and the settlement offers" and "determining whether any of the differences fall within at least one predetermined criterion." Exh. 1 (the '551 Patent).

9.   The '551 Patent independent claims 1, 8, 32, 59, 132 and 142 require preventing disclosure of each party's bid from the other. Exh. 1 (the '551 Patent), claims 1, 8, 32, 59, 132 and 142.

3

10. Each claim in the '551 Patent requires receiving at least one offer from the second party and many claims require receiving multiple offers from the second party. Exh. 1 (the '551 Patent).

11. The Federal Circuit Court of Appeals recently held in the case of *Cybersettle, Inc. v. National Arbitration Forum, Inc.*, 2007 U.S. App. LEXIS 17537, *8-15 (Fed. Cir. 2007) that the claims of the very same '551 Patent, require the receiving steps in the method to actually be performed (as opposed to being contingent) for there to be patent infringement. Exh. 3.

12. The '741 Patent is a Continuation-in-part of the application that issued as the '551 patent and is directed to similar subject matter. Exh. 4.

13. The '741 Patent system permits the adverse parties to reach a settlement through an automated dispute resolution system that receives the parties' settlement offers, prevents disclosure of the offers to the other party, and calculates whether, based on a preestablished condition or formula, the offers are close enough to result in a settlement. Exh. 4 (the '741 Patent) Col. 3:54 - Col. 4:16 and Col. 4:65 - Col. 5:3.

14. If a settlement is reached, the parties are notified. Exh. 4 (the '741 Patent) Col. 10:51-54. If no settlement is reached, the parties are notified and may be presented a further opportunity or round to submit offers. Exh. 4 (the '741 Patent) Col. 11:15-20.

15. The '741 incorporates several improvements over the invention described in the '551 Patent, including the addition of a facilitator or "power round" that can be requested by the parties in the event that the rounds of negotiation are unsuccessful. Exh. 4 (the '741 Patent) Col. 1:39-43 and 5:38-55.

16. Debt Resolve's Complaint asserts that the Apollo IDS system infringes the '741 Patent "including but not limited to claims 42 and 51." Exh. 2 (the Complaint) ¶9.

17. Claim 51 of the '741 Patent is as follows:

> 51. A dispute resolution method for resolving a claim between two adverse parties in rounds, the method comprising: automatically testing non-equal values, submitted by the adverse parties in at least two rounds for the claim, for satisfaction of a condition, wherein the claim is not resolved if the condition is not satisfied; calculating a binding settlement payment, when the condition is satisfied by the non-equal values in a round of the at least two rounds, of an amount at least equal to a lowest of the non-equal values; and automatically, when the condition is satisfied, generating a settlement document for the claim containing case specific information; and wherein the method is performed by a system configured to resolve a dispute that does not require a non-disputant party to use human judgment or discretion in settling the dispute.

Exh. 4 (the '741 Patent).

18. Each claim in the '741 patent requires that the system perform a comparison on the offers submitted by the two parties by "automatically testing ... for satisfaction of a condition." Exh. 4 (the '741 Patent).

19. In addition, each claim in the '741 Patent also requires receiving at least one offer from the second party and many claims require receiving multiple offers from the second party. Exh. 3 (*Cybersettle, Inc. v. National Arbitration Forum, Inc.*, 2007 U.S. App. LEXIS 17537 (Fed. Cir. 2007).

20. Apollo provides internet-based solutions to creditors, collection agencies and legal recovery firms for debtor self-payment. *See* Exh. 5 (Imrey Decl.) ¶2; Exh. 6 (Imrey depo.) pp. 26:11-29:19.

21. Apollo calls this system the "Intelligent Debt Solution" system or IDS. Exh. 5 (Imrey Decl.) 2; Exh. 6 (Imrey depo.) p. 75:22-23.

5

22.   Apollo's IDS system lets clients offer their debtors online debt payment options based on the debtors' current credit status and the delinquency of the debt. Exh. 5 (Imrey Decl.) 2; Exh. 6 (Imrey depo.) pp. 55:7-56:19.

23.   The Apollo IDS system is highly configurable and the creditor/customer may add functionality by adding "modules." Exh. 5 (Imrey Decl.) 2; Exh. 6 (Imrey depo.) pp. 67:3-69:24.

24.   Apollo has implemented IDS systems for several customers and each of these customer's systems are configured similarly. Exh. 6 (Imrey depo.) p. 69:19-44.

**REDACTED**

The Apollo IDS system presents the debtor with a series of payment plans upon logging-in, which are based upon, inter alia, the debtors' current credit status

28.    If the debtor selects one of the payment plans, then the claim is resolved. *See* Exh. 6 (Imrey depo.) p. 55:7-12.

REDACTED

REDACTED

35. In early 2004, Apollo hired the law firm of Greenberg Traurig, LLP ("GT") as its general counsel. Exh. 5 (Imrey Decl.) ¶3.

36. In September of 2004, Apollo retained GT patent law counsel Chris Darrow and Bruce Neel to perform patent work for Apollo. Exh. 5 (Imrey Decl.) ¶6.

37. On October 27, 2004, Apollo's Mr. Imrey asked Neel to take a look further into Debt Resolve's patents to provide Apollo advice on claim construction, infringement and validity. Id. at ¶9.

38. In February 2005, Apollo asked Darrow and Neel if Apollo needed a written opinion letter stating that Apollo is not infringing upon Debt Resolve's patents and that Apollo's patents are unique and independent. Exh. 5 (Imrey Decl.) ¶12.

39. Shortly after Apollo's inquiry, Darrow and Neel provided Apollo with an oral opinion regarding infringement, claim construction and validity of Debt Resolve's patents, including the '551 Patent, concluding that Apollo's product was so different that a written opinion was not necessary. Exh. 5 (Imrey Decl.) ¶13.

40. Much of the discussion with Darrow and Neal revolved around comparing Apollo's alleged infringing IDS system and the scope of Debt Resolve's patents. Exh. 5 (Imrey Decl.) ¶13.

41. Almost immediately thereafter, on February 23, 2005, Neel abruptly sent Mr. Imrey an email stating that GT would not be working any further on patent issues with Apollo. Exh. 5 (Imrey Decl.) ¶14.

NON-CONFIDENTIAL REDACTED VERSION
DOCSOC/1240172v2/100604-0001

42. Mr. Imrey later discovered this was because of a conflict of interest with Debt Resolve, who was also being represented by GT. Exh. 5 (Imrey Decl.) ¶15.

Date: August 20, 2007
Newport Beach, California

By: _____
Jan P. Weir (admitted *pro hac vice*)
Steven M. Hanle (admitted *pro hac vice*)
Jennifer A. Trusso (admitted *pro hac vice*)
Douglas Q. Hahn (DH 3032)
Stradling Yocca Carlson & Rauth
660 Newport Center Dr., Suite 1600
Newport Center, California 92660
(949) 725-4000

Thomas A. Egan, Esq.
Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York 10006
(212) 412-9507

*Attorneys for Defendant*
*Apollo Enterprise Solutions, LLC*

9

CONFIDENTIAL – ATTORNEYS' EYES ONLY – FILED UNDER SEAL