US 6,954,741 B1

29

It will be recognized that the specific windfall adjustment will depend upon the particular implementation used. Accordingly, the important aspect is that the system keeps track of whether a particular party is an initiator and there is some benefit which can accrue to the initiator when a settlement is reached.

A further advantage flowing, in part, from the on-line nature of the system is the ability to automatically provide immediate payment to a claimant or initiate an immediate transfer of the settlement payment or value when a settlement is reached. The system FIG. 7 is a simplified system variant which includes an interface 72 to effectuate payment to the claimant automatically. For example, the interface 72 may be to a payment card account system such that if a settlement is reached, and the claimant is a registered cardholder the claimant's credit/debit/charge/entertainment card is automatically credited with the settlement amount. Similarly, if the claimant has a smart card, stored value card, online creditable purse or module, or other on-line accessible way for the recipient to automatically (and preferably directly) receive the transfer, the system may be configured to automatically credit it with the settlement amount. Given the numerous ways known to transfer or receive value on-line and the rate of growth in new ways to do so, it will be appreciated that the basic principle is the automatic provision or transfer of value, not the particular scrip, protocol or device used to do so.

Alternatively, the claimant may provide the system with an account number into which a wire transfer of the funds may be automatically transferred.

In some instances, the interface is merely a pre-configured vehicle for communicating with an authority in order to inform the authority that a transfer is to be made. In this manner suitable arrangements may be made so that the system can convert the settlement into a non-monetary payment-in-kind or transfer. For example, through an arrangement with an airline frequent flyer program, or other program offering "points", the settlement can be converted into the appropriate amount of miles or points. Alternatively, the settlement may involve a non-monetary settlement figure which can automatically initiate a transfer of stocks, bonds, commodities, precious metals, gems, etc., lodged with an escrow agent. In such cases, the value provided by the respondent must be at least equal to the highest offer they will present. In the event of a settlement, the appropriate amount is calculated as the settlement figure and automatically transferred to the Claimant. For example, in the case of stocks, the shares will be automatically registered in the name of the claimant. In the case of precious metals, an account will be automatically opened in the claimant's name and a suitable amount will automatically be credited to that account. It will be recognized that, consistent with the description herein, automated dispute resolution would be extensible to apply to other payment-in-kind situations in a straightforward manner.

It may also be desirable to implement the system such that, in response to a settlement, an automatic transfer of title or an ownership interest in something is initiated, for example in the case where the dispute is a divorce and the payment may be made by transfer of title in a vacation home from one to the other party. In such a case, suitable documents authorizing the transfer will be executed but not filed. If a settlement is reached, the system will automatically notify the appropriate entities and provide the necessary documents to effectuate the transfer with a minimum of claimant involvement.

Additionally variants may initiate issuance of some insurance product, such as an annuity or a fully paid up insurance policy in the settlement amount.

30

One possible drawback to a system which allows a claimant to directly engage the system is the claimant's potential fear that, even if a settlement is reached, attorney involvement may be required in order to consummate the settlement. Advantageously, the system may be optionally constructed to address that concern. In particular, the system may be constructed to automatically generate settlement documents when a settlement is reached. As described above, when the parties engage the system one or more of the parties provide case specific information. The system contains a number of templates which can be used to generate settlement documents appropriate for the case. For example, a settlement agreement and/or release can be generated by extracting the appropriate information provided for the case and incorporating it into the template. Similarly, if sufficient information is provided for a dispute currently pending in a court, the system can use a suitable template to generate a stipulation and/or order of dismissal with prejudice, in accordance with the requirements of the particular jurisdiction. Once generated, the document can be accessed in a form conducive to printing and immediate execution or in a text format which allows further additions and/or modifications to be made to conform to local rules or custom. In the broadest sense, the on-line document feature can be likened to an having an automated clerk make a trip to the local stationary store for the appropriate legal form and type in the appropriate information. Alternatively, particular jurisdictions may restrict the form and type of document provided. As a result, the system is preferably constructed so as to take into account any such limits and restrictions within that jurisdiction and provide all appropriate disclaimers in that regard.

Multiparty Aggregation Options

Many multiparty negotiations can be directly handled as a group of two party negotiations as set forth above. However, in some cases, particularly when the claim involves a single entity against a group of entities for a claim, aggregation of the group's individual offers or demands can simplify processing.

Depending upon the particular system, the aggregation can be fully or partly blind to some or all of the parties. For example, if a plaintiff has a claim against three separate parties (collectively "the group", the group can be linked such that the system will still accept individual submissions from each. However, once received, individual submissions from each member of the group will be added to corresponding submissions of the others in the group to form one or more sets of aggregate values. The system is "fully blind" because the individual members of the group are not informed that the aggregation is being performed. An aggregate value is used in the system as if it was an offer or demand submitted by a single entity. In this system, an "AggregateValues" module can be created which sums individual values from different entities sharing a common adversary for a claim. The system will compare the aggregate value against an opposing offer or demand as described above. In other words, once aggregated, the negotiation can proceed as if it was a two party negotiation—because from the system perspective at that point, it is.

It is important to note that, as with the two party negotiation, values submitted by all members of the group are not disclosed to their adversary. Similarly, the system does not disclose the adversary's submission to any member of the group. Depending upon the particular system configuration, the submissions from individual members of the group may not be disclosed to any other member of the group.

US 6,954,741 B1

**31**

In the case of a fully blind aggregation arrangement, individual submissions are not revealed to anyone other than the party making that submission.

An example of a fully blind negotiation is shown in Table 3

TABLE 3

| Defendant(s) | | Plaintiff(s) |
|---|---|---|
| Settle if (aggregate) offer is at least 75% of demand Fully Blind (i.e. Party 1, 2 & 3 and plaintiff do not know offers are combined. | | |
| | ROUND 1 | |
| EXAMPLE 1: | | |
| Party 1 | Offer | $10,000 |
| Party 2 | Offer | $15,000 |
| Party 3 | Offer | $35,000 |
| | Total | $60,000    Demand = $65,000 |

Case settles for $62,500
Party 1 contributes $10,416.67 (10,000/62,500 × $62,500)
Party 2 contributes $15,625.00 (15,000/62,500 × $62,500)
Party 3 contributes $36,458.33 (35,000/62,500 × $62,500)
EXAMPLE 2:

| | | |
|---|---|---|
| | Party 1 | Demand  $25,000 |
| | Party 2 | Demand  $18,000 |
| | Party 3 | Demand  $35,000 |
| Offer = $70,000 | Total | $78,000 |

Case settles for $74,000
Party 1 receives $23,718
Party 2 receives $17,077
Party 3 receives $33,205

A partially blind arrangement allows the group access to each other submissions. To prevent escalation in submissions by one individual based upon the submission of another on the group, it is desirable to only allow an individual access to the submissions of others in the group after all the individual values have been submitted and the values have been locked against withdrawal or change.

An example of this type of partially blind negotiation is shown in table 4

TABLE 4

| Defendant(s) | | Plaintiff |
|---|---|---|
| Settle if demand and offer differ by less than $2,500 Partially Blind (i.e. Party 1, 2 & 3 know each others offers after all submitted) | | |
| | ROUND 1 | |
| Party 1 | Offer | $5,000 |
| Party 2 | Offer | $12,000 |
| Party 3 | Offer | $9,000 |
| Party 4 | Offer | $11,500 |
| | Total | $37,500    Demand = $50,000 |
| | NO SETTLEMENT | |
| | ROUND 2 | |
| Party 1 | Offer | $10,000 |
| Party 2 | Offer | $15,000 |
| Party 3 | Offer | $10,000 |
| Party 4 | Offer | $13,500 |
| | Total | $48,500    Demand = $45,000 |

Case settles for demand amount of $45,000
Party 1 contributes    $9,278.35
Party 2 contributes    $13,917.53

**32**

TABLE 4-continued

| Defendant(s) | Plaintiff |
|---|---|
| Settle if demand and offer differ by less than $2,500 Partially Blind (i.e. Party 1, 2 & 3 know each others offers after all submitted) | |
| Party 3 contributes | $9,278.35 |
| Party 4 contributes | $12,525.77 |

Another partially blind arrangement allows the group to fully collaborate on a collective submission. In this case, the adversary is informed that the offer or demand is being submitted on behalf of party 1, party 2, etc. The adversary then has the option of accepting or declining. If the adversary accepts, and a settlement is reached, the claim will be settled for all parties in the group and their adversary. An example of this type of multiparty negotiation is shown in table 5.

TABLE 5

Settle if (aggregate) offer is at least 75% of demand Partially Blind (i.e. Party A, B & C collectively submit offers as single values and plaintiff is informed, "You have a claim against Entities A, B, C & D. Offers are being submitted by Entity A on behalf of Entities A, B & D. Entity C declines to participate, if a settlement is reached you may be able to independently pursue your claim against Entity C."

| Round | Aggregate Offer | Claimant's demand | Result |
|---|---|---|---|
| 1 | $100,000 | $295,000 | No Settlement |
| 2 | $110,000 | $230,000 | No Settlement |
| 3 | $120,000 | $160,000 | Settle for $140,000 |
| 4 | $128,000 | $140,000 | |

Entities A, B and D can then work out among themselves the apportionment, specify an apportionment so that the system will calculate an amount owing for each, or apportion the amount equally among all participants.

In still another variant, once presented with the list of parties making up the group, the adversary has the option of declining to negotiate with the group, but designating some members of the group with whom they will negotiate as a group. In this manner, a plaintiff gets the ability to "opt out" one or more particular defendants, so as to attempt to preserve a claim against them, and a defendant gets to opt out one or more plaintiffs, to prevent one or more individuals, for example, those with a history of dubious claims, from riding on the claims of others.

The aggregations may also be independently performed on both sides of a claim. Thus, a group may submit offers for comparison against another group's demands. Depending upon the particular implementation, the aggregation arrangement on one side of the claim need not be the same as the aggregation performed on the other side of the claim. In other words, offers may be submitted partially blind for comparison against demands aggregated in a fully blind arrangement.

In any case, if a settlement is reached, if the group whose submissions were aggregated will pay on the submission, the payment will preferably be on a pro-rata proportional share. Alternatively, in some implementations, the members of the group can specify a payment allocation other than on a pro-rata basis.

If the group is made up of individual parties who will receive payment, depending upon the particular system, the parties will each receive their respective demands, rather

US 6,954,741 B1

33

than some median. Alternatively, additional modules can be created which perform more complex apportionment or allocation of payments to plaintiffs.

Additional Options

Since the internet is a globally accessible media, particular embodiments may include a "ConvertEquateLocalCurrency" module created to allow adverse parties to submit offers or demands in their local currency for comparison, even if the offers are submitted in one currency and the demands in another. In this manner, each party can deal with a currency with which they are comfortable, thereby making the negotiation even more user friendly. Where disparate currencies are used, to analyze the offers and demands the system will convert the all the currencies specified to a common currency, which may or may not be the same currency as the offers and demands, for comparison. By way of example, if the offers were submitted in Japanese Yen and demands submitted in Italian Lira, the system might use Yen, Lira, or some third currency, for example U.S. Dollars, Euros, or even Thai Bhat, depending upon the particular implementation.

In a similar vein, an arrangement may be made with a currency exchange entity so that, if a settlement is reached, the claimant can be paid in the currency of choice, irrespective of the currency the respondent used to submit offers. For example, a Greek national submitting offers or demands in U.S. dollars may specify automatic payment by crediting their Athens bank account in Drachmae.

Other optional features include a "StructurePayment" module which will calculate a structured payment from the settlement amount in accordance with specific guidelines submitted buy a party. In this manner, spendthrift claimants can protect themselves by specifying that the payment not be provided as a lump sum, but rather incrementally over time. Coupled with one of the above payment options, the settlement could advantageously make monthly transfers to a stored value module, a credit card, a bank or brokerage account, quarterly payments to an insurance policy, or such other arrangements as the system provider can arrange.

Other optional features include the use of different types of communications links (e.g. optical cables or wireless connections); distributed databases; state machines; combinations of secure and non-secure servers; distributed processing; or implementing certain options such as indicators or particular functions in hardware vs. in software and vice versa. Similarly, the principles may be implemented using different types of storage such as tape, solid state, optical, magneto-optical, etc., instead of, or in addition to those described herein.

It should be understood that the above description is only representative of illustrative embodiments. For the convenience of the reader, the above description has focused on a representative sample of all possible embodiments, a sample that teaches the principles of the invention. The description has not attempted to exhaustively enumerate all possible variations or even combinations of those variations described. That alternate embodiments may not have been presented for a specific portion of the invention, or that further undescribed alternate embodiments may be available for a portion, is not to be considered a disclaimer of those alternate embodiments. One of ordinary skill will appreciate that many of those undescribed embodiments, involve differences in technology rather than differences in the application of the principles of the invention. It will be recognized that, based upon the description herein, most of the principles of the invention will be transferable to other specific technology for implementation purposes. This is

34

particularly the case when the technology differences involve different specific hardware and/or software. Accordingly, the invention is not intended to be limited to less than the scope set forth in the following claims and equivalents.

What is claimed is:

1. An automated method of settling a dispute among adverse parties involving monetary values, submitted by the adverse parties, comprising:

receiving an engagement request from a first entity to engage an automated dispute resolution system, for a claim, and to be bound by a resolution of the claim transmitted from the automated dispute resolution system;

receiving an engagement indication from a second entity, adverse to the first entity with respect to the claim, to engage the automated dispute resolution system for the claim;

encouraging at least one of the first entity or second entity with a facilitator communication;

receiving a series of at least two monetary demands and a power round demand from the first entity;

receiving a series of at least two settlement offers from the second entity; maintaining inaccessibility of the monetary demands from the second entity; maintaining inaccessibility of the settlement offers from the first entity; comparing a first demand of the series of monetary demands with a first settlement offer in a first round to determine if a first difference between the first monetary demand and the first settlement offer is within a predetermined guideline;

if, in the first round, the first difference is within the predetermined guideline, transmitting a successful dispute resolution notification to the first entity and the second entity;

if, in the first round, the first difference is not within the predetermined guideline, comparing a second demand of the series of monetary demands with a second settlement offer in a second round to determine if a second difference between the second monetary demand and the second settlement offer is within the predetermined guideline;

if, in the second round, the second difference is within the predetermined guideline, transmitting a successful dispute resolution notification to the first entity and the second entity;

if, in the second round, the second difference is not within the predetermined guideline, initiating a third round as a power round by comparing the power round demand of the series monetary demands with one settlement offer, from the series of at least two settlement offers, to determine if a power round difference between the power round demand and the one settlement offer is within a predetermined power round guideline; and

if, in the power round, the power round difference is within the predetermined power round guideline, transmitting a successful dispute resolution notification to the first entity and the second entity; wherein at least the step or steps of comparing are carried out using a computer.

2. The method of claim 1 wherein, if in any round, the successful dispute resolution notification is transmitted, the method further comprises:

generating a case resolution payment to be paid to the first entity by the second entity which incorporates a windfall amount adjustment.

US 6,954,741 B1

35

3. The method of claim 1 further including:

prompting at least one of the first entity or second entity, prior to at least one of the first, second or third rounds, for submission of a monetary value using a statement that does not reveal any demand to the second entity or any settlement offer to the first entity.

4. The method of claim 1 wherein when a successful dispute resolution notification is transmitted, the method further comprises:

calculating a settlement payment of a specified value to be paid to the claimant to settle the case; and

automatically initiating the settlement payment to the claimant.

5. The method of claim 1 further including:

automatically generating case settlement documents containing dispute specific information for transmission to the adverse parties.

6. An automated method of settling a dispute comprising:

aggregating, using automation, a plurality of values into a group value;

evaluating a pair of values for a claim in a round of at least two rounds, one of the pair being the group value;

determining, using automation, that the pair of values satisfies at least one settlement criterion; and

communicating a settlement message if the at least one settlement criterion is satisfied;

wherein the method is carried out using an automated system configured to settle a dispute that does not require a non-disputant party to use human judgment or discretion in settling the dispute.

7. The method of claim 6 further including:

aggregating monetary amounts submitted by a group as a single monetary submission; and

using the single monetary submission as the other of the pair.

8. The method of claim 6 further including:

designating an entity to be opted out of a negotiation.

9. The method of claim 6 wherein the plurality of values includes at least one value submitted by each member of a group, the method further including:

identifying, to an adversary of the group for the claim, each member of the group.

10. An automated method of settling a dispute comprising:

evaluating a plurality of paired values for a claim in a plurality of rounds;

determining, using automation, that none of the plurality of paired values satisfies at least one settlement criterion;

performing, using automation, a power round evaluation of values, one of the values having been submitted by a first entity with respect to the claim and another of the values having been submitted by a second entity, adverse to the first entity with respect to the claim; and

communicating a settlement message if the power round evaluation indicates that at least one power round settlement criterion is satisfied;

wherein the method is carried out using an automated system configured to settle a dispute that does not require a non-adverse party to use human judgment or discretion in settling the dispute.

11. The method of claim 10 further including:

receiving an agreement from a party to perform the power round evaluation.

36

12. The method of claim 10 further including:

determining that the power round evaluation of values should occur based upon a system parameter.

13. The method of claim 12 wherein the determining includes:

identifying a first engaging party.

14. The method of claim 10 wherein the determining includes:

determining that the power round evaluation of values should occur by analyzing a differential in at least one pair of the plurality of paired values against at least another of the plurality of paired values.

15. The method of claim 10 wherein the determining includes:

determining that the power round evaluation of values should occur based upon a relationship between at least one pair of the plurality of paired values and achieved settlements.

16. The method of claim 10 further including:

receiving an agreement from a party to an adjustment from a normal payment amount in return for performing the power round evaluation.

17. The method of claim 10 wherein the performing power round evaluation includes:

determining that the two values submitted by the first and second entities satisfy the at least one power round settlement criterion.

18. The method of claim 17 wherein the at least one power round settlement criterion is the at least one settlement criterion.

19. The method of claim 17 wherein the at least one power round settlement criterion differs from the at least one settlement criterion.

20. The method of claim 10 wherein the performing power round evaluation includes:

determining whether any of the plurality of paired values satisfies at least one power round settlement criterion.

21. The method of claim 10 further including:

aggregating a plurality of submissions into a group value; and

using the group value as one of the values in a pair.

22. The method of claim 20 wherein the at least one power round settlement criterion and the settlement criterion differ.

23. A method comprising:

receiving a first value from a first entity with respect to a claim in an automated dispute resolution system;

receiving a second value from a second entity with respect to the claim in the automated dispute resolution system;

determining, in the automated dispute resolution system, that a comparison of the first and second values does not satisfy at least one settlement criterion for the claim;

discarding at least one of the first and second values;

prompting, using a facilitator, at least one of the first and second entities for submission of a new value using a generic statement that does not reveal either of the first or second values; and

receiving the new value in the automated dispute resolution system.

24. An automated dispute settlement method comprising:

receiving a claim submitted by an initiator for a dispute resolution negotiation;

subsequent to the receiving of the claim, receiving a first value from the initiator and a first value from a second

US 6,954,741 B1

37                                                                      38

entity, adverse to the initiator for the claim, the first value from the initiator and the first value from the second entity differing from each other by a differential amount;

comparing the differential amount against at least one predetermined settlement criterion;

determining that the at least one predetermined settlement criterion is satisfied by the differential amount;

calculating a settlement payment using the first values such that the initiator receives a windfall benefit; and

informing the initiator and the second entity of the settlement payment; at least one of the steps of receiving, comparing, determining, and calculating is carried out using automation.

25. The method of claim 24 wherein the calculating comprises:

if the first value from the initiator is less than the first value from the second entity and the settlement payment will be paid from the second entity to the initiator, establishing the settlement payment at a greater amount than a normal payment amount.

26. The method of claim 25 wherein the normal payment amount is between the first values.

27. The method of claim 25 wherein the normal payment amount is a median of the first values.

28. The method of claim 24 wherein the calculating includes:

if the first value from the initiator is greater than the first value from the second entity and the settlement payment will be paid from the initiator to the second entity, establishing the settlement payment at a lesser amount than a normal payment amount.

29. The method of claim 28 wherein the normal payment amount is between the first values.

30. The method of claim 28 wherein the normal payment amount is a median of the first values.

31. The method of claim 24 wherein the calculating the settlement payment using the first values such that the initiator receives the windfall benefit includes:

equating the settlement payment to the first value from the second entity.

32. The method of claim 24 wherein the first value from the initiator is one of a plurality of first values from the initiator and the first value from a second entity is one of a plurality of first values from the second entity, the method further comprising:

prompting the initiator using a non-revealing encouraging statement from a facilitator.

33. A method comprising:

settling a case by processing at least one demand submitted by a claimant and at least one corresponding offer submitted by a second entity for a claim in a round, of at least two rounds in accordance with at least one preselected criterion agreed to by the claimant and the second entity, the at least one demand and at least one corresponding offer being different from each other;

calculating a settlement payment of a specified value to be paid to the claimant to settle the case; and

initiating a providing of the settlement payment to the claimant;

wherein at least one of the steps of processing, calculating, and initiating is carried out using automation;

wherein the method is carried out using a system configured to settle a dispute that does not require a non-

disputant party to use human judgment or discretion in settling the dispute.

34. The method of claim 33 wherein the providing includes:

configuring data for receipt by a stored value device which, when the data is received, will cause a stored value to be increased by the specified value.

35. The method of claim 33 wherein the providing includes:

crediting a payment card account, registered to the claimant, with the specified value.

36. The method of claim 35 wherein the payment card account is at least one of a credit card, debit card, charge card, entertainment card account.

37. The method of claim 33 wherein the providing includes:

initiating a wire transfer, in the specified value, to an account of the claimant.

38. The method of claim 33 wherein the providing includes:

electronically initiating an irrevocable transfer of property valued at the specified value to the claimant.

39. The method of claim 33 wherein the providing includes:

crediting an affinity program account registered to the claimant according to the specified.

40. The method of claim 33 wherein the providing includes:

electronically initiating an irrevocable transfer of an ownership interest to the claimant in the specified value.

41. The method of claim 33 wherein the providing includes:

electronically initiating issuance of an insurance product for the settlement value.

42. A method of consummating an on-line dispute resolution negotiation comprising:

determining that two non-equal values, submitted by adverse parties to a dispute, satisfy at least one claim settlement criterion in a round of at least two rounds such that a payment will be made from one of the adverse parties to the other of the adverse parties; and

automatically generating settlement documents for the dispute for the adverse parties;

wherein the method is carried out using a system configured to settle a dispute that does not require a non-adverse party to use human judgment or discretion in settling the dispute.

43. The method of claim 42 wherein the generating further comprises:

creating a settlement agreement identifying the adverse parties.

44. The method of claim 42 wherein the generating further comprises:

creating a stipulation of dismissal.

45. The method of claim 44 further comprising:

creating a case caption for inclusion in the stipulation of dismissal.

46. The method of claim 42 wherein the generating further comprises:

creating a release.

47. An automated claim resolution method comprising:

testing, using automation, non-equal values, submitted by adverse parties for a claim, for satisfaction of a condition, wherein the claim is resolved if the condition is satisfied;

US 6,954,741 B1

39 40

if the condition is not satisfied, testing, using automation, non-equal power round values, one from each of the adverse parties for the claim, for satisfaction of a power round condition; and

calculating a binding settlement payment, when the power round condition is satisfied by the non-equal power round values, of an amount at least equal to a lowest of the non-equal values;

wherein the method is carried out using a system configured to settle a dispute that does not require a non-adverse party to use human judgment or discretion in settling the dispute.

48. A claim resolution method comprising:

receiving non-equal values, submitted by adverse parties for a claim, at least one of the non-equal values having been submitted following a communication of a facilitating message regarding the claim, conveyed from an automaton facilitator to at least one of the adverse parties, said facilitating message using a generic statement that is based upon information relating to the claim;

testing the non-equal values in at least two rounds for satisfaction of a condition, wherein the claim is not resolved if the condition is not satisfied; and

calculating a binding settlement payment, when the condition is satisfied in a round by the non-equal values, of an amount at least equal to a lower of the pair of the non-equal values;

wherein the method is carried out using an automated system configured to settle a dispute that does not require a non-disputant party to use human judgement or discretion in settling the dispute.

49. An automated dispute resolution method for resolving a claim among adverse parties, the method comprising:

testing non-equal values, submitted by the adverse parties for the claim, for satisfaction of a condition, wherein the claim is not resolved if the condition is not satisfied; and

calculating a binding settlement payment, when the condition is satisfied by the non-equal values, the binding settlement payment incorporating a windfall adjustment when one of the parties is a dispute entry initiator for the claim in an amount at least equal to a lowest of the non-equal values adjusted by either a positive or negative windfall differential amount;

wherein at least one of the steps of testing and calculating is carried out using automation.

50. An automated dispute resolution method for resolving a claim among adverse parties, the method comprising:

testing, using automation, non-equal values in rounds, submitted by the adverse parties for the claim, for satisfaction of a condition, wherein the claim is not resolved if the condition is not satisfied;

calculating a binding settlement payment, when the condition is satisfied in a round by the non-equal values, of an amount at least equal to a lowest of the non-equal values; and

automatically initiating an on-line transfer of funds to at least one of the adverse parties for the amount following the calculating;

wherein the method is performed by a system configured to resolve a dispute that does not require a non-disputant party to use human judgment or discretion in settling the dispute.

51. A dispute resolution method for resolving a claim between two adverse parties in rounds, the method comprising:

automatically testing non-equal values, submitted by the adverse parties in at least two rounds for the claim, for satisfaction of a condition, wherein the claim is not resolved if the condition is not satisfied;

calculating a binding settlement payment, when the condition is satisfied by the non-equal values in a round of the at least two rounds, of an amount at least equal to a lowest of the non-equal values; and

automatically, when the condition is satisfied, generating a settlement document for the claim containing case specific information; and

wherein the method is performed by a system configured to resolve a dispute that does not require a non-disputant party to use human judgment or discretion in settling the dispute.

52. A method of automated on-line dispute resolution comprising:

maintaining an interface to the internet through which a claimant can submit demands for a claim to a dispute resolution system and receive indications therefrom such that, when the claimant submits multiple demands, via the interface, to the dispute resolution system and the dispute resolution system pairs the multiple demands with offers of settlement for the claim on a one-to-one basis, a comparison will be performed in accordance with at least one criterion, and if the at least one criterion is satisfied the claimant will be provided with a positive indication, via the interface, that the at least one criterion is satisfied, and if the at least one criterion is not satisfied, will perform a power round analysis of a demand and an offer in accordance with at least one power round criterion and, following the power round, the claimant will be provided with either a positive or negative indication, via the interface, as to whether or not the at least one power round criterion is satisfied; wherein said method does not require a non-disputant party to use human judgement or discretion in settling the dispute.

53. An on-line dispute resolution method comprising:

maintaining an interface to the internet through which a claimant can submit a demand for a claim, following receipt by the claimant of an on-line nudge from an automaton facilitator, said on-line nudge using a generic statement that is based upon information relating to the claim to encourage a settlement; and receive back a positive or a negative indication for the claim such that, when the claimant submits multiple demands via the interface, the system will pair the multiple demands with offers of settlement for the claim on a one-to-one basis and perform a comparison in accordance with at least one criterion, the claimant will be provided with an indication, via the interface, as to whether or not the at least one criterion is satisfied; wherein said method does not require a non-disputant party to use human judgement or discretion in settling the dispute.

54. A method of automated on-line dispute resolution comprising:

maintaining an interface to the internet through which a claimant can submit demands for a claim to a dispute resolution system and receive indications therefrom such that, when the claimant submits multiple demands via the interface to the dispute resolution system and the dispute resolution system pairs the multiple demands with offers of settlement for the claim on a one-to-one basis, a comparison will be performed in

US 6,954,741 B1

41

accordance with at least one criterion and, if the at least one criterion is not satisfied the claim will settle, and if the at least one criterion is satisfied and the claimant is an initiator for the claim in the system, the claimant will be provided, via the interface, with an indication that the at least one criterion is satisfied and a payment amount which reflects a higher amount relative to a normal payment amount, because the claimant is the initiator; but if the claimant is not an initiator, the claimant will not be provided, via the interface the normal payment amount; wherein said method does not require a non-disputant party to use human judgement or discretion in resolving a dispute.

55. A method of automated on-line dispute resolution comprising:

maintaining an interface to the internet through which a claimant can submit demands for a claim to a dispute resolution system and receive indications therefrom such that, when the claimant submits multiple demands via the interface to the dispute resolution system and the dispute resolution system pairs the multiple demands with offers of settlement for the claim on a one-to-one basis, a comparison will be performed in accordance with at least one criterion and if the at least one criterion is satisfied, the dispute resolution system will provide a positive indication, via the interface, and automatically initiate a transfer to the claimant of an amount calculated by the dispute resolution system as a settlement figure, and, if the at least one criterion is not satisfied in the rounds will perform a power round analysis of a demand and an offer in accordance with at least one power round criterion and, following the power round, the claimant will be provided with either a positive or negative indication, via the interface, as to whether or not the at least one power round criterion is satisfied; and wherein said method does not require a non-disputant party to use human judgement or discretion in settling the dispute.

56. A system comprising:

a first value, submitted on line by a first entity;

a second value submitted on line by a second entity, the first and second entities being adverse to each other with respect to a claim, the first value being inaccessible to the second entity and the second value being inaccessible to the first entity, the first value and the second value being different in magnitude from each other;

an input connectable to an on-line interface for receipt of values therefrom;

an output;

memory connected to the input and configured to receive and temporarily store values received from the input;

a processor connected to the memory; and

a computer executable program, the program being structured to, when executed by the processor, accept a pair of values from adverse entities and return a specified result indicator based upon the application of at least one predetermined criterion to a mathematical comparison of the pair of values in a normal round and, when the result indicator indicates that the at least one predetermined criterion is not satisfied in the normal round, the program being further structured to perform a power round analysis of a power round pair of values by applying at least one predetermined power round criterion to the power round pair of values and, when a power round result indicator indicates that the at least

42

one predetermined criterion is not satisfied the claim does not settle, and when a power round result indicator indicates that the at least one predetermined power round criterion is satisfied, provide a power round payment value for the claim to at least one of the adverse entities via the output; and

wherein said system does not require a non-adverse party to use human judgement or discretion is settling the claim.

57. The system of claim 56 wherein one of the power round pair of values is the same as one of the pair of values.

58. The system of claim 56 wherein the at least one predetermined criterion and the at least one predetermined power round criterion are different.

59. The system of claim 56 wherein the at least one predetermined criterion and the at least one predetermined power round criterion are the same.

60. A system comprising:

at least one processor;

an automaton-like facilitator including a plurality of non-revealing entity prompts;

a first value, submitted on line by a first entity;

a second value, submitted on line by a second entity, the first and second entities being adverse to each other with respect to a claim, the first value being inaccessible to the second entity and the second value being inaccessible to the first entity, the first value and the second value being different in magnitude from each other, at least one of the first value and the second value having been submitted in one of at least two rounds following a communication from the facilitator to either the first entity or the second entity of an entity prompt of the plurality of entity prompts, said communication using a generic statement that is based upon information relating to the claim to encourage a settlement, the entity prompt further being a non-revealing entity prompt; and

a proxy including an input, an output, and a computer executable program, the program being structured to cause the processor to accept a pair of values from adverse entities via the input and return a result indicator to the proxy based upon application of at least one predetermined criterion to a mathematical comparison of the pair of values, and to provide a payment value for the claim to at least one of the adverse entities via the output when the result indicator indicates that the at least one predetermined criterion is satisfied;

wherein the system is configured to settle a dispute without requiring a non-disputant party to use human judgment or discretion in settling the dispute.

61. A system comprising:

at least one processor;

an initiator indicator, settable when an entity first enters a dispute for resolution into the system to identify the entity as an initiator which, when set for the dispute, will cause a windfall adjustment calculation to be performed;

a first value, submitted on line by a first entity;

a second value submitted on line by a second entity, the first and second entities being adverse to each other with respect to a claim, the first value being inaccessible to the second entity and the second value being inaccessible to the first entity, the first value and the second value being different in magnitude from each other; and

US 6,954,741 B1

43

44

a proxy including an input, an output, and a computer executable program, the program being structured to cause the processor to accept a pair of values from adverse entities via the input and return a result indicator to the proxy based upon application of at least one predetermined criterion to a mathematical comparison of the pair of values, and to provide to at least one of the adverse entities, via the output when the result indicator indicates that the at least one predetermined criterion is satisfied;

i) a normal payment amount for the claim, when the initiator indicator is not set for either the first entity or the second entity, or

ii) a windfall benefit adjusted payment amount for the claim, when the initiator indicator is set for one of the first entity or second entity.

62. The system of claim 61 wherein the windfall adjusted payment amount for the pair of values is greater than the payment amount for the pair of values.

63. The system of claim 61 wherein the windfall adjusted payment amount for the pair of values is less than the payment amount for the pair of values.

64. A claim dispute resolution system comprising:

at least one demand submitted by a claimant for a claim and at least one corresponding offer submitted by a second entity for the claim;

at least one preselected criterion, agreed to by the claimant and the second entity, which will be applied, during analysis of the at least one demand and the at least one corresponding offer, to determine if there is a resolution for the claim;

a claim dispute resolution program constructed to, when executing on a programmed processor, cause an analysis of numbers in accordance with criteria and calculate claim settlement payments when the criteria are satisfied; and

a programmed processor executing the claim dispute resolution program, to analyze the at least one demand and the at least one corresponding offer in a round of at least two rounds in accordance with the at least one preselected criterion and, when the at least one preselected criterion is not satisfied the claim does not settle, and when the at least one preselected criterion is satisfied, calculate a settlement payment of a specified value to be paid to the claimant to settle the claim and set the settlement initiation indicator thereby automatically initiating a payment to the claimant;

wherein the claim dispute resolution system is an automated system configured to settle a dispute that does not require a non-disputant party to use human judgement or discretion in settling the dispute.

65. A system for automated dispute resolution comprising:

processor means for processing demands and offers;

means for introducing to the processor means, via a communications linkage, information identifying a dispute, a series of demands to satisfy a claim made by or on behalf of a person involved in the dispute, and a series of offers to settle the claim by an entity adverse to the person for the claim;

settable means for indicating whether or not to perform a power round comparison;

memory means, accessible by the processor means, for storing the information identifying the dispute, and for temporarily storing the series of demands to satisfy the

claim and the series of offers to settle the claim, for use by the processor means in a series of rounds, without disclosure of the series of demands to the adverse entity or series of offers to the person;

settlement means for indicating, when set, settlements of disputes and calculating settlement values as a result thereof such that, when the settlement means is set for a round, the settlement means will calculate a settlement value equal to:

(a) a first amount, in accordance with a first preestablished formula, if the offer in the round is less than the demand and within a preestablished percentage of the demand in the round,

(b) the demand, if the offer in any round is the same as or greater than the demand, or

(c) a second amount in accordance with a second preestablished formula, if the offer is not within the preestablished condition in all rounds but the difference between a particular offer and a corresponding demand is less than a preestablished amount;

comparison means within the processor means, for receiving and comparing demands and offers against each other on a round-by-round basis, in accordance with a preestablished condition, and a power round comparison only when the settable means is set, in accordance with a power round condition, the comparison means setting the settlement means when either the preestablished condition or the power round condition is satisfied, the comparison means operating on the series of demands and series of offers until;

i) the settlement means is set, irrespective of whether the settable means is set,

ii) all of the series of demands and series of offers have been exhausted and the settable means is set, wherein the comparison means will perform a power round comparison of a power round demand with a power round offer against each other in accordance with a preestablished power round condition and set the settlement means to indicate a settlement if the power round condition is satisfied, or

iii) all of the series of demands and series of offers have been exhausted and either the settable means is not set or the power round condition is not satisfied, wherein the comparison means will set the settable means to indicate no settlement;

means for inhibiting a reuse of an unsuccessful demand, or unsuccessful offer, by the comparison means in any round that is not a power round; and

means for communicating a settlement result to the person and the entity.

66. The system of claim 65 further comprising:

facilitator means, constrained by a plurality of rules, for prompting, in accordance with the rules, at least one of the person or the entity prior to introducing one of the series of demands or series of offers into the processor means.

67. The system of claim 65 further comprising:

means for determining whether one of the person or the entity is an initiator.

68. The system of claim 67 further comprising:

means for adjusting the first amount, the demand and the second amount by a windfall differential when one of the person or the entity is the initiator.

69. The system of claim 65 further comprising:

means for on-line initiation of a transfer of the settlement value in accordance with a preference indicated by one of the person or the entity.

US 6,954,741 B1

45

70. The system of claim 65 further comprising:

means for generating on-line a settlement document including at least some of the dispute identifying information.

71. A system for automated dispute resolution comprising:

processor means for processing demands and offers;

means for introducing to the processor means, via a communications linkage, information identifying a dispute, a series of demands to satisfy a claim made by or on behalf of a person involved in the dispute, and a series of offers to settle the claim by an entity adverse to the person for the claim;

memory means, accessible by the processor means, for storing the information identifying the dispute, and for temporarily storing the series of demands to satisfy the claim and the series of offers to settle the claim, for use by the processor means in a series of rounds, without disclosure of the series of demands to the adverse entity or series of offers to the person;

settlement means for indicating, when set, settlements of disputes and calculating settlement values as a result thereof;

facilitator means, constrained by a plurality of rules, for prompting, in accordance with the rules, at least one of the person or the entity prior to introducing one of the series of demands or series of offers into the processor means using non-revealing statements;

comparison means within the processor means, for receiving and comparing demands and offers against each other on a round-by-round basis, in accordance with a preestablished condition and for setting the settlement means when the preestablished condition is satisfied;

means for inhibiting a reuse of an unsuccessful demand, or unsuccessful offer, by the comparison means in any round that is not a power round; and

means for communicating a settlement result to the person and the entity;

wherein the system is an automated system configured to settle a dispute that does not require a non-disputant party to use human judgment or discretion in settling the dispute.

72. A system for automated dispute resolution comprising:

processor means for processing demands and offers;

means for introducing to the processor means, via a communications linkage, information identifying a dispute, a series of demands to satisfy a claim made by or on behalf of a person involved in the dispute, and a series of offers to settle the claim by an entity adverse to the person for the claim;

initiator means for indicating, when set, that there is an initiator of entry of the dispute into the system and for identifying the initiator;

memory means, accessible by the processor means, for storing the information identifying the dispute, and for temporarily storing the series of demands to satisfy the claim and the series of offers to settle the claim, for use by the processor means in a series of rounds, without disclosure of the series of demands to the adverse entity or series of offers to the person;

settlement means for indicating, when set, settlements of disputes;

means for calculating a windfall adjusted settlement value when both the settlement means and the initiator means

46

are set, and for calculating normal payment values when the settlement means is set and the initiator means is not set;

comparison means within the processor means, for receiving and comparing demands and offers against each other on a round-by-round basis, in accordance with a preestablished condition and for setting the settlement means when the preestablished condition is satisfied;

means for inhibiting a reuse of an unsuccessful demand, or unsuccessful offer, by the comparison means in any round that is not a power round; and

means for communicating a settlement result to the person and the entity.

73. A system for automated dispute resolution comprising:

processor means for processing demands and offers;

means for introducing to the processor means, via a communications linkage, information identifying a dispute, a series of demands to satisfy a claim made by or on behalf of a person involved in the dispute, and a series of offers to settle the claim by an entity adverse to the person for the claim;

memory means, accessible by the processor means, for storing the information identifying the dispute, and for temporarily storing the series of demands to satisfy the claim and the series of offers to settle the claim, for use by the processor means in a series of rounds, without disclosure of the series of demands to the adverse entity or series of offers to the person;

settlement means for indicating, when set, settlements of disputes and calculating a settlement value for the dispute when set;

comparison means within the processor means, for receiving and comparing demands and offers against each other on a round-by-round basis, in accordance with a preestablished condition and for setting the settlement means when the preestablished condition is satisfied;

means for automatic on-line initiation of a transfer of the settlement value from the entity to the person in accordance with a preference indicated by one of the person or the entity;

means for inhibiting a reuse of an unsuccessful demand, or unsuccessful offer, by the comparison means in any other round; and

means for communicating a settlement result to the person and the entity;

wherein the system is an automated system configured to settle a dispute that does not require a non-disputant party to use human judgment or discretion in settling the dispute.

74. The system of claim 73 further comprising:

means for on-line generation of a settlement document including at least some of the dispute identifying information.

75. An automated method comprising steps for multi-round dispute resolution, the method comprising:

a first step for analyzing, using automation, pairs of values in normal rounds according to a first criterion, each of the pairs of values including one value provided by a first party and another value provided by a second party adverse to the first party with respect to a claim, the values in each pair of values differing in magnitude from each other;

a second step for determining, using automation, if the first criterion is satisfied in a round;

47

48

a third step for, when the first criterion is not satisfied, determining if a power round analysis is necessary;

a fourth step for, when the power round analysis is necessary, analyzing a pair of values in accordance with a power round criterion; and

a fifth step for, when either the first criterion is satisfied, or the first criterion is not satisfied but the power round criterion is satisfied, generating a payment to be made on the claim;

wherein the method is carried out using a system configured to settle a dispute that does not require a non-adverse party to use human judgement or discretion in settling the dispute.

76. The method of claim 75 further comprising:

a sixth step for constructing a claim specific facilitating message, for communication to at least one of the first and second parties, that does not reveal a value provided by the first party to the second party and vice-versa.

77. The method of claim 75 further comprising:

a step for adjusting the payment to provide a windfall benefit to either the first party, when the first party is an initiator for the claim, or the second party when the second party is the initiator for the claim.

78. The method of claim 75 further comprising:

a step for initiating an on-line transfer of funds equal to the payment from the whichever of the first or second party is a second entity for the claim to whichever of the first or second party is a claimant for the claim.

79. The method of claim 75 further comprising:

a step for on-line generation of documents including an identification of the claim, whichever of the first or second party is a claimant for the claim and the payment.

80. A method comprising:

settling a case by processing at least one demand submitted by a claimant and at least one corresponding offer submitted by a second entity for a claim in a round, of at least two rounds in accordance with at least one preselected criterion agreed to by the claimant and the second entity, the at least one demand and at least one corresponding offer being different from each other; wherein the method is carried out using a system configured to settle a dispute that does not require a non-disputant party to use human judgement or discretion in settling the dispute;

calculating a settlement payment of a specified value to be paid to the claimant to settle the case; and

automatically providing the settlement payment to the claimant and providing the settlement payment through at least one of:

i) crediting a payment card account, registered to the claimant, with the specified amount,

ii) wherein the payment card account is at least one of a credit card, debit card, charge card, entertainment card account,

iii) wherein the payment card account is at least one of a credit card, debit card, charge card, entertainment card account,

iv) crediting an affinity program account registered to the claimant according to the specified amount,

v) electronically initiating issuance of an insurance product for the settlement amount.

* * * * *