Albert L. Jacobs, Jr.
Daniel A. Ladow
Michael P. Bauer
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100
*Attorneys for Plaintiff
Debt Resolve, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBT RESOLVE, INC., <br><br> Plaintiff, <br><br> -v- <br><br> APOLLO ENTERPRISE SOLUTIONS, LLC, <br><br> Defendant. | Case No.: 07-cv-4531(JSR) <br><br> **ECF Designated Case** |

## DECLARATION OF DANIEL A. LADOW IN SUPPORT OF DEBT RESOLVE'S OPPOSITION TO APOLLO'S MOTION FOR SUMMARY JUDGMENT OF PATENT NON-INFRINGEMENT

Daniel A. Ladow, hereby declares that:

1. I am a partner of the law firm Dreier LLP, 499 Park Avenue, New York, New York 10022, and am admitted to practice before this Court and the courts of the State of New York. I have personal knowledge of the facts and circumstances set forth herein.

2. I, Albert L. Jacobs, Jr. , Michael Bauer, all of Dreier LLP, are counsel to the plaintiff, Debt Resolve, Inc. ("Debt Resolve"). I submit this declaration in support of the accompanying memorandum setting forth Debt Resolve's Opposition to the motion of

Apollo Enterprise Solutions, LLC ("Apollo") for Summary Judgment of Patent Non-Infringement, dated September 14, 2007 ("Debt Resolve's Opposition").

**A. Exhibits Referenced In Debt Resolve's Opposition**

3.   The following are true and accurate copies of documents which are referenced in Debt Resolve's Opposition and which are annexed hereto as the following Exhibits (the only exhibit referenced in Debt Resolve's opposition which is not annexed hereto, but is being filed separately, is the Declaration of Debt Resolve President Richard A. Rosa, dated September 14, 2007):

| | |
|---|---|
| Ex. A: | U.S. Patent Application No. 11/256,406, published April 20, 2006, titled "System and Method for Resolving Transactions," assigned to Apollo, naming G. Christopher Imrey as one of two inventors. |
| Ex. B: | A five page excerpt from the "Solutions" section of Apollo's website, www.apolloenterprise.com, dated September 11, 2007 which describes and is titled Apollo's "Web-Based Payment and Collection System for Debtor Self-Settlement™". |
| Ex. C: | A one page excerpt from the "About Us" section of Apollo's website, www.apolloenterprise.com, dated September 11, 2007. |
| Ex. D: | A 12 page "white paper," titled "Consumer Collections Automation: A White Paper on Apollo Enterprise Solutions' CCA Solution," dated August 13, 2006. This is available at Apollo's website, www.apolloenterprise.com, in the "Articles" section of the site. |
| Ex. E: | A two page article (or advertisement) in the January 2005 edition of Credit Card Management which describes the Apollo system and is titled "Decisioning Intelligence for Debtor Self Settlement -- The Next Step in Web-Based Collection Solutions." This is available at Apollo's website, www.apolloenterprise.com, in the "Articles" section of the site. |
| Ex. F: | A three page Apollo press release, titled "Apollo Enterprise Solutions Reports Strong Growth in the First Half of 2007," dated August 9, 2007. This is available at Apollo's website, www.apolloenterprise.com, in the "Press Releases" section of the site. |

| | |
|---|---|
| Ex. G: | A four page Apollo marketing document containing a system diagram, untitled and undated. |
| Ex. H: | Deposition transcript of Apollo President G. Christopher Imrey, dated July 24, 2007. |
| Ex. I: | U.S. Patent 6,330,551, issued December 11, 2001, titled "Computerized Dispute Resolution System and Method". |
| Ex. J: | U.S. Patent 6,954,741, issued October 11, 2005, titled "Computerized Dispute Resolution System and Method". |
| Ex. K: | Declaration of Christopher Darrow, patent attorney at Greenberg Traurig, dated September 10, 2007. |
| Ex. L: | Declaration of Bruce T. Neel, patent attorney at Greenberg Traurig, dated September 11, 2007. |
| Ex. M: | A three page Apollo press release, titled "Apollo Enterprise Solutions Names James Mahoney Senior Vice President of Business Development," dated May 2 2007. This is available at Apollo's website, www.apolloenterprise.com, in the "Press Releases" section of the site. |
| Ex. N: | A two page Apollo press release, titled "Ed Fontaine Joins Apollo Enterprise Solutions as Vice President of Sales," dated September 6, 2006. This is available at Apollo's website, www.apolloenterprise.com, in the "Press Releases" section of the site. |
| Ex. O: | Transcript of a portion of the narration from the video on Apollo's website, www.apolloenterprise.com, located under the heading "See How It Works!" |
| Ex. P: | *Cybersettle, Inc. v. NAF*, No. 2007-1092, 2007 WL 2112784 (Fed. Cir. July 24, 2007), *reh'g denied* (Fed. Cir. Aug. 28, 2007). |

**B. Facts Relating To The Procedural Background -- Apollo's Summary Judgment Motion Is Pre-Discovery**

4.      It is significant to note why there is a lack of discovery thus far in this case. In an effort to explore the possibility of settling this case, and prior to the deposition of Apollo President Christopher Imrey, which was scheduled in the context of

3

settlement discussions, Debt Resolve informally requested that Apollo provide documents relating to the operation and features of Apollo's accused system, including manuals, specifications, etc. Apollo claimed that it had no such materials and instead produced a series of screen shots ███████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████ Debt Resolve agreed to a limited deposition of Mr. Imrey without prejudice to his subsequent deposition.

5.  Other than the limited deposition of Mr. Imrey (which, as noted, was offered in the context of settlement discussion) and Apollo's production of screen shots referred to above, there has been no discovery of, including document production from or depositions of, any Apollo personnel or third parties, such as clients of Apollo. Moreover, it was Apollo which specifically requested this Court to permit it to file a motion for summary judgment of non-infringement prior to any discovery.

**C. Apollo's Greenberg Traurig-Related Allegations**

6.  Apollo's allegations regarding Greenberg Traurig are irrelevant to this motion. However, since those allegations should not go unanswered, I respond to them below. On January 8, 2007, Debt Resolve filed its complaint for patent infringement against Apollo in the District of New Jersey. At that time Mr. Jacobs and I were shareholders with Greenberg Traurig and Dr. Bauer was an associate there. Apollo moved on February 13, 2007 to dismiss the complaint for lack of jurisdiction and improper venue. The New Jersey court subsequently issued an order to show cause

regarding jurisdiction which led to the case being transferred to this Court. At no time during the pendency of this action in the District of New Jersey did Apollo make any motion to disqualify me, Albert L. Jacobs, Jr., or Greenberg Traurig from representing Debt Resolve in this action.

7. Apollo filed a declaratory judgment action against Debt Resolve in the Central District of California on January 29, 2007. That action was a mirror-image of the suit previously filed by Debt Resolve then pending in the District of New Jersey. On March 1, 2007, Debt Resolve filed a motion to dismiss, transfer or stay the California case in light of the first-filed New Jersey action. Subsequently, on March 23, 2007, Apollo filed a motion to disqualify Greenberg Traurig. On April 10, 2007, the California court granted Debt Resolve's motion to stay the case. The California case was subsequently dismissed without prejudice by joint stipulation of the parties on July 19, 2007.

8. Apollo's claim (Ap. Mem. at 10) that Greenberg Traurig took no action regarding their conflict allegations prior to Apollo's filling of the disqualification motion in the California action is baseless. Upon first learning of Apollo's conflict allegations in January 2007, Greenberg Traurig undertook an immediate internal investigation including in particular with respect to Apollo's allegations concerning the actions of Greenberg Traurig attorneys Bruce T. Neel (located in Phoenix, Arizona) and Christopher Darrow (located in Los Angeles, California). Greenberg Traurig's investigation ultimately found that the allegations made by Apollo were without merit and, on that basis, refused to withdraw from this action and the California action. The declarations of attorneys Neel and Darrow, describing the various actions they undertook

on behalf of Apollo, are attached hereto as Exs. K and L. More specifically, their declarations state that they did work on a provisional patent application for Apollo at various times during the period from September 2004 to February 2005 and that they did no further work for Apollo after the later date. Their declarations flatly contradict Mr. Imrey's assertions, including specifically denying that they ever provided an opinion to Apollo regarding the infringement, claim construction or validity of any patents licensed to Debt Resolve.

9. Apollo's assertion that Mr. Jacobs and I are conflicted because purported confidential information known by our former Greenberg colleagues should be imputed to us is also without merit. After moving to Dreier LLP in late May 2007, I stated to Apollo's counsel that any possible conflict alleged to have existed previously was moot. Apollo's counsel made no statement to the contrary, and it appeared that the purported conflicts issue was dead. Only now, months later and in the context of its summary judgment motion, nine months after this case was originally filed in the District of New Jersey, has Apollo seen fit to resurrect these allegations.

10. At no time at Greenberg Traurig were Mr. Jacobs or I involved with any work for Apollo, and at no time did we acquire any confidential knowledge about Apollo from Messrs. Neel and Darrow (who have not been shown to possess any confidential Apollo information in any event -- indeed, Apollo's patent application published August 20, 2006, over one year ago). There is no conflict, nor any basis for alleging imputation. These belated Greenberg-related allegations have no relevance to the present motion, and only serve to underscore Mr. Imrey's lack of credibility and the type of litigation tactics Apollo is willing to engage in.

I declare under penalty of perjury that the foregoing statements are true and corrected.

Dated: September 14, 2007

                                                                Daniel A. Ladow