**Exhibit I**



US006330551B1

| (12) United States Patent<br>Burchetta et al. | (10) Patent No.: US 6,330,551 B1<br>(45) Date of Patent: Dec. 11, 2001 |
|---|---|

(54) **COMPUTERIZED DISPUTE RESOLUTION SYSTEM AND METHOD**

(75) Inventors: **James D. Burchetta**, New York; **Charles S. Brofman**, Waccabuc, both of NY (US)

(73) Assignee: **cybersettle.com, Inc.**, Mt. Kisco, NY (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **09/130,154**

(22) Filed: **Aug. 6, 1998**

(51) Int. Cl.[7] .................................................. G06F 17/60
(52) U.S. Cl. .................................... 705/80; 705/4; 705/37
(58) Field of Search .................................. 705/1, 4, 37, 80

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,573,747 | 4/1971 | Adams et al. | 340/172.5 |
| 3,581,072 * | 5/1971 | Nymeyer | 705/37 |
| 5,077,665 * | 12/1991 | Silverman et al. | 705/37 |
| 5,329,589 | 7/1994 | Fraser et al. | 379/91 |
| 5,495,412 | 2/1996 | Thiessen | 364/401 |
| 5,668,953 | 9/1997 | Sloo | 705/1 |
| 5,689,652 * | 11/1997 | Lupien et al. | 705/37 |
| 5,794,207 | 8/1998 | Walker et al. | 705/23 |
| 5,905,975 * | 5/1999 | Ausubel | 705/37 |
| 5,924,082 * | 7/1999 | Silverman et al. | 705/37 |
| 5,956,687 * | 9/1999 | Wamsley et al. | 705/1 |
| 5,983,205 * | 11/1999 | Brams et al. | 705/37 |
| 6,112,181 * | 8/2000 | Shear et al. | 705/1 |
| 6,112,189 * | 8/2000 | Rickard et al. | 705/37 |
| 6,131,087 * | 10/2000 | Luke et al. | 705/26 |

FOREIGN PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 97/04410 * | 2/1997 | (WO) . | |
| WO 97/15362 A1 * | 5/1997 | (WO) . | |

OTHER PUBLICATIONS

Online Ombuds Office Web site, http://aaron.sbs.umass.edu/center/ombuds/default.htm and ?description.html, Apr. 14, 2000.*
Robbins, S.B., "Lowering the Cost of Doing Business through ADR," vol. 96, No. 11, pp. 58–59, Oct. 1997.*
Hill, R., "Will Cyberspace Use Cybercourts?," International Commerical Litigation, Issue 23, pp. 33–35, Oct. 1997.*
Mandell, J., "Cyberspace Conflicts?," Software Magazine, vol. 18, No. 4, p. 20, Mar. 1998.*
Negussie, M.M., "How to Select a Mediator," Defense Counsel Journal, vol. 65, No. 2, pp. 256–261, Apr. 1998.*
Macduff, I., "Flames on the Wires: Mediating from an Electronic Cottage," Negotiation Journal, vol. 10, No. 1, pp. 5–15, Jan. 1994.*

(List continued on next page.)

*Primary Examiner*—Vincent Millin
*Assistant Examiner*—Nicholas David Rosen
(74) *Attorney, Agent, or Firm*—Morgan & Finnegan LLP

(57) **ABSTRACT**

A computerized system for automated dispute resolution through an Intranet website via the Internet or other communications linkage for communicating and processing a series of demands to satisfy a claim made by or on behalf of a claimant or other person involved in a dispute with at least one other person, such as a defendant, his or her insurer, or other sponsor, and a series of offers to settle the claim through at least one central processing unit including operation system software for controlling the central processing unit is disclosed. Preferably the system also allows for the collection, processing and dissemination of settlement data generated from the settlement through the operation of the system for use by sponsors and claimants in establishing the settlement value of future cases. Also disclosed is a method for communicating and processing a series of demands and a series of offers through the system.

**200 Claims, 4 Drawing Sheets**



US 6,330,551 B1
Page 2

OTHER PUBLICATIONS

Grob, K., and Schechter, P.L. "Discovering Opportunities in Alternative Dispute Resolution: A Step–by–Step Guide for Getting Involved," Outlook, vol. 62, No. 4, page 18, Winter, 1995.*

Stephenson, M. R., "Rescuing ADR from its Advances, "Public Adminstration Review, vol. 55, No. 4, pp. 385–388, Jul./Aug. 1995.*

Internet Business News, "Online Courtroom Service Introduced for U.S. Disputes," Jul. 1, 1996.*

Jackson, W., "Mediation Proposed for Securities Disputes," Business First–Columbus, vol. 9, No. 31, p. 4., Apr. 5, 1993.*

Skrzycki, C., "The Regulators: An Electronic Negotiation — Modern Times: OSHA to Try Writing Rules in Cyberspace," The Washington Post, Feb. 8, 1994, page D1.*

Helie, J., "Conflict and Conflict Resolution on Electronic Networks," Jun. 1994.*

SchWeber, C., "The Use of Technology in Conflict Resolution," paper presented at the European Conference on Peacemaking and Conflict Resolution, Oct. 1994, San Sebastian, Spain Oct. 1994.*

Brams, S. J., and Merrill, S., "Arbitration Procedures with the Possibility of Compromise," Control and Cybernetics, vol. 21, No. 1, page 131149 1992.*

Thiessen, E.M., and Loucks, D.P., "Computer Assisted Negotiation of Multiobjective Water Resources Conflicts," Water Resources Bullentin, vol. 28, No. 1, pp. 163–177, Jan./Feb. 1992.*

Mullins, R., "Mediation Arbitration Venues Offer Corporate Litigants Justice–in–Time," Business Journal–Milwaukee, vol. 9, No. 39, p. S6, Jul. 4, 1992.*

Yeened, N. N. "Electronics Alternative Dispute Resolution System Design," Mediation Quarterly, vol. 11, No. 2, pp. 193–194. Winter 1993.*

Abstract of New York Times editorial, Tuesday, Jan. 8, 1985.*

Hines, B. L., "Arbitration Spells Relief," Best's Review, vol. 86, p. 47 Jan. 1986.*

SchWeber, C., "Your Telephone May Be a Party Line: Mediation by Telephone," Mediation Quarterly, vol. 7, No. 2, pp. 191–195, Winter 1989.*

Denenberg, T.S., "The Electronic Arbitration," Journal, vol. 45, No. 1, pp. 48–52, Mar. 1990.*

Levin, National Underwriter, "Online Claim Settlement Services Hit The Net.", Nov. 9, 1999.*

Brams and Taylor, "Fair Division: From Cake–cutting to Dispute Resolution," published by Clark Boardman Callaghan, 1996.*

Arnold et al., "Patent Alternative Dispute Resolution Handbook," 1991.*

Shaw et al., "using Alternative Dispute Resolution in teh Federal Government," 1993.*

* cited by examiner

**U.S. Patent**     Dec. 11, 2001     Sheet 1 of 4     US 6,330,551 B1



FIG. 1



FIG. 2



FIG. 3

**U.S. Patent**    Dec. 11, 2001    Sheet 4 of 4    US 6,330,551 B1



FIG. 4

US 6,330,551 B1

1

# COMPUTERIZED DISPUTE RESOLUTION SYSTEM AND METHOD

## FIELD OF THE INVENTION

This invention relates generally to computerized systems and more particularly to a computerized system for automated dispute resolution through a communications linkage for communicating and processing a series of demands to satisfy a claim made by or on behalf of a claimant or other person involved in a dispute with at least one other person, such as a defendant, his or her insurer, or other sponsor, and a series of offers to settle the claim by the other person. The invention also relates to a system for the collection, processing, and dissemination of settlement data generated from the settlement through the operation of the dispute resolution system for use by sponsors and claimants in establishing the settlement value of future cases.

## BACKGROUND OF INVENTION

At the present time, it is readily apparent that a better way to resolve disputes has long been needed. Courtroom trials, once thought to be the only way to resolve legal controversies, are very costly and the outcome can be unsatisfactory for all concerned parties. The resulting disappointment with traditional litigation drove the creation of the alternative dispute resolution ("ADR") industry. However, conventional ADR, although sometimes helpful, is still costly and the results are often unacceptable.

An untold number of pending claims are ripe for settlement, but have not been resolved for reasons that have nothing to do with their merits. The present invention is based on the premise that the parties are best suited to settle those disputes but need a system that creates the opportunity for parties to successfully settle their claims easily, effectively, and inexpensively.

## SUMMARY OF THE INVENTION

The present invention is a computerized system for automated dispute resolution through an Intranet website via the Internet or other communications linkage for communicating and processing a series of demands to satisfy a claim made by or on behalf of a person involved in a dispute, such as a plaintiff in a lawsuit or other claimant, with at least one other person, such as a defendant, his or her insurer, or other sponsor, and a series of offers to settle the claim through at least one central processing unit including operating system software for controlling the central processing unit.

The invention also provides a system for the collection, processing, and dissemination of settlement data generated from the settlement through the operation of the dispute resolution system for use by sponsors and claimants in establishing the settlement value of future cases.

The system has means for introducing information into the central processing unit corresponding to the identification of the dispute and the persons involved in the dispute, memory means for storing the information corresponding to the identification of the dispute and the persons involved in the dispute, means for introducing by or on behalf of a first person involved in the dispute against whom a claim is made information into the central processing unit corresponding to a series of rounds of offers to settle a claim without disclosure of the offers to other persons involved in the dispute, and means for introducing by or on behalf of a second person involved in the dispute information into the central processing unit corresponding to series of rounds of

2

demands to satisfy the claim without disclosure of the demands to other persons involved in the dispute.

Preferably, the central processing unit receives information corresponding to three settlement offers and a plaintiff or claimant enters three demands in a plurality of communications with the system over a period of time, for example, 30 days. Time keeping means records the entry of the demands or offers over the selected time period. Comparison means included in the system compares the information corresponding to the series of demands and the series of offers on a round-by-round basis in accordance with preestablished conditions. The system also includes means for permanently deleting the demand and the offer in each round that does not result in a settlement based upon those preestablished conditions upon comparison of the demand and the offer in that round, and means for communicating to the first and second persons or representatives thereof the results of the comparison.

The preestablished conditions under which the comparison is made include the following:

If the offer in any round is less than the demand and within a preestablished percentage, for example thirty percent, of the demand in the same round, i.e. the offer is greater than or equal to seventy percent of the demand, the claim is settled for an amount in accordance with a first preestablished formula, for example, the median amount between the demand and the offer.

If the offer in any round is the same as or greater than the demand, the claim is settled for the demand amount.

If the offer is not within the preestablished percentage of the demand in all rounds, for example if seventy percent of the demand is greater than the offer, the claim is not settled unless the difference between the offer and demand is less than a preestablished amount, for example $5,000, in which case the claim is settled for an amount in accordance with a second preestablished formula, for example at the median amount between the demand and the offer. Thus, first and second preestablished formulas may be the same as or different from each other depending on the agreement of the parties.

The system preferably is designed to allow a user to communicate with the system through a standard PC computer and modem via the Internet. The system may also include a voice message system or means for generating voice messages to a person communicating with the system through a touch-tone or cell phone linkage to guide the person in the use of the system. Security means is preferably included to make the system accessible only upon entry of a case identification number identifying the dispute, a security code corresponding to the dispute, and a user security code corresponding to the dispute and identifying the user, i.e. the person or representative thereof who is making the demand or offer, for example the attorney for the person on whose behalf the demand or offer is made.

The method of the present invention communicates and processes a series of demands to satisfy a claim made by or on behalf of a person involved in a dispute with at least one other person and a series of offers to settle the claim through a computerized system for automated dispute resolution. having at least one central processing unit including operating system software for controlling the central processing unit, means for introducing information into the central processing unit corresponding to the identification of the dispute and the persons involved in the dispute, and memory means for storing the information corresponding to the identification of the dispute and the persons involved in the dispute.

3

The method comprises:

(a) introducing into the central processing unit information corresponding to a series of rounds of demands to satisfy the claim from a party representing a claimant involved in the dispute without disclosure of the demands to other persons involved in the dispute;

(b) introducing into the central processing unit information corresponding to a series of rounds of offers to settle the claim from a party representing a person involved in the dispute against whom the claim is made without disclosure of the offers to other persons involved in the dispute;

(c) steps (a) and (b) occurring in any order;

(d) comparing the information corresponding to the series of demands and the series of offers on a round-by-round basis in accordance with preestablished conditions;

(e) permanently deleting the demand and the offer in each round that does not result in a settlement upon comparison of the demand and the offer in that round based on those preestablished conditions; and

(f) communicating to the claimant and the person against whom the claim is made or representatives thereof the results of the comparison.

## BRIEF DESCRIPTION OF THE DRAWINGS

The following detailed description may best be understood by reference to the following description in conjunction with the accompanying drawings in which:

FIG. 1 is an overview of the computerized system of the present invention.

FIG. 2 is a block diagram showing how a claimant involved in a dispute interacts with the computerized system of this invention.

FIG. 3 is a block diagram of an example of how an embodiment of the computerized system of this invention prompts a person involved in a dispute in the use of the system.

FIG. 4 is a diagram showing the program flow from a user perspective in accordance with a preferred method for operating the system of the present invention via the Internet.

## DETAILED DESCRIPTION OF THE INVENTION

The present invention is a computerized system for automated dispute resolution through an Intranet website via the Internet or other communications linkage 1 for communicating and processing a series of demands to satisfy a claim made by or on behalf of a person involved in a dispute with at least one other person and a series of offers to settle the claim.

A demand is the amount of money required by the person having a claim 2, 3 against another person 4, 5, 6, 7, such as a defendant or his or her insurer, for which the person with the claim would be willing to settle. Information corresponding to the amount of the demand will be entered by the claimant or his or her representative by using the numbers of a touch-tone or cellular telephone or by typing the numbers on the keyboard of a personal computer. An offer is the amount of money the defendant or the insurance company will settle the claim.

The system communicates and processes the demands to satisfy and the offers to settle the claim through at least one central processing unit and includes operating system software for controlling the central processing unit 8, means for introducing information into the central processing unit 8 corresponding to the identification of the dispute and the persons involved in the dispute, and memory means 9 for storing the identification of the dispute and the persons involved in the dispute.

Preferably, the computer is secure, for example by the implementation of a "firewall" or protective barrier against unauthorized traffic or the use of encryption technology, and each case is preferably triple-password protected to assure privacy and prevent unauthorized access. For example, the system may require the user to enter a password or user identification number or alphanumeric combination and a user authorization code providing access control to the system. For increased security, systems may be designed which require user authentication, for example through the use of voice pattern, fingerprints, physical signature, or "smart" card.

No strategies, evaluations, or other work product are directly or indirectly disclosed to anyone, including the adverse party. Settlement offers and claimants demands that do not result in a settlement are never revealed to anyone. FIG. 1 shows the system of this invention using the Internet or a telephone as the communications linkage.

A person involved in a dispute is anyone or any company who has a claim against another person or against whom another person has asserted a claim, whether litigation is pending or not. The system includes:

means for introducing by or on behalf of a first person involved in the dispute against whom a claim is made information into the central processing unit corresponding to a series of rounds of offers to settle a claim without disclosure of the offers to other persons involved in the dispute,

means for introducing by or on behalf of a second person involved in the dispute information into the central processing unit corresponding to a series of rounds of demands to satisfy the claim without disclosure of the demands to other persons involved in the dispute,

comparison means for comparing the information corresponding to the series of demands and the series of offers on a round-by-round basis in accordance with preestablished conditions,

means for permanently deleting the demand and the offer in each round that does not result in a settlement upon comparison of the demand and the offer in that round based upon those preestablished conditions, and

means for communicating to the first and second persons or their representatives the results of the comparison.

Preferably, there will be three offers for each claim. Each demand will be compared with the offer of the same number (i.e. Demand #1 to Offer #1, Demand #2 to Offer #2, etc.). The computer matches the settlement offer against the claimant's demand and performs its programmed calculations in order to determine whether or not a settlement has been achieved. Where the demand and offer intersect in accordance with preestablished conditions, settlement is reached. In the case that the demand is less than or equal to the offer, then the case is settled at a settlement amount equal to the demand. In the case that the demand exceeds the offer, the system will preferably split the difference if the offer is within a preestablished percentage, for example 70% of the demand (i.e. demand×0.70<=offer). In such case, the settlement amount is the demand plus the offer divided by two. If 70% of the demand is still greater than the offer, there is no settlement unless the difference between the demand and offer is less than a preestablished amount, for example $5,000, in which case the claim is settled for the median amount between the demand and the offer.

| 5 | 6 |

Thus, the parties communicate only with the computer, avoiding direct communication with each other. Wasteful personality conflicts fruitless and unnecessary disagreements, posturing and positioning cannot occur, so the parties deal exclusively with the "bottom line". FIG. 2 shows how a claimant involved in a dispute would use the confidential and automated system of this invention without direct communication with the other side.

The system preferably also comprises security means whereby the system is accessible only upon entry of a case identification number identifying the dispute, and a user security code corresponding to the dispute and identifying the person or representative thereof who is making the demand or offer.

Preferably, the system comprises means for generating voice messages to a person communicating with the system through a touch tone or a cellular phone linkage which guides the person in the use of the system. Alternatively, written messages may be used as prompts when the system is accessed from a personal computer via the Internet.

The entry of claims and settlement offers may also be expedited by a trained staff of computer professionals. For example, the website or telephone linkage can provide a series of options, one of which places the user into on-line or telephone communication with a customer service representative to answer questions or provide other assistance. Thereafter, the user may access the system by communicating to the processing unit via the Internet or by telephone, e.g. a toll-free number, at any time or day of the week to enter claims or settlement offers. Preferably, the system comprises time keeping means to record the introduction of the information corresponding to the demands or offers over a period of time. In this way, introduction of information corresponding to demands or offers may be made in a plurality of communications with the system over a period of time. The system can handle multiple telephone calls or other communications from anywhere in the world.

The computer performs its functions and the result are reported to the parties as they occur in real time without waiting.

The system also encourages and enables plaintiffs to take a realistic approach to settlement with no risk of appearing irresolute or hesitant since a claimant's financial demands that do not result in a settlement are never disclosed. Preferably, claimants have only three or some other previously agreed-upon number of opportunities or rounds to settle claims using the system, and preferably settlement offers or rounds have only a limited period or "shelf life" in which they are operable, for example thirty days for all rounds, which encourages prompt action by claimants.

The system preferably also collects and processes settlement data generated from a settlement reached through the operation of the system for dissemination and use by users, for example sponsors and claimants, in establishing the settlement value of future cases. Means may be provided for a user to access actual settlements achieved through the use of the system in other disputes, for example, through a menu or voice choice provided to the user via telephone or the Internet whose selection provides the user with information about prior settlements. The data may be tabulated in the memory means so as to be accessible by certain categories, for example by court, by sponsor, by geographic location, or by other category. In this way, a user of the system can be guided in making demands and offers by actual settlements reached in similar cases.

The invention can be understood readily from the following description of a preferred embodiment in conjunction with the overview of FIG. 1. The present invention provides an online system, preferably Intranet website via the Internet or telephone accessible or both, to facilitate the settlement of claims by allowing attorneys and claims adjusters to use a simple interface to rapidly post a series of monetary claims against a case being tested against an algorithm for possible settlement. Preferably, the system also calculates, stores and tabulates settlement data once a settlement has been reached for reference by other users.

A person involved in a dispute against whom a claim has been made, such as a defendant or an insurer or other sponsor, preferably submits claims to the computerized system using electronic media and formats agreed upon by the parties. The sponsors preferably can also describe the algorithm amount and percentage to calculate claims and at the individual claim level check their exposure for a series of claims with a built-in calculator provided by a computer program in the system. Attorneys for a claimant can make demands in return and calculate their potential settlement gain. Claimant attorneys may be invited to participate in the process by an automatically generated letter that is sent out once the sponsor enters the case. The attorneys may then log into the system by special authorization codes.

The parties involved may agree in advance to the algorithm amount and the percentage, or a first person involved in a dispute may enter this data which is then agreed to by the second person.

In an Internet-based embodiment of the present invention, an Internet website is set up to provide the interface between system and user. Preferably, the major areas of the website include a login area for sponsors or their representatives, a login area for claimants or attorneys for claimants, and a login area for administration personnel who oversee the system. If desired, the website may also include a publicly accessible area that highlights information about the system. For increased security, a separate website may be set up with this information.

Individuals using the computerized system preferably must log into the system before they can manipulate any data. Preferably, they can view, enter and change only that information that is within their access limits—as an attorney for claimant, a sponsor user, a sponsor administrator, or a system administrator. A sponsor user is a claims adjuster or other agent who works for a sponsor, for example an insurance company or large self-insured organization, which has entered into an agreement to use the computerized system. A sponsor user is preferably limited to entering and reviewing cases relevant to their own entered cases, not cases entered by other sponsor users of the same sponsor.

Thus, a sponsor user preferably may enter the website to login to the system, for example by using a user name and password combination or pair, read and agree to an agreement for the sponsor's participation in the system, assign new cases for claimant attorney participation, and review any completed, pending or in-process cases that have been entered into the system by that sponsor user.

A sponsor administrator is a sponsor user who has been granted administrator privileges by the sponsor. Preferably, in addition to performing all the tasks that a regular sponsor user may perform, a sponsor administrator may enter the website to change sponsor contact information, change sponsor user login and contact information, add or delete sponsor users, create sponsor users with administrator privileges, and review cases for all sponsor users within the sponsor.

Claimants or their attorneys may enter the website to login to the system preferably using a username and pass-

word pair, read and agree to a system participation agreement for the claimant, review case information as prepared by the sponsor, with current case status information, and post claims against a particular case.

Preferably, system administrators who work for a company administering the system assist in the implementation of the system. System administrators with proper authorization, for example username/password combination identifying them as such, may enter the website to review, modify, delete and create sponsors, sponsor users, and sponsor administrators, and review, modify and delete and create cases or claims to be processed by the system. Preferably, a case report writer may be provided containing current case status information searchable by date, sponsor, sponsor user, case name and status, which is able to be accessed or queried by the system administrator. A more limited form of case report writer may also be provided to claimants and other users of the system in which only information that is within the user's access limit may be searched.

The system of the present invention is preferably designed to make it easy for a claimant attorney with any common Internet or telephone access to settle legal disputes that involve a monetary settlement.

In using the system, the sponsor accesses the system, for example, with a login to the website. The sponsor may at that time enter any pertinent case information about the case and the claimant attorney. After adding or reviewing case details, the sponsor submits all at once or over time a number of settlement offers, preferably up to three, for each claim submitted. Each settlement offer is identified by Round. For example, a sponsor may enter $40,000 as the offer for the first round (Round 1), $60,000 for the second round (Round 2), and $80,000 for the third round (Round 3).

If desired, in website based systems, an online calculator may be used to notify the sponsor user at that time as to what the sponsor's highest potential exposure might be. For example, if the preestablished conditions are such that the case will settle at the midpoint between the demand and offer if the offer is at least 70% of the demand or within $5,000 of the demand, whichever is greater, a sponsor user who enters $70,000 as the offer for a round may calculate that the possible exposure is $85,000 (corresponding to a $100,000 demand, i.e. the highest demand that will trigger a settlement under these conditions).

Once the claim is entered on the system, the claimant's attorney is contacted, for example by ordinary or electronic mail. (For simplicity, the claimant's attorney will be used but the discussion applies equally to the claimant and to other representatives of the claimant). The claimant's attorney chooses an attorney security code, which is preferably a unique numeric personal identification number ("pin number") that permits the attorney to access the computerized system. The claimant's attorney must also agree to be bound by any settlement achieved by the parties using the computerized system and may also at this time agree to the percentage within which a demand and offer in a round must be for settlement to occur, the formula for determining the amount of the settlement, the amount which may be zero in which the case nonetheless will settle if the difference in the demand and offer in a given round is less than or equal to that amount, and the formula for determining the amount of the settlement in that instance. The claim is now ready for settlement, and the claimant's attorney will preferably have three Rounds, or opportunities, to settle a claim, which may be entered over time or all at once.

Referring now to the block diagram of FIG. 2, the claimant attorney or other user (for example a defendant or sponsor) accesses the system via the Internet using any standard web browser or via an ordinary touch-tone or cellular telephone 20. No special equipment or training is needed by the attorney to use the system. The system "prompts" the attorney at each step of the process and provides automated, on-demand help if needed.

For example, referring to the block diagrams of FIG. 2 and FIG. 3, upon accessing the system, the user is met with a greeting 20 (step 30) followed by a number of options 21 that may be selected by pressing the appropriate number of a touch-tone or cellular telephone (step 31).

In steps 32–35, the attorney's pin number and preferably two numeric "passwords" are required to commence the alternate dispute resolution of a claim. The system preferably generates a voice confirmation of the information which the user may confirm or cancel and reenter the information (see step 34). The system may, upon confirmation of the information, determine the correctness of the information and the user's authorization to access the system for that case. After entry and confirmation of the required numbers 22, the attorney follows the prompts and enters demands 23 using the telephone keypad or by typing in the demand at his or her personal computer. The system may also request confirmation of information entered by the attorney. See FIG. 3 for telephone-based embodiments.

The computerized system is designed to adhere to the will of the parties and makes no attempt to "force" a settlement. No information concerning the facts, the law, or the injuries pertaining to the claim is preferably received by the system. The case can be settled only at a figure agreeable to the parties, not at some figure arbitrarily set by an interviewing third party. Thus, the parties can resolve disputes fairly using the system without relinquishing settlement authority.

Rounds may preferably be completed in one, two or three calls or computer sessions within a given time period, preferably thirty days. Once entered, the system instantly compares each demand to the settlement offer for each Round. If the demand and offer match or are within some preestablished range, the case is settled. For example, if the offer is within twenty percent of the demand, the claim is settled in accordance with a preestablished formula, for example the claim is settled for the median amount. If the offer and demand differ by more than twenty percent in all three Rounds, the case will not settle. If the settlement offer is the same as or greater than the claimant's demand, the claim is settled for the demand amount.

Preferably, the preestablished conditions are such that even if the offer and demand differ by more than a preestablished percentage in all three rounds, the claim will nonetheless settle if the offer and demand are within a preestablished amount, for example $5,000, in which case the claim will settle in accordance with a second preestablished formula, which may again be the median amount.

Two examples of a series of rounds and the results are given in Table 1. In these examples, the first preestablished formula is the median amount between the offer and the demand. In Example 2, the preestablished amount is $5,000 and the second preestablished formula is the same as the first preestablished formula, i.e. demand plus offer divided by two equals the settlement amount.

TABLE 1

| Round | Claimant's Demand | Settlement Offer | Result |
|---|---|---|---|
| EXAMPLE 1 (preestablished percentage: 80% of demand) | | | |
| 1 | $200,000 | $40,000 | No settlement |
| 2 | $150,000 | $60,000 | No settlement |
| 3 | $100,000 | $80,000 | Settled for $90,000 |
| EXAMPLE 2 (preestablished percentage: 70% of demand) | | | |
| 1 | $19,000 | $4,500 | No settlement |
| 2 | $14,000 | $6,500 | No settlement |
| 3 | $12,000 | $8,000 | Settled for $10,000 |

Preferably, the system promptly notifies the parties of a settlement, for example while the user is online or via email to offline parties or by telephone, and follows that notice with a written confirmation. Unaccepted offers and demands expire without further action by any party, preferably after thirty (30) days.

The processing of the case data within the present invention begins when a person involved in a dispute, preferably a party representing a person against whom a claim or series of claims is made, for example a sponsor, enters into the central processing unit a series of rounds of offers to settle the dispute (or if the claimant, a series of rounds of demands to satisfy the claim 24). The information as to each claim is submitted electronically in a format compatible with the system, for example via phone input or PC input fed to the central processing unit.

Another person involved in the dispute, for example, a party representing a person asserting a claim enters into the central processing unit a series of rounds of demands to satisfy the claim. The demands and offers are entered without disclosure to other persons involved in the dispute. The series of demands and the series of offers are compared on a round-by-round basis in accordance with preestablished conditions. For example, the parties may agree to be legally bound to settle the case if the demand and the offer in any given round are identical (in which case the claim is settled for that amount) or are within a previously agreed-upon range or formula, for example, within 20% or $5,000 or some combination (in which case the claim is settled in accordance with a previously agreed-upon formula, for example at the midpoint between the demand and the offer). Otherwise, the comparison means goes on to the next round and the previous round that did not result in a settlement is deleted permanently. After each round the system communicates to the parties the result of the comparison, i.e. no settlement or settled at a certain amount.

The computerized alternate dispute resolution method of the present invention may be implemented in Internet-based embodiments using a computer program representing a distributed database application written in a Mark-up Language such as ColdFusion Markup Language and HyperText Markup Language (HTML). The system preferably is distributed through ColdFusion Server extensions which allow for interactive processing and Microsoft's SQLserver to allow attorneys and claims adjusters to access it via a standard web browser such as versions 3.0 and up of Microsoft Internet Explorer and Netscape Navigator, which can be found on a variety of platforms, including Microsoft Windows, Macintosh, and UNIX operating systems.

Information which is entered is submitted to a central database via the Internet. The database preferably indexes sponsors, sponsor users and administrators associated with that sponsor, and cases associated with that sponsor. It also preferably indexes attorneys associated with cases.

Preferably, if a period of time passes without activity when a user is online, for example 20 minutes under normal network traffic conditions, the user is automatically logged out for security precautions. For all or a portion of the data, the system may be designed so that once data has been entered, a sponsor or other user has a period of time, for example 30 minutes, after which the data cannot be withdrawn.

Referring now to the flow chart of FIG. 4, the preferred computer program implementing the system enters at step 10 when a sponsor user opens their web browser (for example Netscape or Microsoft Internet Explorer 3.x or 4.x) and accesses the system website. The user is prompted by a menu with a series of options, one of which is "enter as Sponsor" which is chosen. If desired, the system may automatically write information in the form of ASCII text or "cookies" onto the user's hard drive as a means of keeping track of the user and the user's use of the system. Preferably, the memory means stores this information. Upon access to the system by the user, any preexisting cookies of the user may be modified to reflect the current access of the system by the user. Unless the user has explicitly denied cookies on his or her browser, the computerized system checks for the user's name through a variable saved in the user's browser. If the user has logged in before, the user is greeted by username, provided the user is logging in with the same computer.

In step 11, the sponsor user is presented with the choice of adding/editing cases, viewing all cases for that sponsor, or logout. As mentioned previously, preferably all or a portion of the data in the system may not be withdrawn after a period of time in which event the user will no longer be permitted to modify that information. Preferably a menu is provided in which the user may choose one of two links to separate functions. For example, a menu bar may be provided on the left hand side of the screen in which the user chooses by clicking on the appropriate box in the menu bar corresponding to the function. The user's choice is saved through intermediate login and contract screens which follow. Alternatively, step 11 may be implemented following login (step 12) discussed below.

The program next moves to step 12 in which the user must first log into the system before editing or viewing cases. The user must enter a username (unique to the entire database) and a corresponding password. If these do not match the pairs known by the system, the user is shown an error screen with the option to try again.

Alternately, if the user has logged in before with the same computer, his or her username may already be entered into the system, and the server which distributes the web pages checks the user's password against the username. If desired, the system may be designed so that the user has the option to enter a new or different username to allow multiple users to access the system from the same computer.

Computer program modules preferably are written to implement the various steps of the process. For example, a module controlling the sponsor user identity process may be created to hold all variables related to a sponsor user's identity and to cases of that sponsor.

A "Validate New User Name" module may be created which is called when the user places an entry in the user name field and leaves the field form. Preferably, the user name entry form has a JavaScript object which checks to see

if the username has already been taken, and if so, displays an error message.

Step 13 shows the user a system participation agreement if the correct name and password were entered. The agreement preferably details the terms of use of the system and details regarding the process. Preferably, a button is provided on the menu for either agreement or disagreement with the contract. If the user agrees to the terms of the contract, he or she proceeds to the original menu choice (adding/editing cases, or viewing cases). Otherwise, the user is returned to the login screen with all information cleared.

If the user agrees to the participation agreement, the system may send the user to the original menu choice in step 11. Alternatively, the system may be designed to send the user to a menu with the options of assigning a new case, reviewing cases, adding/editing cases or logging out.

If the adding/editing cases choice was originally chosen, the program enters step 14 where an Add/Edit case screen preferably allows the sponsor to enter the following information into the database:

Claimant name

Case Description

Sponsor Case ID

Dollar values for each of 3 settlement rounds The Claimant Attorney name, firm, address, city, state, zip code,

telephone, fax, and email

In telephone-based embodiments, some or all of this information may be entered with the assistance of system administrators.

The Sponsor case ID is preferably a value for sponsor internal tracking selected by the sponsor.

The dollar value inputs need not all be entered at one time. The system will prompt the user to enter an amount for each round individually with the option to leave the amount in any given round blank for entry at a later time.

The dollar value inputs preferably include calculator functions which calculate the total possible exposure for the amount entered. The screen also may display the status of the case. Upon submitting the information, the user may be returned a confirmation screen with all entered information upon which the user can choose to accept the changes or return to edit the case further. Preferably, the system provides the user with a period of time, for example, thirty minutes, to edit some or all of the case information before that information becomes final. For that information made final, after the period of time has expired, further edits may be done preferably only with the agreement of all the parties.

Preferably, the Add/Edit screen includes a "submit" button at the bottom, which sends the information to be checked for formatting. It points out missing or improperly formatted text, or returns the text for verification. If the text is accepted, the data is sent to the database for entry as an addition or update. Preferably, a sponsor user cannot edit a case in which the claimant attorney has started to submit demands into the system, except to change clerical information such as address and phone number.

A Case Data Entry module may be created to hold a template that processes the sponsor user's entry of case data and add/insert it into the database. The main features of the program are the checking of an expired edit time, and whether or not the claimant attorney has entered a demand

in the system. In either event, the form aborts and an error message is presented.

Preferably the program is written so that when a record is to be inserted, the insertion is held up and locked using a suitable program until the system can read the record in order for the details to be displayed back to the user within the screen for confirmation and in order that the system can provide a HREF to its primary key which is automatically assigned by the database.

Another module called "Sponsor Assigns Case" preferably drives the sponsor user's entry of a case into the database.

The Add/Edit calculator may be any suitable computer program, such as a JavaScript program, which applies the algorithm amounts specified by the sponsor to determine the maximum possible exposure.

If the original choice was viewing all cases, the program moves to step 15 where the View cases screen reveals all the information for a given case which has previously been entered during an Add/Edit choice. The user is also preferably given an option to edit the information, preferably with a specified time limit (e.g. 30 minutes) for the rounds of offers provided a claimant attorney has not started to submit demands. The View screen may, if desired, also display a list of cases that have been assigned to a sponsor user.

Preferably, a module called "Sponsor User Show" contains a template which shows the user these records. If the sponsor user has administrator privileges, the module shows all user records related to the sponsor. A similar module called "SponsorShowCases" preferably functions to show case information.

In step 16, the user may log out of the system from a menu choice to end the session and return the user to the login screen. This menu choice preferably also follows completion of the Add/Edit and View choices of steps 14 and 15. If a user attempts to engage the system again, he or she will have to login their user name/password pair. Preferably, logging out clears the password, but not the user name, so that upon subsequent login the computerized system may check for the user's name in the user's cookie if the user accesses the system with the same computer.

The screens appearing in the operation of the system may be created by suitable computer programs written in a Standard Generalized Mark-up Language such as Cold Fusion Script.

The computer program code for the Login screen creates the login form if a user is determined not to be in a logged in state. (FIG. 4, step 12). This form preferably passes on a variable value indicating the user's eventual destination.

The module for the License screen follows the Login program and checks the user's authentication credentials. if the user passes, the License screen is shown (FIG. 4, step 13).

Preferably, a module called Login results follows the License module and sets the user state to logged in. Unless the user has explicitly denied cookies on his or her browser, the program also checks to see if the user's cookie has taken correctly and sends an error message if it does not. If all is correct, the module sends the user on to his or her selected destination.

A Logout module may be used to log a user out of the system. Preferably the next time the user tries to use a menu item, he or she will be prompted for a password and to approve the license agreement.

If the user disagrees with the license, a module following the License module displays the Disagree screen which