DREIER LLP
Daniel A. Ladow
Albert L. Jacobs, Jr.
Michael P. Bauer
499 Park Avenue
New York, New York 10022
(212) 328-6100
*Attorneys for Plaintiff*
*Debt Resolve, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBT RESOLVE, INC., <br><br> Plaintiff, <br><br> -v- <br><br> APOLLO ENTERPRISE SOLUTIONS, LLC, <br><br> Defendant. | Case No.: 07-cv-4531(JSR) <br><br> **ECF Designated Case** |

**DECLARATION OF RICHARD ROSA IN SUPPORT OF DEBT RESOLVE'S OPPOSITION TO APOLLO'S MOTION FOR SUMMARY JUDGMENT OF PATENT NON-INFRINGEMENT**

Richard Rosa, hereby declares that:

1. I am the President and Chief Technology Officer of the plaintiff, Debt Resolve, Inc. ("Debt Resolve"). I make this declaration based on personal knowledge, my experience in the industry and otherwise upon information and belief.

2. I have been Senior Vice President and Chief Technology Officer of Debt Resolve, Inc. since February 2003, and President and Chief Technology Officer since December 2006. For over twelve years, I have had extensive experience in building the software platforms for various technology and Internet service businesses, including,

among others, positions as Senior Director of Technology for Scholastic Inc.'s Software and Internet Group, Chief Technology Officer of BabyGear.com, and Director of Online Operations at 1800Flowers.com.

3.  I am familiar with the Consumer Debt Collection Industry and the design of internet-based software systems for use in, among other things, collecting consumer debt.

4.  I understand that this Declaration is being submitted in support of Debt Resolve's Opposition to the motion by Apollo Enterprise Solutions, LLCs ("Apollo") for Summary Judgment of Patent Non-Infringement. I am familiar with the facts and circumstances which gave rise to the lawsuit. (The references below to the "L.D." refer to the accompanying attorney declaration of Daniel Ladow; I am informed that the publicly available documents referred to below are annexed as exhibits to the Ladow Declaration.)

5.  In preparing this declaration I have reviewed the text or excerpts of text from Apollo's website (L.D. Exs. B, C, D, E, F, G, M, N and O) and U.S. Patent Application Publication No. 2006/0085332, published April 20, 2006 and assigned to Apollo (L.D. Ex. A).

6.  Based on my experience in the debt collection field and my familiarity with the technologies, including computer programs and systems, used in that field, the Apollo documents I reviewed describe a system which allows a debtor to negotiate with a creditor if the debtor is not satisfied with the offer or offers initially proposed by the creditor. The Apollo "IDS" system allows the creditor to enter rules, guidelines or other criteria into Apollo's system that allows the system to automatically evaluate a debtor's

2

offer to the creditor to determine whether or not a settlement between the debtor and the creditor has been reached.

7. The Apollo website, www.apolloenterprise.com, makes several statements regarding its IDS system that demonstrate to one with experience in the field that the IDS system is capable of automatically accepting a debtor-negotiated offer based on creditor-defined rules input into the system. For example, in the video presentation in the "See How It Works!" section of the website it says that "[i]f the debtor is not presented with an offer that exactly matches his ability to pay he may also submit a negotiated offer to the creditor or creditor's agent. This negotiated offer can be **approved using predetermined rules** and guidelines…" L.D. Ex. N. My understanding is further supported by a statement from the "Solutions" section of the Apollo website which indicates that the Apollo IDS system "[p]rovides debtors with the alternative to negotiate a settlement in real-time that may be **decisioned using the system**." L.D. Ex. B.

8. I understand "approved using predetermined rules" and "decisioned using the system" to mean that the Apollo IDS system itself, and not a human being using his/her personal judgment, is making the determination of whether to accept or reject a debtor-negotiated offer.

9. Other Apollo-generated marketing materials further support my understanding. In a piece of undated Apollo marketing material, Apollo claims that "[t]he Customer may also negotiate an alternative settlement online **against Creditor-defined rules**." L.D. Ex. G. This is a clear indication that the debtor is negotiating against the creditor-defined rules and not against a human representative of a creditor or creditor's agent.

10. My understanding of the Apollo website and marketing material are also fully in accord with statements made by Apollo in its U.S. Published Patent Application 2006/0085332. The application makes clear that the system described is able to accept or reject a debtor negotiated offer in an automated fashion. For example, paragraph 116 of the application (L.D. Ex. A) states that "[i]f rules are established to operate on the negotiation offer presented by the user/debtor, then **the decision engine may evaluate the negotiation offer** with the assistance of the modules of FIG. 2 to determine a response." At paragraph 122 of the application it states that "[i]f negotiation is available and selected, the user/debtor is able to enter her offer at point 362. At point 363, **the decision is evaluated, typically by the decision engine** 206...."

11. By definition, it is also true that, when the creditor enters rules into a system which automatically evaluate debtor counteroffers, the creditor has to have programmed into the rules a minimum amount (and minimum conditions, if any, such as pay-out period) the creditor will accept in settlement.

12. It is my belief that it is highly desirable in the consumer debt collection industry to allow debtors to make offers on their debts to creditors and to be able to assess and resolve such disputes in an automated manner.

13. I believe that anyone familiar with the Debt Collection field would read the above Apollo materials and have the same understanding I have expressed above.

I declare under penalty of perjury that the foregoing statements are true and corrected.

Dated: September 14, 2007

_____
Richard Rosa