Albert L. Jacobs, Jr.
Daniel A. Ladow
Michael P. Bauer
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100
*Attorneys for Plaintiff*
*Debt Resolve, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBT RESOLVE, INC.,

                Plaintiff,

-v-

APOLLO ENTERPRISE SOLUTIONS, LLC,

                Defendant.

Case No.: 07-cv-4531(JSR)

---

**AFFIDAVIT OF DANIEL A. LADOW PURSUANT TO F.R.C.P. 56(f) IN OPPOSITION TO APOLLO'S MOTION FOR SUMMARY JUDGMENT OF PATENT NON-INFRINGEMENT**

STATE OF NEW YORK    )
                                :S.S.:
COUNTY OF NEW YORK  )

       Daniel A. Ladow, Esq., being duly sworn, deposes and says:

       1.    I am a partner of the law firm Dreier LLP, 499 Park Avenue, New York, New York 10022, attorneys for plaintiff Debt Resolve, Inc. ("Debt Resolve"), and am admitted to practice before this Court and the courts of the State of New York. I am fully familiar with the facts and circumstances surrounding this litigation.

2.      This affidavit is made pursuant to Rule 56(f) of the Federal Rules of Civil Procedure in opposition to Apollo Enterprise Solutions, LLC's ("Apollo") Motion for Summary Judgment of Patent Non-Infringement based on the ground that additional discovery is required in order to oppose Apollo's motion, should this Court find that the arguments and evidence referenced in Debt Resolve's opposition are insufficient to warrant denial of the motion.

3.      Debt Resolve has had no opportunity to conduct formal discovery in this case. At the June 29, 2007 Court conference in this action, the Court granted Apollo's request to be allowed to file a summary judgment motion before a Civil Case Management Plan was put into place. Apollo specifically requested this Court to allow it to file a motion for summary judgment of non-infringement before any discovery took place. Accordingly, not even the initial disclosures pursuant to F.R.C.P. 26(a)(1) have been made, and no discovery requests have been served and no documents have been produced in response to such requests.

4.      The only documents produced in the case to date by Apollo are 72 pages of screen shots produced voluntarily by Apollo on July 16, 2007 in the context of settlement discussion. Debt Resolve had informally requested that Apollo provide documents relating to the operation and features of Apollo's accused system, including manuals, specifications, etc., in an effort to reach a settlement in the case. Apollo claimed that it had no such materials and produced the screen shots instead. ███

███

███

███

██████████ These screen shots were produced with the intent of convincing Debt Resolve that Apollo did not infringe the patents-in-suit.

5. The only deposition that has occurred in the case to date was a limited voluntary deposition of Apollo President G. Christopher Imrey on July 24, 2007, proposed by Apollo for settlement purposes, which focused primarily on the Apollo-produced screen shots but also generally on the various descriptions of Apollo's IDS system in its marketing material and elsewhere.

6. Apollo's summary judgment motion rests (putting aside two inaccurate assertions about the claims of the patents-in-suit) on three assertions by Mr. Imrey: █

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████

7. Each of these assertions is, as set forth in Debt Resolve's Accompanying Opposition, contradicted by Apollo's non-litigation related description of its system, and rests solely on Mr. Imrey's say so. In order to test these assertions, to determine if they truly have any validity, discovery is required.

8. Thus, Debt Resolve would seek to obtain, through both deposition testimony and various discovery requests, facts related to:

    a. the design and functionality of Apollo's IDS system, including:

        i. source code for each version of Apollo's IDS system;

        ii. specifications and other system design-related documents, including those provided by customers for customized

3

     implementations;

   iii. programming manuals;

   iv. communications with clients or internal communications concerning system features;

   v. various marketing materials describing the functions of the Apollo system;

 b. Apollo's interactions with various potential and actual customers, including:

   i. what functionality for the Apollo IDS system has been marketed by Apollo to potential customers;

   ii. what functionality for the Apollo IDS system has been requested by various customers;

   iii. what functionality for the Apollo IDS system has actually been implemented by Apollo for various customers;

   iv. whether various customers have actually used Apollo's IDS system after implementation has occurred.

9. In the absence of such discovery, in the absence of access to Apollo's source code and related documentation and Apollo's personnel and third parties with relevant knowledge, Debt Resolve can only point, as it has done, to the numerous contradictory non-litigation statements made by Apollo concerning the fact issues in question, but cannot point to other evidence which rebuts Apollo's assertions. For example, it is Debt Resolve's position that Apollo's various marketing materials describe the functionality of the IDS system in such a way that it infringes the claims of the

patents-in-suit, but without an analysis of the underlying source code it is impossible to determine if the IDS system actually contains the features Apollo describes in its marketing material. ███████████████████████████████████████████████████████████████████████████████████████████ an analysis of the underlying source code and corresponding programming documents and other discovery in making a final determination of what functions the system possesses and to what functions extent such functionality has been used.

**WHEREFORE**, Debt Resolve respectfully requests that this Court issue an Order, pursuant to Rule 5(f), denying Apollo's Motion for Summary Judgment of Patent Non-Infringement and providing Debt Resolve with the opportunity to conduct discovery.

_____
Daniel A. Ladow

Sworn to before me this
14th day of September, 2007.

_____
Notary Public

MARTHA L. MATOS
Notary Public, State of New York
No. 01MA5003553
Qualified in Richmond County
Commission Expires Oct. 26, 2010