Thomas A. Egan (TE 0141)
Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York 10006
Tel.: (212) 412-9507

and

Jan P. Weir (admitted *pro hac vice*)
Steven M. Hanle (admitted *pro hac vice*)
Jennifer A. Trusso (admitted *pro hac vice*)
Douglas Q. Hahn (DH 3032)
Stradling Yocca Carlson & Rauth
660 Newport Center Dr., Suite 1600
Newport Center, CA 92660
Tel.: (949) 725-4000

Attorneys for Defendant
Apollo Enterprise Solutions, LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEBT RESOLVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> APOLLO ENTERPRISE SOLUTIONS, LLC, <br><br> Defendant. | 07-cv-4531(JSR) <br><br> **ECF Case** |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT OF PATENT NON-INFRINGEMENT**

Table of Contents

Page

I. INTRODUCTION ................................................................................................................ 1

II. REPLY .................................................................................................................................. 1

    A. Debt Resolve Does Not Even Contend That Apollo Software Program As Actually Sold And Used Infringes Any Of The '551 Or '741 Patents' Claims ...................................................................................................................... 1

    B. Debt Resolve Is Left To Arguing That Hypothetically There Might Be Infringement If Apollo's Program Is Capable Of Being Used In Another Manner ..................................................................................................................... 5

    C. Debt Resolve's Request For Further Discovery Should Be Denied ....................... 7

III. CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

## CASES

*Accuscan, Inc. v. Xerox Corp.*,
   1998 U.S. Dist. LEXIS 1558, *18 (S.D.N.Y. 1998) ................................................................. 4

*Cybersettle, Inc. v. National Arbitration Forum, Inc.*,
   2007 U.S. App. LEXIS 17537, *9 (Fed. Cir. 2007) ............................................................. 5, 6

*Exigent Tech., Inc. v. Atrana Solutions, Inc.*,
   442 F.3d 1301, 1310 (Fed. Cir. 2006) .................................................................................... 9

*Gualandi v. Adams*,
   385 F.3d 236, 244-45 (2d Cir. 2004) ...................................................................................... 9

*IPXL Holdings, L.L.C. v. Amazon.Com, Inc.*,
   30 F.3d 1377, 1384 (Fed. Cir. 2007) .................................................................................. 6, 7

*Ling-Temco-Vought, Inc. v. Kollsman Instrument Corp.*,
   372 F.2d 263, 270 (2d Cir. 1967) ............................................................................................ 8

*McCormick v. Fund Am. Cos.*,
   26 F.3d 869, 885 (9th Cir. 1994) ............................................................................................. 9

*NTP v. Research in Motion, Ltd.*,
   418 F.3d 1282, 1318 (Fed. Cir. 2005) .................................................................................... 5

*Shaheen v. Naughton*,
   222 Fed. Appx. 11 (2d Cir. 2007) ........................................................................................... 9

*View Engineering, Inc. v. Robotic Vision System, Inc.*,
   208 F.3d 981, 986-87 (Fed. Cir. 2000) .............................................................................. 8, 10

## STATUTES

35 U.S.C. §271(a) ............................................................................................................................. 4

I.  **INTRODUCTION**

Debt Resolve does not, and cannot, presented any evidence that Apollo's IDS software, **as sold and used,** infringes any of claims of the '551 or '741 Patents. In spite of Debt Resolve's argument that it has not been provided discovery, Debt Resolve has been provided with actual screen shots showing exactly how Apollo's software works. Importantly, Debt Resolve does not contend that that system infringes any claims of the '551 or '741 Patents. Rather, Debt Resolve opposes Apollo's motion by arguing that Apollo's software may have the "capacity" to infringe certain claims of Debt Resolve's patents. Thus, this case is not about what Apollo's software actually does, but whether hypothetically it has the "capacity" to do something else. Debt Resolve has no evidence that Apollo's software has the capacity to infringe; rather, Debt Resolve argues that it needs discovery to see if any such capacity exists. However, as a matter of law, a mere capacity to infringe does not constitute infringement of Debt Resolve's asserted claims and such discovery would therefore be futile. Summary judgment is appropriate.

II. **REPLY**

    A.    **Debt Resolve Does Not Even Contend That Apollo Software Program As Actually Sold And Used Infringes Any Of The '551 Or '741 Patents' Claims**

Though Debt Resolve attempts to obfuscate the issue, nowhere in Debt Resolve's opposition does it present any evidence or argument that Apollo's software program as actually used and sold infringes any claim of either the '551 or '741 Patents.[1] Debt Resolve argues at some length that not all of the '551 or '741 Patents' claims are method claims. (See, e.g., Opp.

---

[1] For example, Debt Resolve provides a Declaration from its President, Richard Rosa, to offer his opinion that, it is highly desirable for debtors to be allowed to make counter-offers. Rosa Decl, ¶12. Thus, based on this desirability and his review of Apollo's website (but not Apollo's screenshots) Mr. Rosa concludes that Apollo's system must have this feature. This Declaration, however, is nothing more than a self-serving statement based only on speculation and opinion, not evidence and should be given no weight.

DOCSOC/1241867v4/100604-0001


p. 4-5.) However, Debt Resolve overlooks the fact that each of the claims it specifically alleged in its Complaint that Apollo's software program allegedly infringed (Claims 1, 2, 3, 6 and 27 of the '551 Patent and Claims 42 and 51 of the '741 Patent) are method claims. (See, Trusso Exh. 2, p. 3 ¶ 9; compare to Trusso Exh. 1, Cols. 19-21 and Exh. 4, Cols. 38-39.) Debt Resolve has, for the first time, added allegations that Apollo's software infringes Claim 131 of the '551 Patent which it contends is not a method claim. For the reasons set forth below Claims 131 is a method claim.[2]

Debt Resolve also makes the point (several times) in its opposition that not all of its claims require "confidentiality." However, that was not the sole basis for Apollo's motion. (See, Opening Bf. pp. 14-19.)

Resolve specifically alleged in its Complaint are infringed by Apollo's software program, require

(See, Trusso Exh. 2, p. 3 ¶ 9; compare to Trusso Exh. 1, Cols. 19-21.) Indeed, as set forth below, 198 claims out of the total 280 claims of the '551 and '741 Patents have that limitation and therefore cannot be infringed.

Apollo specifically moved for summary judgment on the additional grounds that its software program

---

[2]   We note that Debt Resolve's Complaint included the phrase "including but not limited to," which apparently Debt Resolve would stretch to its limits by arguing that it opens the door to every one of the 280 claims in the '551 and '741 Patents. Such a contention would raise serious questions regarding Debt Resolve's compliance with its Rule 11 pre-suit investigation obligations particularly in view of the fact that Debt Resolve cannot even support its claim that Apollo has infringed certain specific claims alleged in the Complaint.

2

For all its length, Debt Resolve's Opposition is tellingly silent on the issue of whether Apollo's software program as it has been sold and used infringes any claims of the '551 or '741 Patents. The screenshots provided to Debt Resolve's attorneys show exactly how the system as sold is used. Trusso Decl, Exhs. 7, 8 and 9. As set forth in Apollo's opening brief, Apollo's software program as sold and used:

(1)




(2)

---

3

(3)




(4)











Debt Resolve's opposition does not make any attempt to show how Apollo's software as sold and used (or even the version that has not been sold) infringes any of the claims of the '551 or '741 Patents.[4]  Summary judgment of non-infringement regarding the program shown in Apollo's screen shots is clearly appropriate.

---

[4] Debt Resolve also seemingly tries to argue that Apollo's published patent application could infringe or establish infringement of the Patents-in-Suit. Of course, this is not the law. 35 U.S.C. §271(a); *see also Accuscan, Inc. v. Xerox Corp.*, 1998 U.S. Dist. LEXIS 1558, *18 (S.D.N.Y. 1998) ("Patents do not infringe patents, however, only products and methods do... .").

4

### B. Debt Resolve Is Left To Arguing That Hypothetically There Might Be Infringement If Apollo's Program Is Capable Of Being Used In Another Manner

As Debt Resolve cannot establish that Apollo's program as actually sold and used infringes any claim of the '551 or '741 Patents, Debt Resolve is left to arguing that Apollo's program may or may not infringe (depending on what it might discovery might show) some claims if it has the "capacity" to be used differently. Debt Resolve's "capacity" to infringe argument is a red herring. Apollo already presented clear case authority that provides that mere "capacity" to infringe cannot infringe a method claim. *NTP v. Research in Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005) ("[T]he use of a [claimed] process necessarily involves doing or performing each of the steps cited."); *Cybersettle, Inc. v. National Arbitration Forum, Inc.*, 2007 U.S. App. LEXIS 17537, *9 (Fed. Cir. 2007). Debt Resolve does not, and cannot, dispute this well settled question of law.

The law relating to method claims being clear, Debt Resolve argues that Apollo's software may nevertheless infringe Claim 131 of its '551 Patent because Claim 131 is an apparatus claim which can be infringed by a "capacity" to infringe. Essentially Debt Resolve attempts to avoid the rule against capacity of infringing a method claim by arguing that Claim 131 is an apparatus claim.[5] However, an examination of Claim 131 reveals that it contains method limitations that must be performed for there to be any infringement. Claim 131 reads:

> A dispute resolution application stored on at least one computer accessible storage medium for execution by a processor comprising:
>
> a plurality of modules which, when executed by the processor:

---

Thus, Debt Resolve's cherry-picking from the numerous embodiments disclosed in that application cannot serve to establish the facts of Apollo's present system.

[5]   Though Debt Resolve argues it has "system" claims it cites case law relating to apparatus claims and therefore contends that its system claims are apparatus claims. (See, Opp. at fn. 26.)

5

DOCSOC/1241867v4/100604-0001

> **accepts and compares** paired monetary values submitted by two entities adverse to each other with respect to a claim,
>
> **discards** the paired monetary values which differ from each other by more than a specified range,
>
> **calculates** a settlement amount to be paid by one entity to another entity if a pair of the monetary values differ from each other within the specified range based upon the pair and then discards the pair, and
>
> **provides** the settlement amount for delivery to the two entities.

(Trusso Exh. 1, Claim 131, Col. 29:52-67, emphasis added.) Claim 1 clearly contains a method or steps consisting of "accepting and comparing" "discarding" "calculating" and "providing" and is therefore a method claim. Indeed, the only structural limitation in the claim is the processor.

Method claims require certain steps or functions be performed in order for there to be infringement. It is because the steps or functions must be performed that the Courts have held that a mere "capability of infringement is not enough" to infringe a method claim. *Cybersettle*, 2007 U.S. App. LEXIS 17537 at *9. ("A patented method is a series of steps, each of which must be performed or infringement to occur. It is not enough that a claimed step be capable of being performed."). Since Claim 131 includes specific steps or functions to be performed a mere capability of infringement is not enough to establish infringement as a matter of law.[6]

Claim 131 must be construed as a method claim otherwise it would be invalid. *IPXL Holdings, L.L.C. v. Amazon.Com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2007). The patent in *IPXL* contained a computer system comprised of a central controller, communications network, terminal device, a processor, a display, an input mechanism, etc. *Id.* p. 1379. Claim 25 which

---

[6] If the Court were to hold that none of the steps or functions specifically claimed in Claim 131 must be performed for there to be an infringement, the Court would essentially be improperly reading those limitations out of the Claim 131. In that event Claim 131 would be left to the only structural element, a processor, and would be invalid as such processors existed long before the filing date of the '551 Patent.

6

depended from Claim 2, claimed a method for using the system "the user uses the input means to either change the predicted transaction information or accept the displayed transaction..." *Id.* at 1384. The Federal Circuit found that Claim 25 improperly recited both the system of Claim 2 and the method of Claim 25 and was therefore invalid for being indefinite. The Federal Circuit reasoned:

> [A]s a result of the combination of two separate statutory classes of invention [system and method], a manufacturer or seller of the claimed apparatus would not know from the claim whether it might also be liable for contributory infringement because a buyer or user of the apparatus later performs the claimed method of using the apparatus.

*Id.* Reading Claim 131 as an apparatus claim give rise to the same problem mentioned by the Federal Circuit in *IPXL*. A manufacture would not be able to determine if making a something with a capacity to infringe would constitute infringement or whether actual use of the claimed steps constitutes infringement.

It is also worthy to note the language in Claim 25 in *IPXL* that "the user uses the input means to...," which the Federal Circuit specifically recognized as method claim language. *Id.* at p.1383-84. Debt Resolve's Claim 131 contains very similar language "when executed by the processor accepts and compares...discards..." Thus, Claim 131 is a method claim and cannot be infringe by the mere "capacity" to infringe.

### C.  Debt Resolve's Request For Further Discovery Should Be Denied

As Debt Resolve does cannot show that Apollo's software as sold and used infringes any claim of the '551 and '741 Patent, Debt Resolve's request for additional discovery depends on the Court accepting that a "capacity" to infringe is sufficient to establish infringement and that Claim 131 is not a method claim. As Claim 131 is a method claim, however, Debt Resolve's capacity to infringe argument fails and with it Debt Resolve's request for further discovery.

Further, Debt Resolve does not have any evidence that Apollo's software actually has the "capacity" to infringe. Rather, Debt Resolve essentially argues Apollo's advertising a patent application suggests that there may be such a capacity and therefore Debt Resolve should be permitted to take discovery to see if there is, in fact, any such capacity exists.[7]

Thus, Debt Resolve strings together cropped quotes from Apollo's website, advertising and patent application in order to show that there may be a capacity to infringe rather than actual infringement.[8] The law is clear, however that neither advertising nor a patent disclosure constitute patent infringement. *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986-87 (Fed. Cir. 2000); *Ling-Temco-Vought, Inc. v. Kollsman Instrument Corp.*, 372 F.2d 263, 270 (2d Cir. 1967) ("the mere advertising of a patented device is not itself an infringement"). Further, Debt Resolve does not show how the partially quoted statements meet each and every claim limitation of any particular claim, which is necessary to establish infringement.[9]

---

[7] For example, Debt Resolve argues at p. 19-20 of its Opposition that there could be infringement in the future because "Apollo purportedly continues to add clients and only discovery will show whether these clients (or previous customers) have since implemented the module allowing the debtors to make counteroffers." This argument, however, is nothing more than an argument in favor of perpetual discovery and frivolous on its face. A plaintiff does not have a right to bring a present action because some hypothetical, future act could amount to infringement. Future sales of future products to future customers are the stuff of future cases.

[8] An examination of the partial quotes show that they do not describe a system that meets all the claim limitations.

Mr. Imrey specifically explained how the system described in Apollo's ads and patent application did not describe Debt Resolves claimed methods. Trusso Decl, Exh. 6 (Imrey depo.) p. 56:1-19, pp. 59:2-62:7, pp. 68:9-69:24, pp. 81:20-82:3, pp. 98:17-100:4, pp. 122:3-13 and 124:20-125:1; Exh. 8 and Exh. 9. Though Debt Resolve characterizes Mr. Imrey's testimony as litigation motivated, certainly, Debt Resolve's interpretations are litigation motivated.

[9] Amazingly, Debt Resolve submits a claim chart for Claim 131 of its '551 Patent referencing repeating the claim language in both columns and adding cropped quotes from Apollo's advertisements and patent application and no any evidence regarding the product itself. Further,

8

To avoid summary judgment under Rule 56(f), a party must submit affidavits to the court (1) showing the specific facts they intend to discover, (2) explaining how these facts will raise a genuine issue of material fact and (3) what efforts the movant made to obtain these essential facts and why these efforts were unsuccessful. *Gualandi v. Adams*, 385 F.3d 236, 244-45 (2d Cir. 2004); *see also Shaheen v. Naughton*, 222 Fed. Appx. 11 (2d Cir. 2007). Debt Resolve claims that it needs discovery of Apollo's "source code, program specifications, internal and customer communications, etc." to test the "bare assertions" of Mr. Imrey. However, Debt Resolve has been given more than a bare assertion. Debt Resolve has been give screen shots showing how the product actually works. Mere speculation as to what Debt Resolve hopes to find is not enough to avoid summary judgment. *Shaheen v. Naughton*, 222 Fed. Appx. 11 (2d Cir. 2007) (affirming the district court's dismissal of the case without additional discovery under Rule 56(f)).

Further, Debt Resolve has not established that any additional fact would defeat summary judgment. *Gualandi v. Adams*, 385 F.3d 236, 244-45 (2d Cir. 2004) (finding that the moving party "failed to show how the information they hoped to obtain from this discovery would bear on [a] critical issue"); *Exigent Tech., Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1310 (Fed. Cir. 2006) ("A Rule 56(f) motion must demonstrate, with particularity, what facts the movant hopes to obtain by discovery and how these facts will raise a genuine issue of fact."). In this case discovery into whether Apollo's program has the "capacity" to infringe would not establish infringement as a matter of law. *See McCormick v. Fund Am. Cos.*, 26 F.3d 869, 885 (9th Cir. 1994) (concluding that additional discovery "would have made no difference on summary

---

an examination of the claim chart shows that the cropped quotes (where present) when added up do not meet all the limitations of Claim 131 which is necessary for infringement.

9

judgment, because the allegedly omitted material would not have altered the total mix of information available.")

As mentioned above, reliance on advertising is not sufficient even to meet a party's pre-suit Rule 11 obligations. *View Eng'g, Inc., supra,* 208 F.3d at 986-87. If advertising is insufficient to support the filing of a complaint, it certainly is insufficient to support the continued prosecution of a lawsuit after the improper filing of the complaint. The facts are even more compelling in this case where the patentee has been provided with discovery regarding exactly how the accused product works and the patentee cannot even raise an issue of fact regarding infringement.

## III.  CONCLUSION

For the foregoing reasons, Apollo respectfully requests that this Court grant its Motion for Summary Judgment of Patent No-Infringement.

Dated: September 21, 2007
Newport Beach, California

_____
Jay P. Weir (admitted *pro hac vice*)
Steven M. Hanle (admitted *pro hac vice*)
Jennifer A. Trusso (admitted *pro hac vice*)
Douglas Q. Hahn (DH 3032)
Stradling Yocca Carlson & Rauth
660 Newport Center Dr., Suite 1600
Newport Center, CA 92660
Tel: (949) 725-4000

and

Thomas A. Egan (TE 0141)
Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York 10006
Tel: (212) 412-9507

Attorneys for Defendant
Apollo Enterprise Solutions, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                      ) ss
COUNTY OF ORANGE      )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. On September 21, 2007, I served the within documents:

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF PATENT NON-INFRINGEMENT**

☐ I sent such document from facsimile machine on September 21, 2007. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the party(ies) listed below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at , addressed as set forth below.

☒ By email in PDF format.

☒ by placing the document(s) listed above in a sealed FEDERAL EXPRESS package for overnight delivery at Newport Beach, California addressed as set forth below.

Daniel A. Ladow, Esq.
DREIER LLP
499 Park Avenue
New York, NY  10022

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on September 21, 2007, at , California.

Douglas Q. Hahn