UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBT RESOLVE, INC.,

                Plaintiff,

-v-

APOLLO ENTERPRISE SOLUTIONS, LLC,

                Defendant.

07-cv-4531(JSR)

**ECF Designated Case**

**CIVIL CASE MANAGEMENT PLAN**

---

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

IT IS HEREBY ORDERED THAT:

A.    The case **is not** to be tried to a jury.

B.    Joinder of additional parties must be accomplished by November 1, 2007.

C.    Amended pleadings may be filed without leave of Court until November 1, 2007.

D.    The parties shall make the initial Rule 26(a)(1) disclosures by October 12, 2007.

E.    Discovery (in addition to the disclosures required by Fed.R.Civ.P. 26(a)(1)):

    1.    Pending the entry of a Protective Order in this case, the parties shall provide discovery to one another on an attorney-eyes-only basis. Plaintiff will propose a Protective Order to Defendant by October 12, 2007.

    2.    <u>Documents</u>. The first request for the production of documents, if any, must be served by October 12, 2007. Responses and responsive documents must be produced by October 26, 2007. For any subsequent document requests, responses and responsive documents must be produced within 15 calendar days of service of the request. The parties will exchange source code on October 26, 2007. No document request may be served later than 15 days prior to the close of discovery as set forth in item 7 below.

1

3. <u>Interrogatories</u>. Interrogatories pursuant to Rule 33.3(a) of the Local Rules of the Southern District of New York must be served by October 12, 2007. Responses to interrogatories must be produced by October 26, 2007. No other interrogatories other than those permitted under Rule 33.3(a) will be allowed except upon prior express permission of Judge Rakoff. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed.R.Civ.P. 26(a).

4. <u>Experts</u>. Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim), i.e., the party who has the burden of proof on an issue, that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed.R.Civ.P. 26(a)(2), i.e., serve its affirmative expert report(s), if any, by November 16, 2007. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed.R.Civ.P. 26(a)(2), i.e., serve its rebuttal expert report(s), if any, by December 7, 2007. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 5 days after the date specified in the immediately proceeding sentence. All experts may be deposed, but such depositions must occur by December 31, 2007.

5. <u>Depositions</u>. All depositions must be completed by December 31, 2007. Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed.R.Civ.P. 26(a)(1). Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond three and one-half hours in length in the absence of mutual agreement by the parties or without prior leave of the Court.

6. <u>Requests to Admit</u>. Requests to admit, if any, must be served by no later than November 30, 2007. Each party shall serve no more than forty (40) Requests to Admit, including subparts.

7. Discovery on all issues is to be completed by December 31, 2007. Interim deadlines for items 1-6 above may be extended or altered by the parties on consent without application to the Court, provided the parties are certain they can still meet the discovery completion date set forth in this paragraph, which shall

          not be adjourned except upon a showing to the Court of extraordinary circumstances.

F.     A *Markman* Hearing will be held in a manner and at a time to be determined by the Court. A briefing schedule for the *Markman* Hearing will be determined after the close of discovery.

G.     Post-discovery summary judgment motion practice, including, but not limited to, Defendant's renewed Motion for Summary Judgment of Patent Non-Infringement and any summary judgment motion made by Plaintiff, will be scheduled by the Court following the close of discovery and a ruling on the *Markman* Hearing.

H.     A final pre-trial conference, as well as oral argument on any post-discovery summary judgment motions, shall be held on _____ [date to be inserted by the Court], at which time the Court shall set a firm trial date. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Rules of Practice.

I.     All motions and applications shall be governed by Judge Rakoff's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individuals Rules, as well as the Local Rules for the United States District Court for the Southern District of New York.

SO ORDERED.

Dated: _____          _____

                                                               Jed S. Rakoff, U.S.D.J.

| | |
|---|---|
| Consented to:<br><br>By: _____<br>Daniel A. Ladow<br>Albert L. Jacobs, Jr.<br>Michael P. Bauer<br>DREIER LLP<br>499 Park Avenue<br>New York, New York 10022<br>(212) 328-6100<br>*Attorneys for Plaintiff*<br>*Debt Resolve, Inc.* | By: _____<br>Thomas A. Egan (TE 0141)<br>Flemming Zulack Williamson<br>Zauderer LLP<br>One Liberty Plaza<br>New York, New York 10006<br>(212) 412-9507<br><br>Jan P. Weir (admitted *pro hac vice*)<br>Steven M. Hanle (admitted *pro hac vice*)<br>Jennifer A. Trusso (admitted *pro hac vice*)<br>Douglas Q. Hahn (DH 3032)<br>Stradling Yocca Carlson & Rauth<br>660 Newport Center Dr., Suite 1600<br>Newport Center, CA 92660<br>(949) 725-4000<br>*Attorneys for Defendant*<br>*Apollo Enterprise Solutions, LLC* |